**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Papaya Gaming Ltd., *et al.*,[1] | Case No. 26-11217 |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**MOTION FOR ORDER (A) SCHEDULING
HEARING ON RECOGNITION OF CHAPTER 15 PETITION AND
(B) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Oriel Bachar, solely in his capacity as duly authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (the "Debtors"), in the proceeding (the "Israeli Proceeding") currently pending before the District Court of Tel Aviv, Israel (the "Israeli Court"), initiated under the Insolvency and Financial Rehabilitation Law, 5778-2018 (as amended and modified, the "Israeli Insolvency Law") and Insolvency and Economic Rehabilitation Regulations, 5779-2019 (the "Israeli Regulations"), has commenced the above-captioned Chapter 15 cases (the "Chapter 15 Cases") and respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

(a) Approving the proposed notice, annexed to the Proposed Order as **Exhibit 1** (the "Recognition Hearing Notice"), and the condensed form of the Recognition Hearing Notice (without exhibits) (the "Publication Notice") annexed to the Proposed Order as **Exhibit 2**, which collectively provide parties in interest notice of, among other things, the following:

   (i) The Foreign Representative's filing of petitions for recognition under Chapter 15 (the "Chapter 15 Petitions") of Title 11 of the United States Code (the "Bankruptcy Code") and related pleadings, including the *Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding* (the "Verified Petition");

---

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

(ii)     The Court's entry of a provisional relief order (the "Provisional Relief Order") granting the *Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code*;

(iii)    The deadline to object to final recognition of the Israeli Proceeding and the Court's entry of an order (the "Final Order") granting the relief sought in the Verified Petition (including an extension of the relief provided in the Provisional Relief Order) on a final basis (the "Recognition Objection Deadline"); and

(iv)     The date, time, and location of the Recognition Hearing (defined below);

(b) Approving the manner of service on the Core Notice Parties (as defined below) of the Recognition Hearing Notice and any pleadings that the Foreign Representative files in these Chapter 15 Cases in accordance with Bankruptcy Code Sections 105(a), 1514, and 1515, Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

(c) Scheduling a hearing (the "Recognition Hearing") to consider recognition of the Israeli Proceeding as a foreign main proceeding or, alternatively, as a foreign nonmain proceeding under Chapter 15 of the Bankruptcy Code, as requested in the Verified Petition; and

(d) Scheduling the deadline to object to the Chapter 15 Petitions and the relief requested in the Verified Petition (the "Recognition Objection Deadline").

In support of the Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      Recognition of the foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3.      The Foreign Representative, in his capacity as the duly authorized foreign representative, has properly commenced these Chapter 15 Cases pursuant to Bankruptcy Code sections 1504, 1509, and 1515, and Bankruptcy Rules 2002 and 9007.

4.      The Foreign representative consents to the entry of final orders or judgments by the

2

Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Venue in this jurisdiction is proper under 28 U.S.C. § 1410.

### BACKGROUND

6.      On July 30, 2026, the Debtors commenced the Israeli Proceeding under Part J of the Israeli Insolvency Law to approve the Debt Arrangement and grant related relief. Among other things, the Debtors filed with the Israeli Court: (a) a motion to convene creditors' meetings for the purpose of approving the Debt Arrangement together with a copy of the Debt Arrangement and related appendices; (b) a motion for a temporary stay of proceedings for the purpose of convening creditors' meetings and approving the Debt Arrangement, initially, on an *ex parte* basis, and subsequently, on a 45-day basis subject to further extension upon additional application; (c) a motion for an order affirming the appointment of the Foreign Representative; and (d) affidavits in support of each of the foregoing. The Israeli Proceeding has been assigned Case Number 87154-07-26.

7.      Earlier today (the "Petition Date"), the Foreign Representative filed the Chapter 15 Petitions and Verified Petition seeking recognition of the Israeli Proceeding.

8.      Additional information about the Debtors' business and operations, the events leading up to the filing of these Chapter 15 Petitions and the facts and circumstances surrounding the Israeli Proceeding and these Chapter 15 Cases can be found in the *Declaration of Oriel Bachar in Support of the (I) Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding and (II) Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 5] (the "Foreign Rep.

