**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Papaya Gaming Ltd., *et al.*,[1] | Case No. 26-11217 |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**ORDER GRANTING PROVISIONAL RELIEF
PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the *Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "Motion")[2] of Mr. Oriel Bachar, the foreign representative of the Debtors (the "Foreign Representative"), seeking entry of an order granting provisional relief (the "Order") under section 1519 of the Bankruptcy Code to protect the Debtors and their property within the territorial jurisdiction of the United States pending recognition of the Debtors' proceeding under the Insolvency and Financial Rehabilitation Law, 5778-2018 (as amended and modified, the "Israeli Insolvency Law") and Insolvency and Economic Rehabilitation Regulations, 5779-2019 (the "Israeli Regulations") pending before the District Court of Tel Aviv, Israel (the "Israeli Court"), Case No. 87154-07-26 (the "Israeli Proceeding" and the debt arrangement contemplated therein, the "Debt Arrangement"); and the Court having considered and reviewed all pleadings, exhibits, declarations and other documents filed in connection with, and in support of, the Motion submitted by the Foreign Representative (collectively, the "Supporting Documents"); this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

and 1334, and sections 105(a) and 362, 365, 1501, 1507, 1517, 1519, and 1521 of the Bankruptcy Code; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410; appropriate, sufficient, and timely notice of the Motion and the hearing thereon (the "Hearing") having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q) and Local Rule 9013-1(m); and such notice appearing to be adequate for all purposes such that no other or further notice thereof need be given; and this Court having reviewed and considered any objections or other responses; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT, BASED UPON THE RECORD BEFORE THE COURT**:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014, solely in connection with the Motion and for no other reason. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D.      The Foreign Representative submits that venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.      These Chapter 15 Cases were commenced pursuant to Sections 1504, 1509, and 1515 of the Bankruptcy Code.

F.      The Foreign Representative submits that the Petitions meet the requirements of Section 1515 of the Bankruptcy Code and Bankruptcy Rules 1004.2, 1007(a)(4) and 2002.

G.      There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Israeli Proceeding is a "foreign main proceeding" or, in the alternative, a "foreign nonmain proceeding," each as defined in section 1502 of the Bankruptcy Code.

H.      The Foreign Representative is the foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and has authority to administer the Debtors' assets and affairs in the United States.

I.      The Foreign Representative is entitled to the provisional relief granted herein pursuant to section 1519 of the Bankruptcy Code, including, without limitation, application of the automatic stay, pursuant to section 362 of the Bankruptcy Code.

J.      The relief granted hereby pursuant to sections 105(a), 362, 365, 1519 and 1521(a)(3), (4), and (7) of the Bankruptcy Code is necessary and appropriate to effectuate the purposes of chapter 15, to protect the Debtors and the interests of their creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

K.      Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, and (ii) meets the legal and factual requirements for issuing an injunction.

L.      Absent the relief granted herein, the Debtors may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the claims against them or their property, thereby interfering with and causing harm to, the Debtors, their creditors and other parties in interest in the Israeli Proceeding and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law, a result contrary to the purposes of chapter 15.

M.      The Foreign Representative and the Debtors' assets are entitled to the full protections and rights granted herein pursuant to section 1519(a)(1)–(3) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Provisional Relief requested by the Motion is granted as set forth herein.

2.      Beginning on the date of the entry of this Order and continuing until the date of entry of an order with respect to the Debtors' motion seeking recognition of the Israeli Proceeding as a "foreign main proceeding" or "foreign nonmain proceeding" as defined in section 1502 of the Bankruptcy Code, the Debtors are entitled to relief under section 1519, including that, among other things, that all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his authorized representatives and/or agents, are hereby enjoined from the actions stayed by section 362 of the Bankruptcy Code (as limited under the Bankruptcy Code, including the limitations described in sections 362, 1519(d), 1521(d) and (f) thereof), which actions include:

i.  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors, or any of their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors, or any of their assets or proceeds thereof;

ii.  the enforcement, against the Debtors, or any of their property, of any judgment obtained before the commencement of these Chapter 15 Cases;

iii. any act to obtain possession of, exercise control over, or create, perfect, or enforce any lien against, any property of the Debtors;

iv. any act to collect, assess, or recover a claim against the Debtors, or any of their property that arose before the commencement of these Chapter 15 Cases; and

v. the transfer, relinquishment, or disposal of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code);

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; provided further that nothing herein shall: (i) prevent any entity from filing any claims against the Debtors in the Israeli Proceeding, (ii) prevent any entity from seeking relief from the Israeli Court in the Israeli Proceeding or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in this Order, (iii) affect or modify the rights of Papaya Customers to engage in any activities on the Papaya Platform, including to fund, use and withdraw cash from their accounts on the Papaya Platform, (iv) affect or modify the rights of any entity in its capacity as an "Excluded Creditor" (as such term is defined in the Debt Arrangement), or (v) prevent  Skillz Platform Inc. or the Debtors from prosecuting or defending any appeal relating to Skillz Judgment, including any cross-appeal or motion for appellate relief, provided that such actions do not seek to attach, garnish, levy upon, or otherwise enforce against property of the Debtors within the territorial jurisdiction of the United States.

3. Section 362 of the Bankruptcy Code (as limited under the Bankruptcy Code, including the limitations described in sections 362, 1519(d) and 1521(d) and (f)) shall hereby apply, on a provisional basis, with respect to the Debtors and their property that is within the territorial jurisdiction of the United States.

4. Section 365(e) of the Bankruptcy Code shall hereby apply, on a provisional basis, with respect to these Chapter 15 Cases and the Debtors' executory contracts and unexpired leases.

All entities (as that term is defined in section 101(15) of the Bankruptcy Code), excepting the Foreign Representative and his authorized representatives and/or agents, are hereby enjoined from terminating or modifying an executory contract or unexpired lease where one or both of the Debtors is/are a counterparty solely because a provision in such contract or lease is conditioned upon the commencement of a case under the Bankruptcy Code, except as permitted under section 365(e)(2).

5.      The Foreign Representative shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

6.      Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in 11 U.S.C. §§ 362(b) and 1521(d).

7.      A copy of this Order shall be served, within three business days of entry of this Order, upon: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors; (c) all creditors of the Debtors with known claims subject to the Debt Arrangement; (d) all parties to litigation pending in the United States in which either Debtor is a party at the time of the filing of the Chapter 15 Petitions; (e) all parties against whom provisional relief is being sought under Section 1519 of the Bankruptcy Code; (f) the Office of the United States Trustee; (g) all parties that have requested notice of these proceedings pursuant to Bankruptcy Rule 2002; and (h) any other parties whose rights are affected by the Provisional Relief Order and/or Petition.

8.      Under Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

9.      Notwithstanding any applicable Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief, any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

12.     This Order is entered without prejudice to, and all rights, claims, defenses, objections, and remedies of all parties in interest are expressly reserved. Nothing in this Order constitutes a waiver of, or shall be construed to prejudice, any such right.

13.     The findings of fact and conclusions of law set forth in this Order are made solely for purposes of the provisional relief granted herein. Such findings shall not be binding upon any party at the recognition hearing or any subsequent proceeding, and shall not constitute the law of the case, collateral estoppel, res judicata, or judicial estoppel with respect to any issue that may arise at or after the recognition hearing. The Court's determination that the Foreign Representative has demonstrated a "substantial likelihood" of recognition shall not be construed as a finding that the Israeli Proceeding is entitled to recognition, and all parties reserve their rights to present evidence and argument on that issue at the recognition hearing.

**Dated: August 5th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**