**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PAPAYA GAMING LTD., *et al.*,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 26-11217 (MFW)<br><br>(Jointly Administered)<br><br>**Related D.I. 73, 78** |

**ORDER GRANTING, IN PART, SKILLZ PLATFORM INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESS FOR DEPOSITION**

Upon consideration of the (i) *Motion to Compel Production of Documents and Witness for Deposition* [D.I. 73] (the "**Motion**")[2] filed by Skillz Platform Inc. ("**Skillz**"), and the (ii) opposition to the Motion [D.I. 78] (the "**Opposition**") filed by Mr. Oriel Bachar, the foreign representative (the "**Foreign Representative**") of the Debtors Papaya Gaming Ltd. ("**Papaya Israel**") and Papaya Gaming Inc. ("**Papaya US**" and, together with Papaya Israel, "**Papaya**" or the "**Debtors**"); and the Court having held a hearing on the Motion on August 28, 2026 (the "**Hearing**"); and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**, for the reasons set forth on the record at the Hearing, the relief requested in the Motion is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. In accordance with the schedule set by the Court and agreed to by the parties in connection with the Recognition Motion, the Foreign Representative shall produce, on behalf of and as to each Debtor, the following categories of documents for the one-year period prior to the commencement of the Chapter 15 Cases (unless a different time frame is specified below):

---

1 The Debtors in the above-captioned litigation (the "**Chapter 15 Cases**"), together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The purported location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

2 Capitalized terms not otherwise defined herein shall have the meaning afforded to them in the Motion.

a. Those categories of documents that the Foreign Representative previously represented he would produce in response to the Requests;

b. In response to Request No. 2, meeting minutes and non-privileged presentations to the board for all meetings of any boards of directors for each of the Debtors;

c. Documents responsive to Request Nos. 5 and 6;

d. Documents responsive to Request Nos. 8 and 9 sufficient to identify the Debtors' user acquisition costs directed at the U.S. market;

e. In response to Request Nos. 10-13, documents sufficient to reflect each Debtor's revenues and user acquisition costs attributable to the United States and Israel, separately, for the five year period prior to the commencement of the Chapter 15 Cases, as well as cash flows, projections, and other already prepared reports of revenues for the one year period prior to commencement of the Chapter 15 Cases; provided, however, that the Debtors are not compelled to produce user player data;

f. In response to Request No. 14, all bank statements for all bank accounts of each Debtor;

g. In response to Request No. 22, documents sufficient to reflect all intercompany transfers (i) from Papaya US, (ii) between the Debtors, or (iii) of U.S.-generated revenues, as well as any intercompany agreements.;

h. In response to Request No. 24, (i) all non-consolidated financial statements for each Debtor; and (ii) documents reflecting U.S. market revenues, cash flows, projections, and other already prepared reports of revenues;

i. Documents responsive to Request No. 25;

j. In response to Request No. 26, documents reflecting all leases and subleases, if any, associated with each of the Debtors' respective offices, facilities, and physical locations, including the address located at 2717 N Ballas Rd., Saint Louis, Missouri;

k. Documents responsive to Request No. 31 sufficient to identify the creditors of each Debtor, the location of each creditor, the amount owned to each creditor, and otherwise equivalent to the type of information that would be contained in a debtor's Schedules filed in chapter 11 bankruptcy proceedings in the United States;

l. Documents responsive to Request No. 32 relating to physical assets;

m. In response to Request No. 33, all backup to the 90-day cash flow statement; and

n. In response to Request No. 34, agreements of the Debtors with U.S.-based counterparties.

2. As it relates to Request Nos. 23, 29, 30, 35, 36, 37, and 38, the Motion is denied.

3. The Court's rulings on the scope of discovery set forth in this Order, and at the Hearing, apply equally to the interrogatories served by Skillz and to the topics contained in the Rule 30(b)(6) deposition notices previously served on each Debtor.

4. In accordance with the schedule set by the Court and agreed to by the parties in connection with the Recognition Motion, the Debtors shall make Mr. James Kong available for deposition on a mutually agreeable date to be confirmed by the parties.

5. The Debtors shall make the Foreign Representative available for deposition, which deposition shall proceed remotely, in-person in Israel, or as otherwise agreed.

6. Each of the Debtors shall designate one or more witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6) to appear for deposition on topics consistent with the scope of document discovery as reflected in this Order, provided however that each Debtor also shall designate a witness to testify concerning topics related to the reasons for filing the Israeli Proceeding and the Chapter 15 Cases.

7. The terms of this Order shall be effective immediately and enforceable upon its entry.

8. This Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

**Dated: September 2nd, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**