**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Papaya Gaming Ltd., et al.,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 26-11217 (MFW)<br><br>(Jointly Administered) |

**EMERGENCY MOTION OF FOREIGN REPRESENTATIVE**
**FOR A PROTECTIVE ORDER AND STATUS CONFERENCE**

Oriel Bachar, in his capacity as a duly authorized foreign representative (the "Foreign Representative") of Papaya Gaming Ltd. ("Papaya Israel") and Papaya Gaming Inc. ("Papaya US," and together with Papaya Israel, the "Debtors" or "Papaya"), through his undersigned counsel, moves this Court (the "Motion"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (made applicable to this proceeding by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure), for entry of a protective order excluding the testimony of Skillz Platform Inc.'s ("Skillz") newly disclosed expert witnesses or, in the alternative, entry of a scheduling order providing sufficient time for the Foreign Representative to obtain and review their reports or declarations, depose those witnesses, prepare any necessary rebuttal testimony, and file a reply brief in advance of the Recognition Hearing.

## PRELIMINARY STATEMENT

1. The Foreign Representative seeks a protective order to prevent Skillz from offering the testimony of two newly disclosed expert witnesses—James Bergman and Maya Ben Meir—without providing sufficient opportunity for discovery of those experts, or, in the alternative, a

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

scheduling order affording the Foreign Representative a meaningful opportunity to depose those witnesses and submit rebuttal testimony, as warranted.

2. The Foreign Representative has worked tirelessly to accommodate Skillz' voluminous discovery requests, as narrowed by the Court at the August 28, 2026 hearing on Skillz' motion to compel: he has substantially completed document production, provided all interrogatory responses, made all three witnesses—the Foreign Representative (who served as a 30(b)(6) witness for both Debtors), Pinni Yaniv (the Foreign Representative's Israeli law declarant), and James Kong (Papaya US's sole US-based Director)—available for deposition, and has repeatedly extended Skillz professional courtesies with respect to scheduling depositions, including by offering the Foreign Representative in person in London on September 3 to accommodate a last-minute change in Skillz' schedule, and by rearranging the Kong and Yaniv depositions from the same day to separate days at Skillz' request.

3. In contrast, Skillz has been deliberately unresponsive to the Foreign Representative's requests for clarity regarding any affirmative witnesses Skillz intends to offer at the Recognition Hearing. For weeks—including on August 16, August 21, August 28, and September 2—the Foreign Representative asked Skillz to identify any witnesses it intended to call at the Recognition Hearing so that the Foreign Representative could schedule depositions of those witnesses in advance of the Recognition Hearing scheduled to begin on September 17. Skillz originally demurred, claiming it had not decided whether to call any witnesses because it needed to first review Debtors' document production in full. It was not until September 3, 2026, that Skillz first disclosed it "may" call two expert witnesses, but provided no specifics about their testimony or a date by which they might provide declarations or reports containing the substance of their testimony.

4. Counsel for the Foreign Representative has met and conferred with counsel for Skillz in an effort to reach agreement on an alternative schedule, but those discussions have not been successful. Rather than proposing a workable accommodation, Skillz initially insisted on maintaining the current schedule while offering only two deposition dates for the witnesses: September 12 for Mr. Bergman, which falls on Rosh Hashanah, one of the holiest observances in the Jewish faith and calendar, and September 14 for Ms. Ben Meir, the very date on which the Foreign Representative's reply brief is due.

5. On September 9, Skillz offered two alternative proposals. Under the first proposal, declarations from the two new experts would be provided on September 11 and 14, depositions of these witnesses would be taken on September 14 and 15, respectively, and the Foreign Representative's reply would be due at noon on September 15, presumably during one of the depositions, while maintaining the current September 17 and September 18 hearing dates. Under the second proposal, declarations from both experts would be provided on September 14, depositions would take place on September 16 and 17, the reply brief would be due on September 18, and the Recognition Hearing would be postponed to September 22 and 23, immediately following Yom Kippur and on dates on which the Foreign Representative's witnesses are not available.

