**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PAPAYA GAMING LTD., *et al.*,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 26-11217 (MFW)<br><br>(Jointly Administered)<br><br>**<u>Objection Deadline</u>:**<br>**September 24, 2026 at 4:00 p.m. (ET)**<br><br>**<u>Hearing Date</u>:**<br>**TBD**<br><br>**Ref. Docket No. 93** |

**SKILLZ PLATFORM INC.'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING SKILLZ PLATFORM INC. TO FILE THE SEPTEMBER 4, 2026, LETTER UNDER SEAL AND (II) GRANTING RELATED RELIEF**

Skillz Platform Inc. ("**<u>Skillz</u>**"), by and through its undersigned counsel, submits this motion (the "**<u>Motion</u>**"), for entry of an order (the "**<u>Proposed Order</u>**"), substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) authorizing Skillz to file the September 4, 2026, Letter [Docket No. 93 (under seal)] (including exhibits, the "**<u>Letter</u>**") under seal, and (ii) granting related relief. In support of this Motion, Skillz states as follows:

## <u>Jurisdiction and Venue</u>

1. The United States Bankruptcy Court for the District of Delaware (the "**<u>Court</u>**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

[1]The Debtors in these Chapter 15 Cases, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The purported location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

Skillz confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1.

**Background**

4. On August 2, 2026, Papaya Gaming Ltd. and Papaya Gaming Inc. (collectively, the "**Debtors**") filed petitions for Chapter 15 recognition of a foreign proceeding. On August 5, 2026, the Court entered an *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 39] and an *Order (A) Scheduling Hearing on Recognition of Chapter 15 Petition and (B) Specifying Form and Manner of Service of Notice* [Docket No. 40] (the "**Recognition Hearing**"). The Recognition Hearing had originally been scheduled for September 3, 2026, but upon agreement of the Parties and with the Court's consent, the Recognition Hearing was adjourned and rescheduled to begin on September 17, 2026, at 11:30 a.m. (ET) and continue on September 18, 2026, at 11:30 a.m. (ET). A status conference is scheduled for September 14, 2026, at 10:30 a.m. (ET), and the Court has indicated that a new date for the Recognition Hearing will be discussed and established.

5. On September 4, 2026, Skillz transmitted the Letter to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") to bring certain matters concerning

the Debtors to the U.S. Trustee's attention. The Letter includes as an exhibit an email containing information that Skillz understood the Debtors potentially would consider confidential. Accordingly, in an abundance of caution, Skillz filed the Letter under seal. Skillz thereafter conferred in good faith with the Debtors regarding what information in the Letter should remain under seal.

6. Counsel to the Debtors advised Skillz of the Debtors' asserted basis for keeping the Letter under seal in its entirety. Specifically, the Debtors asserted that the allegations in the anonymous email attached to the Letter are untrue, misleading, and inflammatory. The Debtors have demanded that Skillz withdraw the Letter from the docket and have reserved their right to move to strike. Skillz disputes the Debtors' characterizations, expressly takes no position on and does not concede the merits of those characterizations, and reserves all rights, including with respect to the Letter's accuracy and relevance and the Debtors' demand for withdrawal. Skillz, however, does not oppose the Letter remaining under seal.

## Relief Requested

7. Skillz requests entry of the Proposed Order authorizing the filing of the Letter under seal (the "**Sealed Information**"). In addition, Skillz requests that the Sealed Information not be made available to anyone other than the Court, the U.S. Trustee, and the Debtors.

## Basis for Relief Requested

8. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Debtors to file the Letter under seal. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated

statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).” (emphasis added)). A party seeking the protection of section 107(b) need only demonstrate that the information is “confidential” and “commercial” in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

11. Section 107(b)(2) protects a person with respect to “scandalous or defamatory matter contained in a paper filed in a case under this title.” 11 U.S.C. § 107(b)(2). On request of a party in interest, the Court “shall” protect a person with respect to “scandalous or defamatory matter contained in a paper filed in a case under this title.” 11 U.S.C. § 107(b)(2). The same mandatory framework applies: no showing of “good cause” is required, and if the material falls within the statutory category, the Court must provide protection, including by sealing the material.

12. Courts have recognized that material may fall within section 107(b)(2) where it contains allegations that directly and negatively reflect on a person’s or entity’s truthfulness and integrity and would cause a reasonable person to alter his or her opinion of the subject of those allegations. *See In re Associated Cmty. Servs., Inc.*, 547 B.R. 236, 241-43 (Bankr. E.D. Mich. 2016). In addition, courts have recognized that protection under section 107(b)(2) is not limited to circumstances where the alleged untruthfulness is readily apparent, and that a bankruptcy court need not conduct a mini-trial concerning the truth or falsity of disputed allegations before granting appropriate relief. *Id.* at 240-43.

13. The Debtors have asserted that the Sealed Information falls within section 107(b)(2) as defamatory matter. Skillz does not concede that characterization, or that the Letter or the anonymous email is scandalous, defamatory, untrue, or improper, and takes no position on the merits of the Debtors’ characterizations. Skillz reserves all rights, including with respect to the Letter’s accuracy and relevance and the Debtors’ demand for withdrawal. Nevertheless, the

Debtors' asserted basis arguably provides ground on which the Court may seal the Letter, and Skillz therefore does not oppose sealing on that basis.

**Compliance with Local Rule 9018-1(d)**

14. The undersigned counsel hereby certifies that counsel for Skillz and the Debtors have conferred in good faith with respect to whether the Letter (or portions thereof) should remain under seal. As noted above, the Debtors have requested that the Letter remain under seal in its entirety.

**Notice**

15. Notice of this Motion has been provided to: (i) the U.S. Trustee and (ii) counsel to the Debtors.

WHEREFORE, for the reasons set forth herein, Skillz respectfully requests entry of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated: September 10, 2026
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (DE Bar No. 4070)
Michael S. Neiburg (DE Bar No. 5275)
Joshua J. Hall (DE Bar No. 7510)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
E-mail: sbeach@ycst.com
mneiburg@ycst.com
jhall@ycst.com

and

Ray C. Schrock (*pro hac vice*)
Christopher Harris (*pro hac vice*
Adam J. Goldberg (*pro hac vice*)
Michael Ardeljan (*pro hac vice*)
**LATHAM & WATKINS LLP**

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
christopher.harris@lw.com
adam.goldberg@lw.com
michael.ardeljan@lw.com

Amy C. Quartarolo (*pro hac vice*)
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 485-1234
E-mail: amy.quartarolo@lw.com

and

Lazar P. Raynal (*pro hac vice*)
Michael Lombardo (*pro hac vice*)
**KING & SPALDING LLP**
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312)-995-6333
Email: lraynal@kslaw.com
mlombardo@kslaw.com

*Counsel for Skillz Platform Inc.*