**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Papaya Gaming Ltd., *et al.*,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 26-11217 (MFW)<br><br>(Jointly Administered) |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER TO FILE HIS LETTER DATED SEPTEMBER 8, 2026 UNDER SEAL**

Oriel Bachar, in his capacity as a duly authorized foreign representative (the "Foreign Representative") of Papaya Gaming Ltd. ("Papaya Israel") and Papaya Gaming Inc. ("Papaya US," and together with Papaya Israel, the "Debtors" or "Papaya"), through his undersigned counsel, hereby files this motion (the "Motion") and requests entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing his letter, dated September 8, 2026 [D.I. 95] (the "September 8 Letter"), to be filed under seal, and respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper before this Court pursuant to 28 U.S.C. § 1410. The statutory basis for the relief requested in this Motion is 11 U.S.C. §§ 105 and 107(b), as complemented by Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1.

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

## BACKGROUND

2. On September 4, 2026, Skillz Platform Inc. ("Skillz") filed *Letter to the United States Trustee* [D.I. 93] (the "Skillz Letter") under seal with this Court, transmitting and discussing an anonymous email (the "Anonymous Email"). The Anonymous Email contains defamatory allegations regarding the Debtors' conduct following entry of the July 31, 2026, judgment by the United States District Court for the Southern District of New York (the "Judgment").

3. In the September 8 Letter, the Foreign Representative responded to the Skillz Letter, refuting the essential allegations and indicating that the Anonymous Email was defamatory, unreliable and highly misleading without appropriate context. In responding, the Foreign Representative included internal Papaya material to demonstrate the falsity of the allegations. That internal Papaya material is commercially sensitive and ordinarily kept confidential by Papaya, especially from competitors.

4. On September 9, 2026, Skillz filed its *Motion for Entry of an Order (I) Authorizing Skillz Platform Inc. to File the September 4, 2026, Letter under Seal and (II) Granting Related Relief* (the "Skillz Sealing Motion"). The Foreign Representative joins and supports the Skillz Sealing Motion in so far as it seeks to seal the Skillz Letter and, for the same reasons set forth therein, the September 8 Letter response thereto should be sealed.

## RELIEF REQUESTED

5. By this Motion, the Foreign Representative requests entry of the Proposed Order authorizing the September 8 Letter to be filed under seal.

## ARGUMENT

6. Pursuant to § 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*Id.*; *In re ESML Holdings Inc.*, 135 F.4th 80, 96 (3d Cir. 2025). Section 107(b) "uses the mandatory term 'shall' to direct the bankruptcy court's protection of the categories of information that follow, meaning the bankruptcy court lacks discretion to decline to protect covered information." *In re ESML Holdings Inc.*, 135 F.4th at 96.[2] Similarly, Section 105(a) codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7. Federal Rule of Bankruptcy Procedure 9018 states that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . (2) to protect an entity from scandalous or defamatory matter contained in any document filed in a bankruptcy case." Local Bankruptcy Rule 9018-1(d) states that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief."

8. In order to attain the protections offered by Section 107(b), parties seeking to file

[2] "While some parties seeking protection under § 107(b)(2) may be able to demonstrate untruthfulness solely on the basis of the papers filed with the court, such situations will be rare. More often than not, statements in a court filing are disputed. It would be unrealistic to require the bankruptcy court to resolve these factual disputes at a preliminary stage of the proceedings. . . .[W]e hold that a party may seek protection under § 107(b)(2) based on potentially untrue information that would alter his reputation in the eyes of a reasonable person." *In re Gitto Glob. Corp.*, 422 F.3d 1, 11–12 (1st Cir. 2005).

motions under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (internal citation omitted)). If the material sought to be protected falls within any of the categories identified in Section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

9. Commercial information under § 107(b)(1) has been defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re FTX Trading Ltd.*, No. BR 22-11068 (JTD), 2024 WL 4948827, at *7 (D. Del. Dec. 3, 2024). Courts in the Third Circuit routinely seal confidential commercial information where public disclosure could harm a party's competitive standing in the marketplace or reveal proprietary, non-public business information. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.");

*Goldenberg v. Indel, Inc.*, 2012 U.S. Dist. LEXIS 479, at *8–12 (D.N.J. Jan. 3, 2012) (permitting the sealing of business agreements containing commercially sensitive and proprietary non-public business information and confidential financial information); *Hershey Co. v. Promotion in Motion, Inc.*, 2010 U.S. Dist. LEXIS 43322, at *6–10 (D.N.J. May 4, 2012) (protecting from disclosure proprietary and commercially sensitive financial and sales information); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 2009 U.S. Dist. LEXIS 65031, at *3–4 (D.N.J. July 28, 2009) (granting motion to seal information including "trade secrets, non-public business and marketing plans, customer lists, [and] research and development."); *Osteotech, Inc. v. Regeneration Tech., Inc.*, 2009 U.S. Dist. LEXIS 3943, at *2–4 (D.N.J. Jan. 21, 2009) (protecting from disclosure technical business information regarding proprietary technology); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 U.S. Dist. LEXIS 51828, at *18–24 (D.N.J. July 18, 2007) (protecting from disclosure specific confidential sales, costs, and profit information); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 667–68 (D.N.J. 2004) (protecting from disclosure confidential processes, chemical formulas and specifications, and research information); *Telebrands Corp. v. NewMetro Design, LLC*, No. 2:16-cv-01981-WHW-CLW, 2016 WL 9211696, at *2 (D.N.J. July 18, 2016). Such confidential information may include non-public business and marketing plans, sales, costs, profit, revenue, and market-share data, proprietary technology, and proprietary manufacturing or research processes. *See* Fed. R. Civ. P. 26(c)(1)(G).