Declaration").[2]

## RELIEF REQUESTED

9.      The Foreign Representative seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) approving the Recognition Hearing Notice and Publication Notice; (b) approving the manner of notice for the Recognition Hearing; (c) scheduling the Recognition Hearing; and (d) approving the Recognition Objection Deadline.

### A.  Recognition Hearing Notice and Publication Notice

10.      Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Hearing Notice by electronic mail to the extent email addresses are available, and otherwise by United States mail or Israeli mail, first class postage prepaid, within two (2) business days following entry of the Proposed Order and the Provisional Relief Order, or as soon thereafter as is reasonably practicable, on: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors; (c) all creditors of the Debtors with known claims subject to the Debt Arrangement; (d) all parties to litigation pending in the United States in which either Debtor is a party at the time of the filing of the Chapter 15 Petitions; (e) all parties against whom provisional relief is being sought under Section 1519 of the Bankruptcy Code; (f) the Office of the United States Trustee; (g) all parties that have requested notice of these proceedings pursuant to Bankruptcy Rule 2002; and (h) any other parties whose rights are affected by the Provisional Relief Order and/or Recognition (the "Core Notice Parties").

11.      In the event any party files a notice of appearance in these Chapter 15 Cases subsequent to the Foreign Representative's initial service of the Recognition Hearing Notice, but prior to the Recognition Hearing, the Foreign Representative will serve, or cause to be served, the

---

[2] Capitalized terms not defined herein are afforded the meaning ascribed to them in the Foreign Rep. Declaration.

Recognition Hearing Notice on such party within three (3) business days of the filing of such notice of appearance to the extent the Foreign Representative has not already done so.

12.    The Recognition Hearing Notice will: (a) notify the Core Notice Parties of the filing of the Chapter 15 Petitions and certain related pleadings in the Chapter 15 Cases, including the Provisional Relief Order, Verified Petition, proposed Recognition Order, and certain orders entered in the Israeli Proceeding (collectively, the "Chapter 15 Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify the Core Notice Parties that copies of the Chapter 15 Documents are available and may be (i) examined by contacting the Foreign Representative's U.S. counsel, or (ii) downloaded for a fee from the Court's electronic docket at www.deb.uscourts.gov; (d) provide a telephone number, address, and email address by which the Core Notice Parties may obtain documents filed in these Chapter 15 Cases, including the Chapter 15 Documents; and (e) notify parties that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the Chapter 15 Cases.

13.    The Publication Notice will be published in the national editions of the Wall Street Journal and USA Today.

14.    Accordingly, the Foreign Representative respectfully requests that this Court approve the foregoing manner of service of the Chapter 15 Documents and publication of the Publication Notice pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007.

**B.  <u>Objections to Chapter 15 Petitions and Verified Petition</u>.**

15.    The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petitions, recognition of the Israeli Proceeding as a foreign main proceeding, or to any of the other relief requested in the Verified Petition, (i) be in writing; (ii) detail the factual and legal basis for the response or objection; (iii) comply with the Bankruptcy

Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and (iv) be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Office of the Clerk of Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (v) be served upon (a) counsel for the Foreign Representative, Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Stanley B. Tarr, Esq., stanley.tarr@blankrome.com) and 1271 Avenue of the Americas, New York, NY 10020 (Attn: Evan J. Zucker, Esq., evan.zucker@blankrome.com) and Cooley LLP, 55 Hudson Yards, New York, NY 10001-2157 (Attn: Michael Klein, Esq., mklein@cooley.com) and 1299 Pennsylvania Ave NW, Suite 700, Washington, DC 20004-2400 (Attn: Olya Antle, Esq., oantle@cooley.com) and (b) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph J. McMahon, Jr., joseph.mcmahon@usdoj.gov), so as to be received on or before the date that is seven (7) calendar days prior to the Recognition Hearing.

## C. Recognition Hearing.

16.     The Foreign Representative requests that the Recognition Hearing be scheduled on or about September 3, 2026, or as soon thereafter as is convenient for the Court.