6. Neither of these proposals permits reasonable time for the Foreign Representative to (i) prepare for deposition after receiving the respective experts' proposed testimony, or (ii) file his reply brief after taking both depositions. Moreover, neither proposal accounts for the fact that Mr. Bergman is a financial expert who served as Skillz' damages expert during the *Skillz v. Papaya* trial in the Southern District of New York, and whose testimony is likely to inject new and potentially irrelevant issues into this proceeding. Depending on the content of Mr. Bergman's

testimony, the Foreign Representative may need to submit rebuttal financial expert testimony for which Skillz' proposals make no provision.

7. The need to compress this expert discovery into a single week is artificial and attributable to Skillz' refusal to identify its affirmative witnesses until it was too late for the Foreign Representative to have a fair and reasonable opportunity to examine their opinions. It is also highly prejudicial to the Foreign Representative, as Skillz' proposals all require depositions to be taken, and the hearing to take place, during the Jewish High Holy Days, including Rosh Hashanah (September 11 through 13) and Yom Kippur (September 20 through 21), which represent the most significant religious observances in the Jewish calendar and in Israel.

8. Accordingly, because fundamental fairness requires that the Foreign Representative have a meaningful opportunity to prepare for and participate in discovery of Skillz' witnesses, and to offer rebuttal testimony should new factual issues be injected into the case, the Foreign Representative respectfully requests the Court either: (a) enter an order excluding the testimony of Mr. Bergman and Ms. Ben Meir on the ground that they were not timely disclosed and cannot now be fairly accommodated within the existing schedule; or, in the alternative, (b) enter a revised scheduling order that provides sufficient time for the Foreign Representative to conduct discovery into the opinions of Mr. Bergman and Ms. Ben Meir, submit any rebuttal testimony as may be necessary, and file a reply brief after such discovery and prior to the Recognition Hearing.

## BACKGROUND

9. On August 2, 2026, the Foreign Representative filed the Verified Petition and related papers in support thereof, including (a) Declaration of Oriel Bachar in Support of the (I) Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding, and (II) Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code [D.I. 5] and (b) Declaration of Pinni Yaniv

in Support of the (I) Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding, and (II) Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code [D.I. 6].

10. The Recognition Hearing is scheduled for September 17 and 18, 2026, with Skillz' opposition due September 10, 2026, and any reply by the Foreign Representative due September 14, 2026.

11. Beginning on August 7, 2026, Skillz served discovery on the Foreign Representative, including 38 multi-part document requests, two 30(b)(6) deposition notices attaching 41 topics each, three individual deposition notices, and 15 interrogatories.

12. The Foreign Representative objected to the out-of-scope discovery requests. On August 20, 2026, Skillz filed a Motion to Compel Production of Documents and Witness for Deposition [D.I. 73], and on August 26, 2026, the Foreign Representative filed an opposition [D.I. 78].

13. At a hearing on Skillz' Motion to Compel on August 28, 2026, the Court narrowed the scope of Skillz' discovery requests, limiting production to materials relevant to the recognition determination, and ordered depositions of the Foreign Representative, Mr. Kong, and Mr. Yaniv, with the scope of those depositions to be consistent with the Court's ruling on the document requests.

14. Pursuant to the Court's ruling regarding depositions of the Foreign Representative's witnesses, the Foreign Representative provided multiple dates and worked through scheduling conflicts for both the deponents and Skillz' counsel. Among other accommodations, when Skillz' counsel requested on September 2, 2026, that Mr. Kong and Mr. Yaniv not be deposed on the same day to "avoid double-tracking," the Foreign Representative agreed and offered alternative dates.

The Foreign Representative thereafter agreed to a last-minute schedule change for his own deposition to accommodate Skillz.[2] In addition, although the Court ordered that Mr. Bachar's deposition be conducted either remotely or in Israel, the Foreign Representative agreed, as a courtesy, to be deposed in person in London. All these depositions have now been completed.