10. Scandalous and defamatory material under Section 107(b)(2) has been defined as material that would cause a reasonable person to alter their opinion of a party based on the statements therein, taking those statements in the context in which they appear. *See In re Phar–Mor*, 191 B.R. at 679; *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 757 n.24 (D. Del. 2018). Additionally, courts have applied the ordinary meaning of "scandalous" to "mean

disgraceful, offensive, shameful and the like" and "that the party seeking non-disclosure must establish only that the matter is scandalous as that word is commonly understood." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 433 (9th Cir. 2011). Additionally, defamatory material includes material that is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end. *See In re Gitto Glob. Corp.*, 422 F.3d at 14.

11. The Foreign Representative respectfully submits that it is appropriate to authorize the September 8 Letter to be sealed. The September 8 Letter discusses and responds to allegations concerning the Debtors' business operations, financial conduct, and marketing-related activities, including non-public information of the type courts have recognized as commercially sensitive and appropriate for protection from public disclosure. Further, the September 8 Letter addresses the Anonymous Email that includes scandalous and defamatory matter concerning unsubstantiated allegations of misconduct. These accusations are precisely the type of material that would cause a reasonable person to alter their opinion of a party based on the statements therein. *In re Phar-Mor*, 191 B.R. at 679.

12. Public disclosure of the Skillz Letter and the September 8 Letter would cause substantial and irreparable harm to the Debtors. The letters contain or respond to commercially sensitive information concerning the Debtors' operations, financial conduct, and marketing-related activities, and public disclosure of that information could provide competitors, counterparties, and other third parties with non-public insight into the Debtors' business affairs. The accusations contained in the Anonymous Email, if made publicly available, also could damage the Debtors' relationships with customers, vendors, potential investors, and other business counterparties. In the context of an insolvency proceeding, where the Foreign Representative is attempting to maximize value for the benefit of all stakeholders, such damage could directly impair the

administration of the foreign proceeding. This gives rise to the kind of injury that Sections 107(b)(1) and 107(b)(2) were enacted to prevent. *See In re Associated Cmty. Servs., Inc.*, 547 B.R. 236, 240–43 (Bankr. E.D. Mich. 2016) (sealing filings containing potentially untrue allegations whose "de minimis probative value" was "greatly outweighed by the direct and significant negative impact" on the subject's reputation).

13. The relief requested is narrowly tailored to the harm at issue. The Foreign Representative seeks to maintain the September 8 Letter under seal, as it contains or responds to commercially sensitive information concerning the Debtors' business operations, financial conduct, and marketing-related activities, as well as scandalous and defamatory accusations. The Motion does not prevent a party from raising any legitimate concerns through proper litigation channels.

14. With respect to the Skillz Letter, the Foreign Representative joins in Skillz' separately filed motion to maintain that filing under seal. Unredacted versions of the Skillz Letter and the September 8 Letter have been provided to the Office of the United States Trustee.

## **COMPLIANCE WITH LOCAL RULE 9018-1(D)**

15. In accordance with Local Rule 9018-1(d), counsel to the Foreign Representative and counsel to Skillz have conferred and Skillz does not oppose the sealing of the September 8 Letter.

## **NOTICE**

16. Notice of this Motion shall be given to (a) the office of the United States Trustee for the District of Delaware; and (b) counsel to Skillz. In light of the nature of the relief requested in this Motion, the Foreign Representative submits no other or further notice is necessary.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

*[Remainder of Page Left Intentionally Blank]*

Dated: September 11, 2026
Wilmington, Delaware

**COOLEY LLP**

Matthew L. Kutcher (admitted *pro hac vice*)
Ben Thomson (admitted *pro hac vice*)
110 North Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598
mkutcher@cooley.com
bthomson@cooley.com

Michael Klein (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
mklein@cooley.com

Erin Trenda (admitted *pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
etrenda@cooley.com

Olya Antle (admitted *pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
oantle@cooley.com

Matthew Oliver (admitted *pro hac vice*)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: (617) 937-1337
Facsimile: (617) 937-2400
moliver@cooley.com

**BLANK ROME LLP**

By: */s/ Jennifer K. Malow*
Stanley B. Tarr (DE No. 5535)
Jennifer K. Malow (DE No. 7424)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Stanley.Tarr@BlankRome.com
Jennifer.Malow@BlankRome.com

Evan J. Zucker (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Facsimile: (917) 591-2726
Evan.Zucker@BlankRome.com

*Counsel to the Foreign Representative*