## BASIS FOR REQUESTED RELIEF

### I. THE PROPOSED NOTICE PROCEDURES AND HEARING DATE ARE ADEQUATE AND ARE PERMITTED BY BANKRUPTCY RULES.

17.     Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time." Bankruptcy Rule 2002(q)(1) further provides that:

> After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the

> debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing.  The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and shall include the petition and any other document the court may require.

Fed. R. Bankr. P. 2002(q)(1).

18.     Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given.  Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.[3] Finally, Bankruptcy Rule 1012(b) provides that a party responding to a petition has until "no later than seven days before the date set for the hearing on the petition, unless the court prescribes some other time," to file an objection or a response. *See* Fed. R. Bankr. P. 1012(b).

19.     The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q) and Local Bankruptcy Rule 2002-1. The proposed list of Core Notice Parties is comprised of all the parties required to be served under Bankruptcy Rule 2002(q) (and additional parties not required to be served by that rule), and the Foreign Representative intends to give such parties at least 30 days' notice of the Recognition Hearing. Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the Israeli Proceeding as a foreign main proceeding (or, in the alternative, as a foreign nonmain proceeding) and states that the Court may order the scheduling of a case

---

[3] Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). *See* Fed. R. Bankr. P. 2002(m) and 9007.

management conference to consider the efficient administration of the Chapter 15 Cases.

20.     In accordance with section 1514 of the Bankruptcy Code, Bankruptcy Rule 2002(q), and Local Rule 2002-1(b), the Foreign Representative proposes to serve the Recognition Hearing Notice along with the Chapter 15 Documents by electronic mail to the extent email addresses are available, and otherwise by United States mail or Israeli mail, first class postage prepaid, within two (2) business days following entry of the Proposed Order and the Provisional Relief Order, or as soon thereafter as is reasonably practicable, upon the Core Notice Parties. In addition, the Foreign Representative proposes to publish the Publication Notice in the national editions of the Wall Street Journal and USA Today. The Foreign Representative respectfully requests that the Bankruptcy Court declare such service and publication sufficient, and no further notice be required.

21.     The Foreign Representative respectfully submits that if any entity files a notice of appearance in the Chapter 15 Cases after the initial service of the Recognition Hearing Notice, the Foreign Representative will serve, or cause to be served, the Chapter 15 Documents and any subsequent, relevant notices upon such entity no later than three (3) days after the filing of such notice of appearance, if such documents have not been already served on such entity (or his counsel).

22.     The Foreign Representative respectfully requests that any subsequent notice, motion, or other pleading in the Chapter 15 Cases be served on counsel to the Foreign Representative, the Core Notice Parties, and any other entity that files a notice of appearance in the Chapter 15 Cases, in accordance with Bankruptcy Rules 2002(m), 2002(q) and 9007 and Local Rule 2002-1, or as otherwise required by the Bankruptcy Code and the Bankruptcy Rules.

23.     Thus, the form of Recognition Hearing Notice and the manner and timing of service

comply with Bankruptcy Rule 2002(q), are appropriate in these Chapter 15 Cases, and should be approved. Courts in this district and other jurisdictions frequently grant relief similar to that which is requested herein, including limiting notice of all documents filed in chapter 15 cases. *See, e.g., In re Montoux Limited (In Liquidation)*, Case No. 25-10043 (MFW), Docket No. 23 (Bankr. D. Del. Jan. 16, 2025); *In re Rokstad Holdings Corp.*, Case No. 24-12645 (MFW), Docket No. 29 (Bankr. D. Del. Nov. 22, 2024); *see also In re Asbestos Corp. Ltd.*, Case No. 25-10934 (MG), Docket No. 10 (Bankr. S.D.N.Y. May 7, 2025); *In re Odebrecht Engenharia e Construção S.A.*, Case No. 25-10482 (MG), Docket No. 9 (Bankr. S.D.N.Y. Mar. 18, 2025).

## II.   THE REQUIREMENTS UNDER BANKRUPTCY CODE SECTION 1514(C) DO NOT APPLY OR ALTERNATIVELY SHOULD BE WAIVED.

24.   The Foreign Representative respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code.  Section 1514(c) states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." *See* 11 U.S.C. § 1514(c).  The Foreign Representative respectfully requests that such requirements be waived in this matter because the Foreign Representative does not intend to conduct a claims resolution process in these Chapter 15 Cases. The applicable claims resolution process is being established in the Israeli Proceeding, and notice of all relevant claims bar dates and related filing requirements as required under Israeli law will be provided as part of the Israeli Proceeding.