15. Skillz had several weeks with both witnesses' declarations, filed on August 2, 2026, to prepare for the depositions of the Foreign Representative's witnesses. In addition, the Foreign Representative began rolling document productions on August 21 and substantially completed its document production and provided interrogatory responses on September 1. This was all done on a highly compressed schedule so that it would be completed in advance of the depositions.

16. The Foreign Representative, throughout this proceeding, has sought a response from Skillz about whether it intended to introduce any affirmative evidence or testimony in support of its opposition to recognition. For example, on August 16, 2026, the Foreign Representative's counsel inquired whether Skillz intended to present any affirmative witnesses at the Recognition Hearing and indicated his right to depose any such witnesses. **Exhibit A at 1-2**.

17. On August 21, 2026, the Foreign Representative's counsel again requested confirmation, seeking a response by August 26, 2026, as to whether Skillz intended to present any affirmative witnesses. **Exhibit B at 6-7**. Skillz did not confirm by that date.

18. On August 28, 2026, notwithstanding that the Foreign Representative started a rolling production, and that Skillz already had the declarations of both the Foreign Representative and Mr. Yaniv for almost three weeks, Skillz' counsel responded: "As for whether we will have a witness, we previously told you that we were not in a position to determine whether we would call

[2] Despite agreeing to a deposition on September 2, and without any prior notice or consultation with counsel for the Foreign Representative, Skillz served a new deposition subpoena for September 3, mere days before the deposition, claiming, belatedly, that September 2 no longer worked. Despite the substantial inconvenience, counsel for the Foreign Representative and Mr. Bachar changed their travel schedules to accommodate this last-minute change.

one or more witnesses until we received documents from the Debtors. We are still evaluating that issue, but understand the Debtors will want to depose any witness we may call." *Id*. at 2-3.

19. On September 3, 2026, in the same email confirming the Kong and Yaniv deposition schedule, the Foreign Representative's counsel expressly asked: "Yesterday, you indicated you were working to get us an update if you plan to offer any witnesses and their availability for deposition. Do you have any updates?" **Exhibit C at 6**. Skillz' counsel did not respond to this inquiry until that evening, when she disclosed the anticipated witnesses for the first time.

20. Accordingly, only late on September 3, 2026, over a month after the commencement of these Chapter 15 cases, Skillz' counsel disclosed two "anticipated" witnesses for the first time:

a. Maya Ben Meir, to address issues related to Israeli law, initially offered for a deposition only on September 14, and

b. James Bergman, to address issues related to Papaya's business operations, financials, and projections, initially offered only for a deposition on September 12.

*Id*. at 5-6.

21. In that same September 3, 2026, email, Skillz' counsel acknowledged: "We understand that the date for Mr. Bergman overlaps with Rosh Hashanah, but it is the only date he is available for a deposition prior to the hearing." *Id.*

22. On September 5, 2026, the Foreign Representative's counsel objected to the proposed dates, stating: "Following up on this, can you please tell us when you can provide us more information about these possible witnesses? …[A]s you can imagine, it is nearly impossible to plan without that information. I will also say that it is unreasonable to offer only the day of Rosh Hashanah for Mr. Bergman's deposition. Please find other days for his deposition so that you are

not excluding Jewish lawyers from participating in his deposition on the basis of their observance of the High Holidays, which is inappropriate." *Id*. at 4-5**.**

23. On September 5, 2026, Skillz' counsel responded with the same perfunctory response it provided on September 3, 2026, stating only: "If they are called, we would expect Ms. Ben Meir would address issues related to Israeli law and Mr. Bergman would address issues related to Papaya's business operations, financials, and projections." *Id*. at 4.