25.   It is not clear, however, that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code. According to Collier on Bankruptcy, section 1514 of the Bankruptcy Code is the "last in a series of sections

dealing with the international aspects of cases under chapters other than chapter 15."[4] Indeed, the requirements for notification set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule 2002(q), which clearly applies to a case under chapter 15 and with which the Foreign Representative shall comply.

26.     Moreover, section 1514(c) applies only when a "notice of commencement" is issued. Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of an order for relief. But there is no "order for relief" in a chapter 15 case, nor is there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code. Furthermore, section 342 does not apply in chapter 15 cases.[5] Courts in this district have granted requests for similar relief under 11 U.S.C. § 1514(c) in other Chapter 15 cases.  *See, e.g.*, *In re Yatsen Group*, 21-10073 (BLS) (Bankr. D. Del. Jan. 27, 2021) [D.I. 22] (order stating that all notice requirements specified in Bankruptcy Code Section 1514(c) are hereby waived or otherwise deemed inapplicable to the Chapter 15 cases); *In re Groupe Dynamite*, 20-12085 (JTD) (Bankr. D. Del. Sept. 9, 2020) [D.I. 24] (same); *In re Cirque de Soleil (CDS US Holdings)*, 20-11719 (JKS) (Bankr. D. Del. Jul. 2, 2020) [D.I. 38] (same); *In re David's Tea*, 20-11802 (JTD), (Bankr. D. Del. Jul. 9, 2020) [D.I. 20] (same); *In re JustFly Corp.*, No. 20-11204 (JTD) (Bankr. D. Del. May 22, 2020) [D.I. 12] (same); *In re Motorcycle Tires & Accessories LLC*, No. 19-12706 (KBO) (Bankr. D. Del. Dec. 19, 2019) [D.I. 19] (same); *In re Synreon Automotive (UK) Ltd.*, No. 1911702 (BLS) (Bankr. D. Del. Jul. 30, 2019) [D.I. 7] (same); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. Jun. 18, 2019) [D.I. 9] (same); *In re Unique Broadband Systems Ltd.*, No. 19-11321 (BLS) (Bankr. D. Del. Jun. 10, 2019) [D.I. 11] (same); *In re SEL Manufacturing Co., Ltd.*,

---

[4] COLLIER ON BANKRUPTCY ¶ 1514.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).
[5] *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15").

19-10988 (MFW) (Bankr. D. Del. May 6, 2019) [D.I. 16] (same).

27.     For these reasons, the Foreign Representative does not believe that the requirements set forth in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

## NOTICE

28.     The Foreign Representative has provided notice of this Motion consistent with Rule 9013-1(m) of the Local Rules. The Foreign Representative respectfully submits that, in light of the nature of the relief requested, no other or further notice of the Motion is necessary.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made by the Foreign Representative to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Bankruptcy Court grant this Motion and enter the Proposed Order, (a) scheduling the Recognition Hearing, (b) scheduling the Recognition Objection Deadline, (c) approving the form and manner of service of the Recognition Hearing Notice and publication of the Publication Notice, (d) waiving the requirements of Bankruptcy Code Section 1514(c), and (e) granting such other and further relief as is appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

11

Dated: August 2, 2026
      Wilmington Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Jennifer K. Malow (DE No. 7424)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464
Stanley.Tarr@BlankRome.com
Jennifer.Malow@BlankRome.com

-and-

Evan J. Zucker (*pro hac vice* pending)
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 885-5000
Facsimile:    (917) 591-2726
Evan.Zucker@BlankRome.com

-and-

**COOLEY LLP**
Michael Klein (*pro hac vice* pending)
Ben Thomson (*pro hac vice* pending)
55 Hudson Yards
New York, NY 10001-2157
Telephone:    (212) 479-6000
Facsimile:    (212) 479-6275
mklein@cooley.com
bthomson@cooley.com

-and-

Olya Antle (*pro hac vice* pending)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899
oantle@cooley.com

*Counsel to the Foreign Representative*