24. Skillz' counsel further stated that "Mr. Bergman has very limited availability given competing commitments. At this point, the date offered is the only date he has available." She added: "I assure you it is not an effort to exclude Jewish lawyers from participating. If his schedule changes, we will let you know." *Id.*

25. On September 8, the parties met and conferred and Skillz' counsel again refused to clarify whether Mr. Bergman or Ms. Ben Meir would testify or provide their testimony in advance of their depositions. Earlier today, on September 9, Skillz offered two proposals: (1) declarations from the new experts would be provided September 11 and 14, depositions of the two new expert witnesses would take place on September 14 and 15, the Foreign Representative's reply would be due at noon on the 15, and the current hearing dates on September 17 and 18 would be maintained; or (2) declarations from both new experts would be provided on September 14, depositions would take place on September 16 and 17, the reply brief would be due on September 18, and the hearing would be postponed to September 22-23. *Id*. at 1. Skillz makes no provision for any possible rebuttal testimony in response to Mr. Bergman's as-yet-undisclosed opinions. Indeed, despite making these proposals, a day before its filing deadline, Skillz still claims it has not yet decided whether it intends to call Mr. Bergman or Ms. Ben Meir.

## JURISDICTION

26. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

27. Venue is proper in this district under 28 U.S.C. § 1410.

28. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

29. The predicates for the relief sought herein are found in Rule 26(c) of the Federal Rules of Civil Procedure (made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure) and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

30. The Foreign Representative respectfully requests that this Court enter an order:

a. Excluding any testimony, declaration, or other evidence from Jim Bergman and Maya Ben Meir;

b. In the alternative, setting a status conference to extend the schedule for the Recognition Hearing to allow for discovery of Skillz' witnesses and a possible rebuttal witness, if Mr. Bergman and Ms. Ben Meir are offered; and

c. Granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

### I. STANDARD OF LAW

31. Fed. R. Civ. P. 26(c) permits a party to seek a protective order in the court where the action is pending.

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;

> (C) prescribing a discovery method other than the one selected by the party seeking discovery; ....

Fed. R. Civ. P. 26(c)(1)(A)-(C).

32. Courts also have broad discretion in managing discovery schedules, including the authority to modify deposition scheduling to prevent oppression or undue burden. *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."); *Wisniewski v. Johns-Manville Corp*., 812 F.2d 81, 90 (3d Cir. 1987) (finding that "conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion"). Courts routinely accommodate religious observances in scheduling matters as a matter of fundamental fairness and due process.

## II. SKILLZ' WITNESSES WERE NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED

33. Skillz has known the issues in this case since at least August 2, 2026, when the Foreign Representative filed the Verified Petition, the Bachar Declaration, and the Yaniv Declaration. The central questions—whether the Debtors' COMI is in Israel, whether the Israeli Proceeding qualifies for recognition, and whether the Foreign Representative is duly authorized—have not changed since that date. Skillz had more than a month to identify any witnesses it intended to offer and to coordinate the depositions of those witnesses on a reasonable schedule. Indeed, when Skillz filed its Motion to Compel and appeared before the Court at the August 28, 2026 hearing to discuss its extensive discovery and deposition demands, it should have disclosed its own potential expert witnesses so that the Court could account for them in setting the pre-hearing schedule; instead, Skillz elected to remain silent on these issues. Skillz waited until September 3, 2026 to disclose Mr. Bergman and Ms. Ben Meir as "anticipated" witnesses and has still declined to confirm whether it will call them at all.

34. The contrast with the Foreign Representative's own conduct is stark. Mr. Yaniv's identity and the substance of his testimony were disclosed on August 2, 2026, when his declaration was filed at the outset of these cases. The Foreign Representative then offered multiple deposition dates for Mr. Yaniv and provided additional dates to accommodate Skillz' scheduling requests. Skillz had the benefit of Mr. Yaniv's declaration for over five weeks before his deposition, and his deposition has now been concluded before Skillz' filing deadline. Skillz has afforded the Foreign Representative no comparable opportunity with respect to its own potential witnesses.

35. Because Skillz failed to disclose its witnesses within a timeframe that permits meaningful discovery, and because allowing that testimony without a reasonable opportunity for deposition would be unfair, the testimony of Mr. Bergman and Ms. Ben Meir should be excluded. *See TQ Delta, LLC v. Comcast Cable Commc'ns LLC*, No. CV 15-611-GBW, 2024 WL 5432091, at *3 (D. Del. Nov. 19, 2024) (finding the Court has the power to exclude evidence, including experts' reports or portions thereof, as a sanction for a party's failure to timely disclose); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion of expert testimony for failure to timely provide expert report even though there was no violation of a court order).

## III. AN ALTERNATIVE SCHEDULE MUST ALLOW ADEQUATE TIME FOR DEPOSITIONS AND REBUTTAL EXPERT TESTIMONY

36. In the alternative, if Mr. Bergman and Ms. Ben Meir are allowed to testify, the schedule should be expanded to permit adequate time for depositions and, if necessary, rebuttal expert testimony. To be clear, the Foreign Representative continues to believe that expansive discovery is not necessary at the recognition stage and that Skillz' aggressive discovery tactics are wasteful of estate resources and largely irrelevant to the limited issue of recognition. Nevertheless, if Skillz is permitted to submit expert testimony, the schedule should also require the disclosure of

each witness's proposed testimony sufficiently in advance of their deposition and should allow for depositions to conclude sufficiently in advance of each party's filing deadline.

37. Skillz' alternative proposals are not workable, for at least three reasons. ***First***, both of Skillz' proposals create significant conflicts with the Jewish High Holy Days and periods when the Foreign Representative's witnesses are unavailable. Skillz' first proposal (depositions on September 14 and 15) would require the Foreign Representative to prepare for two expert depositions in a matter of days, over Rosh Hashanah when many of the Foreign Representative's counsel are unavailable. Skillz' second proposal (depositions on the 16th and 17th) would require a hearing on the 22nd and 23rd, immediately after Yom Kippur, when the Foreign Representative's witnesses are not available. It would also require counsel for the Foreign Representative to prepare for a multi-day evidentiary hearing during Yom Kippur.

38. Courts have recognized that scheduling proceedings to conflict with major religious holidays constitutes an undue burden. *See, e.g., Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18-19 (2020) (finding government actions impacting religious observance must be narrowly tailored to advance a compelling state interest); *Thomas v. Review Bd. of Ind. Emp't Sec. Div*., 450 U.S. 707, 716 (1981) (finding a person may not be compelled to choose between religious practice and participation in a government process); *885 DeKalb Ave. LLC v. 855 DeKalb LLC*, 2024 NYLJ LEXIS 3554, *6 (N.Y. Sup. Ct. Kings County Oct. 23, 2024) ("While the court system has an interest in conducting motion argument calendars in an efficient manner and determining motions as soon as possible so that litigation can proceed, this interest must yield to the religious observance of attorneys."); *HP Tuners, LLC v. Sykes-Bonnett*, No. C17-5760 BHS, 2019 U.S. Dist. LEXIS 232997, at *3-4 (W.D. Wash. Apr. 11, 2019) (finding that opposing counsel's scheduling of the deposition on a holiday recognized by counsel was burdensome and noting the "untoward

lack of civility in Defendant's counsel's refusal to consider rescheduling the deposition, after Plaintiff's counsel indicated that the date is a religious holiday that Plaintiff's counsel observes."); *Warner Bros. Int'l TV Distribution v. Golden Channels & Co.*, No. CV 02-09326-MMM (SHSx), 2003 U.S. Dist. LEXIS 29579, at *19-20 (C.D. Cal. Aug. 15, 2003) ("The depositions of the Israeli witnesses shall also not be scheduled for any day that conflicts with the religious holidays identified in the witnesses' declarations. [Plaintiff] is expected to schedule these depositions in consultation with [defendant's] attorneys and make all accommodations possible to minimize the burden on the witnesses' personal and professional lives."). The Foreign Representative has endeavored to accommodate scheduling over the High Holy Days—including agreeing to the current reply brief deadline and hearing date falling between Rosh Hashanah and Yom Kippur—but these weeks pose significant scheduling challenges both for the Foreign Representative's witnesses and his internal and external legal counsel, akin to scheduling a hearing over the Christmas holidays.

39. ***Second***, Skillz' proposals do not allow adequate time for the Foreign Representative to (1) prepare for depositions of these witnesses after receiving their opinions or (2) file his brief after taking those depositions. As of this filing, Skillz has refused to provide any clarity as to the contents of its new expert witnesses' opinions. They may be voluminous. Mr. Bergman was Skillz' expert witness at the SDNY trial against Papaya, at which he provided a 118-page expert report. It is not reasonable for the Foreign Representative's counsel to be forced to guess the subject matter of Mr. Bergman's testimony, particularly as the relevance of his expertise and prior testimony to the issues of recognition is far from clear. After receiving Mr. Bergman's report, the Foreign Representative needs a reasonable period—not over a major Jewish holiday—to prepare for deposition.

40. Skillz' first proposal contemplates a deposition of Mr. Bergman the day after his declaration is provided, which is not sufficient time to allow for a meaningful deposition. Skillz' alternative proposal allows for only three days to prepare and is likewise not sufficient given the potential breadth and content of Mr. Bergman's testimony. Ms. Ben Meir's deposition must also be scheduled a reasonable time after her testimony is disclosed, but Skillz' proposals contemplate a deposition immediately after Rosh Hashanah or alternatively only two days after her testimony is disclosed. This is not adequate time to prepare.

41. ***Third***, Skillz' proposals do not permit any time for a rebuttal expert, which may be necessary depending on Mr. Bergman's opinions. If Mr. Bergman provides an economic analysis of Papaya's business, fairness would require that the Foreign Representative be able to offer a rebuttal expert on the same topics. At this point, the Foreign Representative cannot make that decision, or even identify an appropriate rebuttal expert, because Skillz has provided no clarity as to the topics on which Mr. Bergman proposes to opine.

42. Accordingly, if Mr. Bergman and Ms. Ben Meir are allowed to testify, the Foreign Representative respectfully requests that this Court schedule a status conference at the earliest practicable date to address pre-hearing proceedings and enter a new schedule.

## LOCAL RULE 7026-1 CERTIFICATION

43. In accordance with Federal Rule 26(c)(1) and Local Bankruptcy Rule 7026-1(d), the Foreign Representative's counsel certifies that counsel has made a reasonable effort to meet and confer to resolve the issues raised in the Motion without success.

## CONCLUSION

**WHEREFORE**, the Foreign Representative respectfully requests that this Court grant the relief requested in the Motion and grant such other and further relief as may be just and proper.

Dated: September 10, 2026
Wilmington, Delaware

**COOLEY LLP**

Matthew L. Kutcher (admitted *pro hac vice*)
Ben Thomson (admitted *pro hac vice*)
110 North Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598
mkutcher@cooley.com
bthomson@cooley.com

Michael Klein (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
mklein@cooley.com

Erin Trenda (admitted *pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
etrenda@cooley.com

Olya Antle (admitted *pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
oantle@cooley.com

Matthew Oliver (admitted *pro hac vice*)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: (617) 937-1337
Facsimile: (617) 937-2400
moliver@cooley.com

**BLANK ROME LLP**

By: */s/ Jennifer K. Malow*
Stanley B. Tarr (DE No. 5535)
Jennifer K. Malow (DE No. 7424)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Stanley.Tarr@BlankRome.com
Jennifer.Malow@BlankRome.com

Evan J. Zucker (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Facsimile: (917) 591-2726
Evan.Zucker@BlankRome.com

*Counsel to the Foreign Representative*