# EXHIBIT A

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/09/09**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Hebrew

To:

- English (USA)

The documents are designated as:

- 'Israeli Insolvency Law Excerpts.pdf'

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/09/10**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Hebrew

To:

- English (USA)

The documents are designated as:

- 'Israeli Insolvency Law Excerpts_sections 9 and 33.pdf'

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Samuel Wu

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

The Insolvency and Economic Rehabilitation Law, from The Open Codex
The National Legislation Database 2068072

**The Insolvency and Economic Rehabilitation Law, 5778-2018**

Codex of 5778, 310; 5779, 226, 342; 5780, 14, 154; 5781, 318, 374; 5782, 962; 5783, 171; 5784, 190, 600, 5785, 632; 5786, 236, 1031, High Court of Justice 49765-07-26
Change of addenda: Compendium of Regulations 5782, 195. Extension Orders: Compendium of Regulations 5782, 2362, 4958; 5784, 3546; 5785, 428, 2200. Update of sums: Official Gazette 5780, 3422; 5781, 3406; 5782, 256; 5783, 3017; 5784, 2784; 5785, 3100; 5786, 4144, 4144.

Table of Contents

**Part A: Principles and Interpretation**
Chapter A: Fundamental Principles
Chapter B: Definitions
**Part B: Insolvency Proceedings for a Corporation**
Chapter A: Applicability
Chapter B: Motion for a Proceeding Opening Order and Hearing Thereof
Chapter C: Temporary Restrictions and Relief until a Proceedings Opening Order is Issued
Chapter D: Content and Results of the Proceedings Opening Order
Chapter E: Stay of Proceedings
Chapter F: The Trustee – His Appointment, Function and Powers
Article A: Appointment of the Trustee
Article B: Function and Powers of the Trustee
Chapter G: Operation and Economic Rehabilitation of the Corporation
Article A: General
Article B: Operation of the Corporation
Article C: Economic Rehabilitation Plan
Article D: Sale of the Business Activity of a Corporation without an Economic Rehabilitation Plan
Article E: Transition to Liquidation Proceedings
Chapter H: Liquidation
**Part C: Insolvency Proceedings for an Individual**
Chapter A: Applicability and General Proceedings
Chapter B: Order for Opening of Proceedings for a Request of an Individual Whose Total Debts Exceed 150,000 new shekels (Adjusted for 2019; in 2026, NIS 176,923.12)
Chapter C: Opening of Proceedings at the Request of a Creditor or the Attorney General
Chapter D: Temporary Relief until a Proceeding Opening Order Is Issued
Chapter E: Results of the Proceeding Opening Order
Chapter F: The Trustee – His Appointment, Function and Powers
Article A: Appointment of the Trustee
Article B: Function and Powers of the Trustee
Chapter G: The Interim Period – from Issuing a Proceedings Opening Order until Issuing an Economic Rehabilitation Order
Article A: Restrictions
Article B: Checking the Individual's Financial Situation
Article C: Suggestion of the Commissioner for an Economic Rehabilitation Order and Hearing Thereof
Article D: Miscellaneous Provisions for the Interim Period
Chapter H: Economic Rehabilitation Order
Article A: Content of the Order
Article B: Mandatory Payments
Article C: Immediate Discharge
Article D: Application and Modification of the Economic Rehabilitation Order
Chapter I: Discharge
Chapter J: Provisions for a Deceased Individual
Chapter K: Miscellaneous Provisions
Chapter L: Insolvency Proceedings for an Individual Who Has Low Sum Debts
Article A: General
Article B: Forming a Payment Arrangement
Article C: Proceedings Opening Order
Article D: Miscellaneous Provisions
**Part D: The Creditor Claim**
Chapter A: Debt Claims
Chapter B: Insolvency Estate
Article A: The Assets Included in the Insolvency Estate
Article B: Cancellation of Transactions that Deplete the Insolvency Estate
Chapter C: Receiving and Managing the Insolvency Estate Assets
Chapter D: Realization of the Insolvency Estate Assets
Chapter E: Distribution of Insolvency Estate Assets
Article A: General
Article B: Order of Repayment
Article C: Manner of Distribution
Chapter F: Creditors with Special Repayment Rights
Article A: Secured Creditor
Article B: Creditor Having an Asset Subject to Retention of Title
Article C: Creditor Having a Right of Lien
Article G: Creditor Having a Right of Offset
**Part E: Status and Rights of Creditors**
**Part F: The Insolvency and Economic Rehabilitation Proceedings Commissioner**
**Part G: The Powers of the Court**
**Part H: Responsibility of an Officer and Functionary in an Insolvent Corporation**
**Part I: International Insolvency Proceedings**
Chapter A: Definitions and Applicability
Chapter B: Approach of a Foreign Functionary and Foreign Creditors
Chapter C: Recognition of a Foreign Proceeding
Chapter D: Cooperation with a Foreign Competent Authority and Foreign Functionary
Chapter E: Parallel Proceedings
Chapter F: Miscellaneous Provisions
**Part J: Debt Arrangement Outside the Scope of a Proceedings Opening Order**
Chapter A: Definitions and Applicability
Chapter A1: Temporary Stay of Proceedings Order for Forming and Approving a Debt Arrangement
Article A: Definitions
Article B: Fees and Payments
Article C: Temporary Stay of Proceedings Order for a Corporation
Article D: Temporary Stay of Proceedings Order for an Individual
Chapter B: Approval of a Debt Arrangement
Chapter C: Approval of a Major Debt Arrangement in a Bonds Company
Chapter D: Holding of Protected Negotiations by a Corporation – Temporary Provisions
**Part K: Penalties and Enforcement Powers**
Chapter A: Penalties
Chapter B: Enforcement Powers
**Part L: Miscellaneous Provisions**
**Part M: Indirect Amendments**
**Part N: Commencement, Applicability, Transitional Provisions and Temporary Provisions**
First Addendum
Second Addendum: Assets Not Included in an Insolvency Estate
Third Addendum

**Part A: Principles and Interpretation**
**Chapter A: Fundamental Principles**

Purpose of the Law

1. This Law is intended to formalize the issue of repayment of the debts of a debtor that is an individual or a corporation that is or is likely to be insolvent, with the aim of –
 (1) Ensuring the debtor's economic rehabilitation to the extent possible;
 (2) Maximizing the proportion of the debt that will be repaid to creditors;
 (3) Advancing the reintegration of a debtor who is an individual in the economic ecosystem.

Insolvency

2. Insolvency is an economic situation in which a debtor is unable to pay off his debts on time, whether matured or not, or when the debtor's liabilities, including his future and conditional liabilities, exceed the value of his assets.

Declaration of a debtor being insolvent

3. (A) If a debtor has been declared insolvent by an order and that insolvency proceedings will be opened against him pursuant to this law (in this law –proceedings opening order), the debtor's relations with his creditors will be arranged jointly according to provisions according to this law, until the end of the insolvency proceedings.
 (B) The opening of insolvency proceedings for an individual who is insolvent will be at the initiative of the debtor, the creditor or the Attorney General.

**Chapter B: Definitions**

Definitions [Amendment: 5784, 5786]

4. In this law, the following definitions will apply –
 "Organs", of a corporation – organs of a company as defined in the Companies Law and any entity fulfilling a parallel function in a partnership;
 "Court" –
 (1) In relation to proceedings pursuant to this Law for a debtor that is a corporation – the district court with jurisdiction in the area in which the corporation is registered or having its main place of business or assets;
 (2) In relation to proceedings pursuant to this law for a debtor that is an individual – the magistrates' court as defined in Section 353, in the district in whose jurisdiction the individual lives or which contains his main place of business or assets, and in the absence of such a district – the Magistrates' Court in Jerusalem;
 "Adequate protection"
 (1) For an asset that is charged by a fixed charge, an asset to which a floating charge applies or an asset for which there is a right of lien – maintaining the secured value for the creditor in the collateral, considering inter alia the level of certainty of repayment of the debt from the asset; in this regard, "the secured value for a creditor in collateral" means the consideration that the creditor would have received from realizing the asset if the court were to allow him to do so, at the time of filing the motion within in which the adequate defense protection is brought up, to realize the asset independently, outside of the scope of operating the corporation according to Chapter G: Operation and Economic Rehabilitation of the Corporation, of Part B, and for a debtor who is an individual – outside the scope of operating his business as set forth in Section 157;
 (2) For an asset that is subject to retention of title – securing payment of the consideration for the asset but no more than the consideration that would have been received for the asset if it were sold by its owner at the time of filing the motion in which the adequate protection argument is heard;
 "Insolvency proceedings expenses" – as defined in Section 233;
 "Administrative decision" – a decision of an administrative authority in lawfully fulfilling its public function, including no decision and an act or default;
 "Collection proceeding" – a proceeding under the Execution Law, under the Fine, Fee and Expense Collection Center Law, 5755-1995, under the Tax Ordinance (Collection), or under any other law conferring parallel collection powers to those conferred in these proceedings;
 "Administrative proceeding" – a proceeding that an administrative authority conducts, in the discharge of its lawful duty, and a proceeding dealing with judicial review of an administrative decision;
 "Insolvency proceedings" – proceedings under this law from the time of filing a motion for a proceedings opening order until the time set forth below, and if the order was cancelled earlier – until its cancellation:
  (1) In the case of a debtor that is a corporation – the time of approval of the economic rehabilitation plan or the time of its winding up;
  (2) In the case of a debtor who is an individual – the discharge time;
 "Debt arrangement" – as defined in Part J: Debt Arrangement Outside the Scope of a Proceedings Opening Order;
 "Discharge", for a debtor who is an individual – as defined in Chapter I: Discharge, of Chapter C;
 "Linkage differentials, interest and arrears surcharge" – linkage differentials, interest and arrears surcharge that were added by statute or agreement, including arrears fees as defined in the Awarding of Interest and Linkage Law;
 "Stay of proceedings" –
  (1)

In an application for an order to commence proceedings, a creditor may indicate a preference regarding the liquidation of the corporation or its economic rehabilitation and attach a proposal in that regard.

(c) A creditor in respect of a debt that is not yet due may not file an application for an order to commence proceedings unless one of the following conditions is met:

(1) The corporation is acting with the intent to defraud its creditors;

(2) The corporation is taking steps to divest itself of an asset with the intent to put that asset beyond the reach of its creditors;

(3) The corporation will be unable to pay the debt, provided that the debt falls due within six months of the date on which the application is filed.

## Chapter VI: The Trustee - Appointment, Duties and Powers

### Division A: Appointment of the Trustee

33. (a) The court shall appoint a trustee to administer the insolvency proceedings upon making the order to commence proceedings.

Appointment of a trustee [Amendments: 5779-2, 5780-2, 5781-2]

(b) The trustee shall be appointed from the list of trustees compiled pursuant to section 37 (in this Division, the list of trustees), or pursuant to section 35 or 36.

(c) The Commissioner shall recommend to the court no fewer than three and no more than five candidates for the office of trustee from the list of trustees; the Commissioner shall select the candidates to be recommended according to criteria ensuring equal treatment, which the Commissioner shall formulate and publish on the Commissioner's website; the corporation and any creditor may propose to the court additional candidates for the office of trustee from the list of trustees; however, if the court appoints a trustee who was not recommended by the Commissioner, it shall address this in its decision.

(d) The court shall not appoint as trustee a person who may be in a position of conflict of interest between the office of trustee and a personal interest or another role of that person, of a relative of that person, or of another person with whom that person has personal or economic ties, including a conflict of interest arising from undertakings given by the trustee to an interested party or to the legal representative of an interested party in the insolvency proceedings.

(e) The court may appoint more than one trustee if it finds that this is necessary for special reasons, to be recorded, relating to the complexity of the proceedings.

(f) The Commissioner shall publish on an ongoing basis, on the Commissioner's website, the list of trustees recommended by the Commissioner and the identity of the trustee selected in each proceeding.

Approval of an Economic Rehabilitation Plan by the Creditors and Corporation Members

85. (A) A suggestion for an economic rehabilitation plan will be considered approved by the creditors and the corporation members if it has been approved in each of the class meetings according to the provisions set forth below:

(1) The majority of voters in that meeting supported the suggestion;

(2) The voters who supported the suggestion jointly hold at least three quarters of the voting power of all voters in that meeting.

(B) In this section, “voters” does not include those who abstained in a ballot.

Approval of an Economic Rehabilitation Plan by the Court

86. (A) If a suggestion for an economic rehabilitation plan has been approved by the creditors and the corporation members as set forth in Section 85, the trustee will submit it to the court for approval.

(B) When considering whether to approve an economic rehabilitation plan, the court will make, inter alia, considerations related to the fairness of the proceeding, and is allowed to make additional considerations, including considerations related to the employees of the corporation or the benefit of the public.

Approval of the Court without a Majority in Any of the Class Meetings

87. Notwithstanding the statements in Sections 85 and 86(A), the court is allowed to approve a suggestion for an economic rehabilitation plan even if it has not been approved in all of the class meetings with the majority required according to Section 85, if it is convinced, to the extent necessary based on a valuation of the corporation that an expert on its behalf or on behalf of the relevant parties has filed, stating that the suggestion is fair in relation to each creditor or member of the corporation in a class meeting that did not approve it (in this section – dissenting meeting), including being convinced that the following applies:

(1) If an economic rehabilitation plan is not approved, there will be no alternative to liquidating the corporation and the consideration offered to each creditor or corporation member in a dissenting meeting is no lower than the consideration that he would receive upon the liquidation of the corporation;

(2) The offer does not ensure any consideration for the corporation members, including not leaving them with an asset to which they have a right on account of their being members of the corporation, without any creditor in a dissenting meeting being promised consideration that is equal to the full sum of the past debt for which he is a creditor;

(3) For each of the secured creditors in a dissenting meeting consideration has been promised to a value that is no lower than the value of the asset charged to its benefit or from the total debt for whose repayment the asset has been charged, whichever is lower; such consideration may be given in money or in kind, by immediate payment or in installments, as long as ways of securing the payments have been established; in this regard, the “value of the charged asset” is the market value of the charged asset after the suggestion is approved by the court, less the expenses incurred in safeguarding or realizing the asset, and if the asset is charged to the benefit of the creditor by a floating charge only – less a further 25% of the value of the asset according to the provisions of Section 244.

Limitation to Approval of an Economic Rehabilitation Plan by the Court

88. The Court will not approve a suggestion for economic rehabilitation if it has been convinced that the consideration that has been offered to the creditor that did not support the suggestion is lower than the consideration that that creditor would have received upon liquidation of the corporation, even if the class meeting that the creditor was part of approved the plan suggestion.

Effect of an Approved Economic Rehabilitation Plan

89. (A) An economic rehabilitation plan that has been approved according to this article binds the corporation, the corporation members and the creditors.

(B) A corporation may not be exempted from punitive payment within an economic rehabilitation plan.

Implementation of an Economic Rehabilitation Plan

90. (A) The trustee will act to implement an economic rehabilitation plan that has been approved pursuant to this article, including for distributing the consideration received within the plan among the creditors, according to the provisions of the plan.

(B) The court that approved an economic rehabilitation plan is competent to hear a dispute that has arisen in relation to the interpretation or implementation of the plan.

Return of Powers to the Organs and Officers of a Corporation

91. If an economic rehabilitation plan pursuant to this article has been approved, the powers that were transferred to the trustee under Section 43 will be returned to the organs and officers of the corporation, in accordance with the provisions of the plan and at the time stated therein, unless the court has ordered otherwise.

Notice to the Registrar of Approval of an Economic Rehabilitation Plan

92. Immediately upon the approval of an economic rehabilitation plan, the trustee will send a copy of it to the registrar.

**Article D: Sale of the Business Activity of a Corporation without an Economic Rehabilitation Plan**

Sale of business activity of a corporation

93. (A) The sale of the business activity of a corporation for the sake of its economic rehabilitation outside the scope of an economic rehabilitation plan requires advance approval from the court; when considering whether to approve such a sale, the court will make inter alia considerations relating to the fairness of the proceeding.

(B) If the sale of the corporation’s business activity has been approved pursuant to Subsection (A), the consideration received from the sale will be divided according to the provisions of Chapter E: Distribution of Insolvency Estate Assets of Part D, unless an economic rehabilitation plan is approved thereafter.

**Article E: Transition to Liquidation Proceedings**

Termination of operation of the corporation and transition to Liquidation Proceedings

94. (A) If the court has ordered the operation of the corporation for the sake of its economic rehabilitation and subsequently finds that there is no reasonable chance for its economic rehabilitation or that the continued operation of the corporation would harm the creditors, it will issue an order to terminate the operation of and liquidate the corporation.

(B) The decision of the court to terminate the operation of and liquidate the corporation will not invalidate a contract or transaction in which the trustee has engaged, the transfer of an asset or a payment that he has made.

**Chapter H: Liquidation**

Action of the Trustee in Liquidation

95. If an opening of proceedings order has been issued and the court has ordered the liquidation of the corporation (in this chapter – corporation in liquidation), the trustee will act as soon as possible to realize the assets of the insolvency estate and distribute them to the creditors, according to the provisions of Chapter D: the Creditor Claim.

96. (1) No insolvency proceedings will be opened for the debtor unless he has assets in Israel;
(2) The insolvency proceedings will be limited to the debtor's assets located in Israel or to other assets of the debtor as ordered by the court, to the extent required for cooperation and coordination as set forth in Chapter D: Cooperation with a Foreign Competent Authority and Foreign Functionary.

Recognition of a Primary Foreign Proceeding – Presumption of Insolvency in Insolvency Proceedings

312. If the court has recognized a primary foreign proceeding, it is presumed that the debtor is insolvent in relation to the conditions for filing a motion for a proceedings opening order pursuant to Sections 9 or 109; the said presumption of insolvency may be refuted.

Relief in Insolvency Proceedings and in a Foreign Proceeding Conducted Concurrently

313. (A) If a motion for recognition of a foreign proceeding was filed after insolvency proceedings were opened, the court will not order the awarding of relief pursuant to Sections 302 to 304 if this may interfere with the conduct of the insolvency proceedings.
(B) If insolvency proceedings have been opened after a foreign proceeding recognition motion has been filed, the court will examine the relief that it provided according to Sections 302 to 304 and will adapt them or cancel them if they have potential to interfere with the insolvency proceedings.

Relief in Foreign Proceedings Conducted Concurrently

314. If proceedings were conducted pursuant to this chapter for multiple foreign proceedings pertaining to the same debtor, the following provisions will apply:
(1) If the court has recognized a primary foreign proceeding –
(A) It will review temporary relief or discretionary relief that it has given within the recognition of a secondary foreign proceeding, before the recognition of the primary foreign proceeding, and is allowed to change or cancel it if it has found that the relief interferes with the conduct of the primary foreign proceeding;
(B) No temporary relief or discretionary relief will be awarded within the recognition of a secondary foreign proceeding, after the recognition of the primary foreign proceeding, if this may interfere with the conduct of the primary foreign proceeding;
(2) If the court has recognized a secondary foreign proceeding, and thereafter recognizes an additional secondary foreign proceeding, the court is allowed to give any discretionary relief that is required to coordinate between the proceedings, and the court is allowed to change or cancel relief that it has given, for the sake of such coordination.

Repayment of Debts in Insolvency Proceedings and a Foreign Proceeding Conducted Concurrently

315. (A) A creditor whose debt has been partly repaid within a foreign proceeding will not be entitled to receive payment owing to the same debt within a distribution in insolvency proceedings for the same debtor, as long as the proportion of the debt that has been repaid to other creditors of the same rank in the order of repayment is less than the proportion of the debt that has been repaid to the same creditor within the foreign proceeding.
(B) The provisions of Subsection (A) do not derogate from the rights of a creditor that has special repayment rights or a creditor that has a proprietary right.

**Chapter F: Miscellaneous Provisions**

Public Policy Limitation

316. Notwithstanding the statements in this part, the competent authority in Israel is allowed to refrain from exercising a power pursuant to this part, including recognition of a foreign proceeding pursuant to Section 301 and giving relief according to Sections 302 to 304, if the exercising of the power may be detrimental to public policy or it has been proved to the court that one of the following applies:
(1) The foreign proceeding has been conducted fraudulently;
(2) The opportunity that was given to the debtor to make its arguments and produce its evidence in the foreign proceeding was not reasonable in the opinion of the court.

Assistance Pursuant to Another Statute

317. The provisions of this chapter do not derogate from the power of the competent authority in Israel or the trustee to assist a foreign competent authority or a foreign functionary, pursuant to any statute.

**Part J: Debt Arrangement Outside the Scope of a Proceedings Opening Order**

**Chapter A: Definitions and Applicability**

Definitions – Part J

318. In this part, the following definitions will apply –
"Debt arrangement" – an arrangement between a debtor who is an individual or a corporation and stakeholders in an arrangement or a class thereof, dealing with a change in the repayment conditions of a debt;
"Stakeholder", in a debt arrangement – the creditors, and for a debtor that is a corporation – also the members of the corporation or their class.

Applicability – Part J

319. The provisions of this part will apply –
(1) For a corporation – to a debt arrangement that has been made without a proceedings opening order;
(2) For an individual – to a debt arrangement, whether made without a proceedings opening order or made after such an order has been issued.

**Chapter A1: Temporary Stay of Proceedings Order for Forming and Approving a Debt Arrangement**

[Amendment: 5781, Compendium of Regulations 5782-2, Compendium of Regulations 5782-3, 5783, 5784-2, Compendium of Regulations 5785, 5785, Compendium of Regulations 5785-2, 5786]

**Article A: Definitions**

Definitions – Chapter A1 [Amendment: 5786]

319A. In this chapter, the following definitions will apply –
"Past debt" – as defined in Section 4, mutatis mutandis, but Paragraph (4) of the definition will not be read, and the time of giving the temporary stay of proceedings order will be considered as the time of giving the proceedings opening order;
"Material creditor" – a creditor of a corporation that fulfills one of the following:

(1) A secured creditor;
(2) A party that at the time of filing of the motion for a temporary stay of proceedings order was owed by the corporation a sum exceeding 75,000 new shekels or more than 10% of the total debts of the corporation that are not secured debts, whichever is lower;
(3) A trustee for one or more series of letters of commitment of a corporation, as long as at the time of filing the motion, the balance of the value of a series of letters of commitment is not less than that set forth in Paragraph (2);

"Temporary stay of proceedings order" – as defined in Article C or D, as the case may be.

**Article B: Fees and Payments**

[amendment: 5786]

Fees and Payments for Proceedings Pursuant to This Chapter [Amendment: 5786]

319B. On the matter of fees and payments that have been prescribed in the Regulations pursuant to Section 356(3), a motion for temporary stay of proceedings will be treated as a motion for Having a Debt Arrangement Approved by the Stakeholders therein, unless otherwise stated in the regulations according to the said section.

**Article C: Temporary Stay of Proceedings Order for a Corporation**

[amendment: 5786]

Filing of a Motion for Temporary Stay of Proceedings by a Corporation [Amendment: 5786]

319C. (A) A corporation for which there is no proceedings opening order is allowed to file with the court a motion for a temporary stay of proceedings order pursuant to this article for the purpose of forming a debt arrangement with its stakeholders and approval thereof, as long as no temporary stay of proceedings order has been given in relation to it within the 12 months preceding the time of filing the motion.

(B) In a motion as stated in Subsection (A), the corporation will include the details and documents that must be included according to Sections 8 and 12 of the motion for a proceedings opening order in which the operation of the corporation is requested, and it is to attach all of the following to the motion:

(1) A proposed outline for the debt arrangement and the benefit that will result from the arrangement;
(2) A plan in which it will detail the manner of operation of the corporation in the temporary stay of proceedings order period, including the expected incomes from the operation of the corporation and from additional sources, the expenses that are expected for operating the corporation, business planning and actions that are necessary for operating the corporation, in accordance with the characteristics of the corporation (in this chapter – operation plan);
(3) A breakdown of the means for financing the expenses involved in operating the corporation until approval of the debt arrangement and a breakdown of how the operation of the corporation will be feasible, without resulting in a deficit and without harming creditors;
(4) The financial statements of the corporation for the year preceding the motion filing year, duly audited by an accountant, if there are any;
(5) The positions of the stakeholders in relation to the proposed outline of the debt arrangement, if known to the corporation.

(C) The facts set forth in the motion for a temporary stay of proceedings order and in the documents attached thereto will be verified by an affidavit.

Restrictions to the Action of the Corporation until a Decision on a temporary Stay of Proceedings Order [Amendment: 5786]

319D. A corporation that has filed a motion for a temporary stay of proceedings order will not perform an irregular transaction or distribution as defined in the Companies Law or a transaction that is enumerated in Section 270 of the Companies Law until a decision on the motion is provided, unless approved by the court.

Sending of a Copy and Publishing a Notice of Filing of a Temporary Stay of Proceedings Order Motion [Amendment: 5786]

319.E. (A) The Corporation will provide the Commissioner and its material creditors with a copy of the motion for a temporary stay of proceedings order and of the documents that were attached thereto, in the manner and at the time that the court orders and will provide them to any stakeholder in the debt arrangement upon receiving a written request to do so and to any other person as ordered by the court.

(B) The Commissioner will publish a notice of filing a motion for a temporary stay of proceedings order for a corporation on the website of the Ministry of Justice.

Filing of an Objection to a Motion for a Temporary Stay of Proceedings Order

319.F. A person who may be harmed by the issuance of a temporary stay of proceedings order in relation to a corporation is allowed to file an objection to the motion with the court within 14 days of the time of publication of the announcement of filing of the said motion for an order; the submitter of the objection is to send a copy of the objection to the corporation and to the commissioner.

Decision on a Motion for a Temporary Stay of Proceedings Order [Amendment: 5786]

319.G. (A) The court is allowed to issue a temporary stay of proceedings order if it has found that all of the following apply:

(1) There is a reasonable chance of approval of a debt arrangement that will result in the economic rehabilitation of the corporation and a temporary stay of proceedings order is required to that end; the court will determine whether this condition applies taking into account the question of the existence of part debts owing to which the creditors are eligible for an allowance according to the provisions of Chapter H of the National Insurance Law, if an opening of proceedings order were issued in relation to the corporation;
(2) There is no reasonable concern that the operation of the corporation in the valid period of the order will be detrimental to the creditors;
(3) There are means for financing of the expenses involved in operating the corporation until the approval of the debt arrangement.

(B) The court will not issue a temporary stay of proceedings order if it has found that one of the following applies:

(1) There is genuine concern that the corporation is operating with the aim of defrauding its creditors;
(2) There is genuine concern that the corporation is acting to derecognize any of its assets with the aim of concealing it from its creditors;
(3) There is genuine concern that the motion for a temporary stay of proceedings order was filed in bad faith or the filing thereof may constitute abuse of the proceeding.

(C) (1) A temporary stay of proceedings order will be a period that will not exceed 45 days, as ordered by the court.
(2) The court is allowed to extend the period stated in Paragraph (1) for additional periods that will not exceed 45 days cumulatively.
(3) The court is allowed to extend the valid period of the order by one additional period that will not exceed 30 days, past the time stated in Paragraph (3), if a majority of the creditors that are a party to the proposed arrangement and together hold a majority of the value of the debt claims have consented to this; the Minister is allowed to set instructions on the matter of how a creditor notice of its consent pursuant to this chapter is filed.

(4) A decision to extend the valid period of a temporary stay of proceedings order pursuant to this subsection will only be given after the court has given the parties an opportunity to express their positions and has been convinced that the conditions for issuing an order in Subsection (A) continue to apply and the limitations in Subsection (B) do not apply.

(D) If the Court has given a temporary stay of proceedings order, it is allowed to set a time for filing a motion to bring the debt arrangement for approval by the stakeholders therein, set a time for convening class meetings for approval of the debt arrangement and setting a time for bringing a debt arrangement that the stakeholders therein have approved for approval by the court.

(E) A decision on a motion for a temporary stay of proceedings order will be made after the hearing of the parties, but the court is allowed to issue the order after hearing only the corporation, if it has been convinced, based on ostensibly reliable evidence, that there is reasonable concern that delaying the making of the decision until after hearing the parties would defeat the purpose of the order or inflict severe damage on the corporation; if the order has been issued on an ex parte basis, the court will hold a hearing with all parties present as soon as possible and no later than 14 days from the day of issuing it; the corporation will send a notice of a temporary stay of proceedings order that has been issued on an ex parte basis to its material creditors and to its employees.

(F) The Commissioner will publish a notice of issuing the temporary stay of proceedings order on the website of the Ministry of Justice.

Staying of Proceedings against a Third Person [Amendment: 5786]

319H. The temporary stay of proceedings order will apply only to proceedings against the corporation, but the court is allowed, in exceptional circumstances and for reasons that will be noted, to delay, during the order's effective period, in one or more of the proceedings enumerated in Section 29 against a party who is not a corporation too, including an officer in a corporation, if one of the following applies:

(1) The stay of proceedings for that person is vital for forming and approving the debt arrangement.

(2) The proceedings against that person arise from his activity in the corporation or debts that he owes to the corporation.

Results of a Temporary Stay of Proceedings Order [Amendment: 5786]

319I. (A) Upon issuing a temporary stay of proceedings order in relation to a corporation, and for as long as it is in effect, the following provisions will apply:

(1) The past debts of the corporation will not be repaid out of the corporation's assets, but the provisions of Sections 60, 255 and 256 will apply to the matter of creditors that have special repayment rights;

(2) The proceedings against the corporation pursuant to the provisions of Chapter E of Part B will be stayed, and the provisions of that chapter will apply mutatis mutandis and with the following changes:

(A) On the matter of Section 29(2) – the corporation will be considered as having had a temporary stay of proceedings order issued against it as a corporation in operation;

(B) On the matter of Section 29(4) – instead of "void", it will be read as saying "the court is allowed to order its cancellation";

(C) Notwithstanding the statements in Section 29(5) – a creditor will not be able to file a motion for an opening of proceedings order on the matter of the corporation, unless a motion to cancel a temporary stay of proceedings order pursuant to Section 319O has also been filed;

(3) The corporation will be barred from excluding assets from its possession, selling them or changing their status or the rights thereto, outside of the ordinary course of business, except with the approval of the court;

(4) The court is allowed to order the prohibition of the departure of a third person for Israel, if it has ordered a stay of proceedings against it pursuant to Section 319H, and is allowed to suspend the prohibition of departure from Israel or subject the departure from Israel to giving a bond to its satisfaction as a condition.

(B) Notwithstanding the statements in Subsection (A), a temporary stay of proceedings order cannot exempt the corporation from its duty to act according to any statutory provision, including an administrative decision, except for a duty to pay a past debt, subject to the provisions of Section 31.

(C) Immediately upon issuing a temporary stay of proceedings order, the arrangement manager will send a copy of the order to the Registrar; if the order has been cancelled or has expired, the arrangement manager will inform the Registrar of this immediately; the Registrar will write a remark in the register on issuing the order, and if the order has expired or has been cancelled, will update the register accordingly.

Forming of the Debt Arrangement [amendment: 5786]

319J. Upon issue of a temporary stay of proceedings order, the corporation will act immediately to form the debt arrangement.

Provisions on Operation of a Corporation During a Temporary Stay of Proceedings Period [Amendment: 5786]

319J. If a temporary stay of proceedings order has been issued against a corporation, the following provisions will apply to its operation during the effective period of the order:

(1) The business affairs of the corporation will be operated only to allow its continued existence as an active business until the formation of the debt arrangement, according to the approved operation plan;

(2) The corporation will manage its assets efficiently and optimally to maintain and increase their value;

(3) The corporation will not perform any irregular transaction or distribution as defined in the Companies Law or a transaction enumerated in Section 270 of the Companies Law, except with court approval;

(4) The Court is allowed to order a prohibition of performing certain transactions, a certain type of transactions or to subject the execution of these transactions to court approval as a condition;

(5) Sections 77 to 79 will apply;

(6) The court is allowed to permit a corporation to engage in a contract to receive credit that is required for financing the corporation's activity in the effective period of the temporary stay of proceedings order or order a credit facility to be provided, which the corporation will be allowed to use for financing the said activity, for the purposes and under the conditions that the court will order (in this paragraph – new credit); the sums that are required for repaying new credit are treated as insolvency proceeding expenses, unless the court has ordered otherwise; a notice of the corporation's motion to receive new credit will be delivered to the corporation's creditors, as ordered by the court;

(7) A corporation for which a temporary stay of proceedings order has been issued will state during the effective period of the order, alongside its name, in any publication on its part, which is an offer to the public to purchase products or services, the expression "under temporary stay of proceedings in a debt arrangement approval proceeding";

(8) The corporation is allowed to use an asset that is charged by way of a fixed charge, an asset to which a floating charge applies or an asset that is subject to retention of title, during the ordinary course of business only, and the provisions of Sections 61, 63 and 64 will apply, mutatis mutandis and with the following change: the expression "the trustee" will be replaced by "the corporation";

(9) On the matter of cancellation of an existing contract to which the corporation is a party, the provisions of Sections 66, 68, 69 and 71 to 74 will apply, mutatis mutandis and with the following change: the expression "the trustee" will be replaced by "the corporation" and "its economic rehabilitation" will be replaced by "approval of the debt arrangement in its case".

Mandatory Reporting [Amendment: 5786]

319L. (A) The chief executive officer, and in a corporation that is a partnership – the general partner, and if the general partner is a company – the chief executive officer of the general partner company, will report to the arrangement manager, to the stakeholders and to the Commissioner, immediately, of any material change in the business situation or financial situation of the corporation; the court is allowed to impose the reporting duty on another officer in the corporation.

(B) The report will be made as the Minister prescribes, or in another manner as the court will prescribe.

Appointment and Powers of an Arrangement Manager [Amendment: 5786]

319M. (A) The court will appoint an arrangement manager pursuant to Section 326 upon issuing a temporary stay of proceedings order, and he will act on its behalf to secure the correct conduct of this proceeding pursuant to this chapter and retention of the corporation's assets during its course and will assist the business and its creditors with negotiating the debt arrangement.

(B) In addition to the powers of the arrangement manager according to Section 326, the arrangement manager will participate in all meetings and committees of the board of directors and is allowed to receive any information that a board member is allowed to receive, unless the court has found that there is no need for this in order to ensure the correct conduct of the proceeding or the retention of the corporation's assets; the court is allowed to establish conditions for the participation of the arrangement manager in meetings and to receive information according to this section.

(C) If the arrangement manager believes that an action that the corporation intends to perform is not to the benefit of the corporation or may be detrimental to the stakeholders of the debt arrangement, he will report this to the stakeholders and to the court along with his opinion on the matter of the detrimental effect that may arise.

(D) The arrangement manager will not provide information about the corporation exceeding the amount required for fulfilling his duty pursuant to this chapter.

(E) If the corporation or the arrangement manager has learned, within the effective period of the temporary stay of proceedings order, that any of the conditions for issuing the order has ceased to apply in the corporation, he will inform the court; if the arrangement manager has learned that the provisions of Sections 319J to 319L or 319N are not being fulfilled, he will inform the court.

(F) To ensure that the corporation is meeting the conditions of the order, the arrangement manager will contact the party entrusted with registering assets in the duly kept register in order to enter a remark in the register stating that the corporation is subject to temporary stay of proceedings in the process of approving a debt arrangement and it will do so.

(G) The arrangement manager is allowed to apply to the court with a motion to give instructions in relation to the exercising of his powers.

Disclosing Information to and Cooperation with the Arrangement Manager [Amendment: 5786]

319N. (A) If the court has appointed an arrangement manager and powers have been added to him as set forth in Section 319M, the following provisions will apply:

(1) The corporation will provide the arrangement manager, a reasonable time before making a decision on an action or transaction requiring court approval according to the provisions of this chapter or according to the decision of the court, all of the information pertaining to that matter, and before applying to the court to move for such approval, the arrangement manager will apply to receive its position, and will attach it to the motion;

(2) The corporation will report to the arrangement manager each month, or at a greater frequency ordered by the court, at the request of the arrangement manager, the expected scope of the corporation's expenses and incomes and the expenses for forming the debt arrangement, and the expenses actually expended and the incomes received.

(3) The corporation will report on its activity to the arrangement manager on a regular basis according to the operation plan, and will inform him of any material change or irregularity in the implementation of the plan before making the decision to do so, and if the change or irregularity did not involve making a decision, immediately upon the corporation learning of them; the arrangement manager will inform the court of any major change or irregularity in the implementation of the plan;

(4) The corporation will provide the arrangement manager any information that he requests and that is necessary for fulfilling his duty; if the corporation believes that information that the arrangement manager has requested of it is not necessary for fulfilling his duty, it is allowed to apply to the court with a motion to exempt it from disclosing the information; if the court has ordered a stay of proceedings against a third person according to Section 319H, the provisions of this chapter will apply thereto;

(5) The arrangement manager will be provided an authorization to view information in the bank accounts of the corporation; if the corporation believes that information in a bank account thereof is not necessary for the arrangement manager to fulfill his duty, it is allowed to apply to the court with a motion to order that an authorization for viewing the information is not to be given.

(B) The corporation is allowed to contact the arrangement manager with a request to receive his position on any matter pertaining to the fulfillment of the provisions in this chapter.

Relief Owing to Material Harm to a Stakeholder in the Debt Arrangement [Amendment: 5786]

319O. The court is allowed, at the request of a stakeholder in the debt arrangement, to award it relief as it sees fit in the given circumstances, if it has found that the temporary stay of proceedings order may cause material harm to it.

Cancellation of a Temporary Stay of Proceedings Order [Amendment: 5786]

319P. (A) The court will order the cancellation of a temporary stay of proceedings order, at its own initiative or at the request of a stakeholder or the arrangement manager, if it has been convinced that there is no reasonable chance for the forming and approval of a debt arrangement during the effective period of the order, or that any of the conditions for issuance of an order in Section 319G(A) has ceased to apply or that one of the limitations in Section 319G(B) has applied.

(B) The court is allowed to suspend the cancellation of the temporary stay of proceedings in order to allow for reimposition of attachments that were cancelled owing to issuance of the order or to allow for filing of a motion for an opening of proceedings order.

(C) The cancellation of a temporary stay of proceedings order does not invalidate a sale, transfer, payment or other legal action that were lawfully performed before the cancellation.

**Article D: Temporary Stay of Proceedings Order for an Individual**

[amendment: 5786]

Filing of a Motion for a Temporary Stay of Proceedings Order by an Individual [amendment: 5786]

319Q. (A) An individual for whom there is no stay of proceedings order is allowed to file a motion with the court for a temporary stay of proceedings order according to this article, for forming and approving a debt arrangement with the stakeholders therein, as long as during the 12 months preceding the time of filing of his motion no temporary stay of proceedings order has been issued in relation to him; the individual will send a copy of the motion and the documents attached thereto to the Commissioner and to the creditors that he has specified in his motion; the Commissioner will publish a notice of filing the motion on the Ministry of Justice's website.

(B) In a motion as stated in Subsection (A), the individual will include the details and documents that must be included in the motion for bringing the debt arrangement for approval by the stakeholders therein, except for the proposed debt arrangement, and will attach all of the following to the motion:

(1) A proposed outline for the debt arrangement and the benefit that will arise from the arrangement;

(2) An individual who runs a business will specify the means for financing the expenses involved in operating the business until the approval of the arrangement, will specify how operating the business will be feasible, without a deficit and without detriment to the creditors, and will attach to the motion an operation plan as set forth in Section 319C, all according to the characteristics of the business;

(3) A report and details according to Section 104(B);

(4) A declaration that he understands the instructions that will apply to him until the temporary stay of proceedings order is issued and undertakes to follow them; the Commissioner will publish on his website a declaration text and will specify therein the said instructions in a clear and accessible manner;

(5) The positions of the stakeholders on the proposed outline of the debt arrangement, if known to the individual.

(C) The facts set forth in the motion for a temporary stay of proceedings order and in the documents attached thereto will be verified by an affidavit.

(D) An individual who has filed a motion for a temporary stay of proceedings order will not perform any action that is not within the scope of reasonable, regular economic conduct, and for an individual who is running a business – which is not in the ordinary course of business, until a decision is given on the motion, except with the court's approval.

Filing of an Objection to a Motion for a Temporary Stay of Proceedings Order [Amendment: 5786]

319R. A person who may be harmed by the issuance of a temporary stay of proceedings order for an individual is allowed to file an objection to the court within 14 days of the time of publication of the announcement of filing of a motion for such an order; the submitter of the objection will send a copy of the objection to the individual and to the Commissioner.

Decision on a Motion for a Temporary Stay of Proceedings Order [Amendment: 5786]

319S. (A) The court is allowed to issue a temporary stay of proceedings order if it has found that all of the following apply:

(1) There is a reasonable chance for approval of the debt arrangement and a temporary stay of proceedings order is required to that end; in the case of an individual who is running a business – the court will determine whether this condition applies, taking into account the question of the existence of past debts owing to which the creditors would have been entitled to an allowance according to the provisions of Chapter A of the National Insurance Law, had an opening of proceedings order been issued for the individual;

(2) There is no reasonable concern that the order will inflict material harm on the individual's existing assets;

(3) For an individual who is running a business – there is no reasonable concern that the running of the business in the effective period of the order will be detrimental to the creditors and there are means for financing the expenses involved in running the business until approval of the debt arrangement.

(B) The Court will not issue a temporary stay of proceedings order if it has found that one of the following applies:

(1) There is genuine concern that the individual is acting with the aim of defrauding his creditors;

(2) There is genuine concern that the individual is acting to derecognize any of its assets with the aim of concealing it from his creditors;

(3) There is genuine concern that the motion for a temporary stay of proceedings order has been filed in bad faith or its filing constitutes abuse of the proceeding.

(C) (1) A temporary stay of proceedings order will be for a period that will not exceed 90 days, as ordered by the court.

(2) The court is allowed to extend the period stated in Paragraph (1) by additional periods that cumulatively will not exceed 45 days, if it has been convinced that there is a reasonable chance of completion of the debt arrangement approval by the stakeholders therein and by the court during those periods.

(3) The court is allowed to extend the effective period of the order by additional orders beyond the period stated in Paragraph (2) if it has been convinced, taking into account the position of the creditors, that there are special reasons justifying doing so and that there is a reasonable chance of completion of the debt arrangement approval by the stakeholders therein and by the court during those periods.

(4) A decision to extend the effective period of a temporary stay of proceedings order according to this subsection will be given only after the court has given the parties an opportunity to express their position and has been convinced that the conditions for issuing an order in Subsection (A) continue to apply and the limitations in Subsection (B) do not apply.

(D) If the court has issued a temporary stay of proceedings order, it is allowed to set a time for filing a motion for Having a Debt Arrangement Approved by the Stakeholders therein and set a time for convening class meetings for approval of the debt arrangement and set a time for bringing the debt arrangement that the stakeholders therein have approved for approval by the court.

(E) A decision on a motion for a temporary stay of proceedings order will be made after hearing of the parties, and the court is allowed to examine whether, taking into account the circumstances of the proceeding, awarding interim temporary relief until the hearing of the parties is justified; however, the court is allowed to issue the order after hearing only the individual, if it has been convinced, based on ostensibly reliable evidence, that there is reasonable concern that delaying the making of the decision until after hearing the parties would defeat the purpose of the order or inflict severe damage on the individual; if the order has been issued on an ex parte basis, the court will hold a hearing with all parties present as soon as possible and no later than 14 days from the day of issuing it.

(F) The Commissioner will publish a notice of issuing the temporary stay of proceedings order concerning an individual on the website of the Ministry of Justice and will send a notice thereof to the individual and to the creditors whose identity is known to him; the individual will send such a notice to creditors whose identities are not known to the Commissioner; the arrangement manager will provide a copy of the motion and order to whomever the court orders, under any conditions that it will stipulate.

Results of a Temporary Stay of Proceedings [Amendment: 5786]

319T. (A) Upon issuance of a temporary stay of proceedings order for an individual, as long as it is in effect, the following provisions will apply:

(1) The past debts of the individual will not be recovered from the assets of the individual, but in relation to creditors with special repayment rights, the provisions of Chapter F of Part D will apply, and in relation to creditors with special repayment rights of an individual running a business, the provisions of Sections 60, 255 and 256 will apply;

(2) The proceedings against the individual according to the provisions of Chapter E of Part B will be stayed, and the provisions of that chapter will apply, mutatis mutandis and with the changes below, and if restrictions have been imposed on the individual within collection proceedings, the restrictions are void unless the court has ordered otherwise:

(A) On the matter of Section 29(2) – an individual running a business against whom a temporary stay of proceedings order has been issued will be considered as an individual for whom the Commissioner has ordered the running of its business according to Section 157;

(B) On the matter of Section 29(4) – the word "void" will be read as "the court will be allowed to order its cancellation";

(C) Notwithstanding the statements in Section 29(5) – a creditor will not be able to file a motion for an opening of proceedings order in the case of an individual, unless a motion to cancel a temporary stay of proceedings order has also been filed pursuant to Section 319Z.

(3) The provisions of Section 121(A)(4) will apply;

(4) The court will order the prohibition of departure from Israel of an individual unless it has found that in the circumstances of the matter, not ordering the said prohibition is justified, and it is allowed to suspend the prohibition of departure from Israel or impose a condition for departing from Israel in the form of giving of a bond to its satisfaction;

(5) The individual will be barred from excluding assets from his possession, selling them or changing their status or the rights thereto, outside of reasonable, regular financial conduct, and in the case of an individual running a business, outside the ordinary course of business, except with the approval of the court;

(B) Notwithstanding the statements in Subsection (A), a temporary stay of proceedings order does not exempt the individual from his duty to fulfill any lawful instruction, including an administrative decision, except for a duty to pay a past debt, subject to the provisions of Section 31.

Appointment and Powers of an Arrangement Manager [Amendment: 5786]

319U. (A) The court will appoint an arrangement manager according to Section 326 upon the issuance of a temporary stay of proceedings order.

(B) The arrangement manager will operate on behalf of the court to ensure the correct conduct of a proceeding pursuant to this chapter and to retain the assets of the individual during it and will assist the individual and the creditors with negotiating a debt arrangement.

(C) In addition to the powers of the arrangement manager pursuant to Section 326, the following provisions will apply:

(1) For fulfilling his duty, the arrangement manager will review a motion that the individual has filed pursuant to Section 319Q;

(2) If the arrangement manager believes that an action that the individual intends to perform may be detrimental to the stakeholders in the debt arrangement, he will report this to the stakeholders and to the court along with his opinion on the matter of the detrimental effect that may arise;

(3) The arrangement manager will not provide information about the individual exceeding the amount required for fulfilling his duty pursuant to this chapter.

(4) For an individual who is running a business – the arrangement manager will inform the court of any material change or irregularity in the implementation of the operation plan;

(5) To ensure that the individual is meeting the conditions of the order, the arrangement manager will contact the party entrusted with registering assets in the duly kept register in order to enter a remark in the register stating that the individual is subject to a temporary stay of proceedings in the process of approving a debt arrangement, and it will do so.

(6) The arrangement manager is allowed to apply to the court with a motion to give instructions in relation to the exercising of his powers.

Forming of the Debt Arrangement [Amendment: 5786]

319V. (A) Upon issuing a temporary stay of proceedings order, the individual will immediately act to form the debt arrangement.

(B) The arrangement manager will assist the individual and the creditors to form the debt arrangement, and the individual will cooperate with the arrangement manager to that end.

(C) The arrangement manager will call a meeting with the individual, which will be held within seven days of the day of issuance of the temporary stay of proceedings order.

(D) The arrangement manager will call a meeting to form a debt arrangement with the individual and the creditors, which is to be held within 30 days of the issuance of the temporary stay of proceedings order; the arrangement manager will send the individual and the creditors a summons to the meeting at least seven days before the time of the meeting.

(E) If the arrangement manager has formed a debt arrangement and the individual and all of the creditors that are a party to the arrangement have agreed to it, the individual will file the agreed debt arrangement for approval by the court; if a debt arrangement has been formed and not all creditors that are a party to the arrangement have agreed to it, the individual will file a motion with the court to bring it for approval of the creditors, and the provisions of Chapter B of Part J will apply.

(F) A meeting and session according to this section may also be held by electronic means.

The Debt Manager's Fee [Amendment: 5786]

319W. (A) The arrangement manager who has been appointed pursuant to this article will be entitled to a fee, and his fee will be paid out of the assets of the individual as set forth below:

(1) A sum of 3,500 new shekels including expenses, plus value-added tax, for holding a meeting with the individual and an arrangement meeting session as set forth in Section 319V and all actions attendant thereto, including the reading of documents, discussions with the parties to the debt arrangement, drafting the proposed debt arrangement, providing clarifications to the court, if necessary, and all actions that are necessary until the convening of the class meetings as stated in Section 323;

(2) A sum of 1,000 new shekels including expenses, plus value-added tax, after convening the meetings.

(B) If the debt arrangement has been approved according to the provisions of Sections 319TB(E) or 324 and the court believes that an arrangement manager must be appointed to implement the debt arrangement, it will also appoint that arrangement manager for implementing the debt arrangement according to Section 326, unless it has found that there are special reasons, which will be noted, to appoint another arrangement manager.

(C) The court will set the fee of the appointed arrangement manager pursuant to Subsection (B) according to the regulations pursuant to Section 326; if the regulations have set options for the setting of the fee, the court will set the fee according to the lowest option, on the condition that if the arrangement performance has been completed, the fee will be no less than a sum of 9,000 new shekels, including expenses, plus value-added tax, less the fee that the arrangement manager has received according to Subsection (A); however, the court is allowed to reduce or increase the fee, for reasons that will be noted, according to the regulations pursuant to Section 326.

Provisions on an Individual's Conduct in a Temporary Stay of Proceedings Period [Amendment: 5786]

319X. If a temporary stay of proceedings order has been issued, the following provisions will apply to the individual during the effective period of the order:

(1) The individual will not engage in a transaction and will not perform an action involving receiving credit except with the approval of the court; the approval may be given for a certain matter or a certain transaction or action; the instructions of The commissioner will apply to the individual pursuant to Section 123(B) on the matter of expenses that are necessary for the individual's llivelihood, for which he may engage in a transaction or perform an action involving receiving of credit, to sums that the commissioner will prescribe, without court approval;

(2) The individual will not perform transactions involving his assets outside of the scope of reasonable, regular financial conduct, and in the case of an individual running a business – which are not in his ordinary course of business, except with court approval; an approval may be given for a certain transaction or for a certain type of transactions and may be given in advance;

(3) The individual will report to the Commissioner and to the arrangement manager any material change in a detail regarding his financial situation that he reported pursuant to this article;

(4) The individual will provide the arrangement manager, a reasonable time before making a decision on an action or transaction requiring court approval pursuant to the provisions of this chapter or the decision of the court, all of the information pertaining to that matter, and before applying to the court with a motion for such approval, he will ask the arrangement manager for his position, and will attach it to the motion;

(5) The individual will provide the arrangement manager all information that the arrangement manager has requested from him, which is necessary for the arrangement manager to fulfill his duty; if the individual believes that information that the arrangement manager has requested of him is not necessary for fulfilling the arrangement manager's duty, the individual is allowed to apply to the court with a motion to exempt himself from disclosing the information;

(6) An individual engaging in a transaction or performing an action involving receiving credit will do so under the name pursuant to which the order was issued concerning him and will state that he is "under a temporary stay of proceedings in a debt arrangement approval proceeding"; the instructions set by the Commissioner pursuant to Section 124(B) on the matter of types of transactions for which he has no obligation to state that he is in the process will apply to the individual;

(7) An individual running a business will report to the arrangement manager each month, or at a greater frequency ordered by the court, at the request of the arrangement manager, the expected scope of the business' expenses and incomes and the expenses for forming the debt arrangement and the expenses actually expended and the incomes received.

(8) An individual will report on his activity to the arrangement manager on a regular basis according to the operation plan and will inform him of any material change or irregularity in the implementation of the plan before making the decision to do so, and if the change or irregularity did not involve making a decision, immediately upon the individual learning of them;

(9) The provisions of Section 319K(1), (2), (5), (6), (8) and (9) will apply, mutatis mutandis, to an individual running a business.

Relief Owing to Material Harm to a Creditor [Amendment: 5786]

319Y. The court is allowed, at the request of a creditor, to provide the creditor relief as the court sees fit in the circumstances of the matter, if the court has found that the temporary stay of proceedings order may inflict material harm on the creditor.

Cancellation of a Temporary Stay of Proceedings Order [Amendment: 5786]

319Z. (A) The court will order the cancellation of a temporary stay of proceedings order, at its own initiative or at the request of a stakeholder or the arrangement manager, if it has been convinced that there is no reasonable chance of forming and approving a debt arrangement in the effective period of the order or that any of the conditions for issuing an order in Section 319S(A) has ceased to apply or that one of the restrictions in Section 319S(B) applies.

(B) If the individual or the arrangement manager has learned in the temporary stay of proceedings order that any of the conditions for issuing a temporary stay of proceedings order has ceased to apply to the individual, the individual or arrangement manager will inform the court.

(C) If the arrangement manager learns in the temporary stay of proceedings order that the individual is not following the provisions of Sections 319V(2) and 319X, the arrangement manager will apply to the court with a motion to give instructions.

(D) The court is allowed to suspend the cancellation of the temporary stay of proceedings order in order to allow for the reimposition of restrictions or attachments that have been cancelled owing to the issuance of the order or to allow for the filing of a motion for an opening of proceedings order.

(E) The cancellation of a temporary stay of proceedings order does not invalidate a sale, transfer, payment or other legal action that was lawfully performed before the cancellation.

Approval of the Debt Arrangement [Amendment: 5786]

319AA. Notwithstanding the statements in Sections 323(B) and 324(A), the following provisions will apply to a debt arrangement relating to an individual whose total debts do not exceed 150,000 new shekels:

(1) The voting power will be according to the list of debts, claims and collection proceedings being conducted for that individual, which the individual has filed; a creditor that considers itself adversely affected by the list that has been filed is allowed to file a debt claim for establishing the voting power;

(2) The creditors that did not participate in the class meetings for approval of the debt arrangement will be considered as supporting the debt arrangement, if the arrangement manager has confirmed that he served the request to approve the debt arrangement to all of the stakeholders in the arrangement and that they were invited to the class meeting; the summons for the class meeting will state that creditors that have not objected to the debt arrangement will be considered as supporting it.

Transition to Insolvency Proceedings [Amendment: 5786]

319BB. (A) If a temporary stay of proceedings order has been issued in the case of a debtor, and one of the following applies, the provisions of Subsection (B) will apply:

(1) The temporary stay of proceedings order has expired or has been cancelled, and an order for opening of proceedings has been issued on the matter of the debtor, following a motion for an order that was filed before the said expiration or cancellation.

(2) The cancellation of the temporary stay of proceedings order has been suspended pursuant to Sections 319P(B) or 31Z(D) and an order for opening of proceedings has been issued on the matter of the debtor following a motion for an order that was filed in the said suspension period.

(B) (1) On the matter of insolvency proceedings in the case of the debtor, the time of issuance of the temporary stay of proceedings order will be considered as the time of issuance of the opening of proceedings order, and the time of filing the motion for a temporary stay of proceedings order will be considered as the time of filing the motion for an opening of proceedings order; however, the time for filing debt claims pursuant to Section 210(A) will be within six months of the time of the publication of the opening of proceedings order.

(2) Expenses for the cost of a proceeding for approving the debt arrangement will be treated as expenses for insolvency proceedings; on the matter of this paragraph "expenses of a proceeding for approving the debt arrangement" refer to all expenses arising from actions that the arrangement manager performed within the proceeding, including his fee, and in relation to a debtor that is a corporation or an individual running a business – also sums that are considered as proceeding expenses according to Section 319K(5), (6) and (9) or according to Section 319X(9), as relevant, and expenses that the debtor has assumed according to the operation plan.

(3) For an individual who filed a motion pursuant to Article A of Chapter L of Part C, Article B of that chapter will not apply, in relation to forming a payments arrangement.

Appointment of an Arrangement Manager as a Trustee [Amendment: 5786]

319CC (A) An arrangement manager who has been appointed in a debt arrangement approval proceeding for an individual will not be subsequently appointed as a trustee in an insolvency proceeding for that same individual.

(B) (1) If an arrangement manager has been appointed in a debt arrangement approval proceeding for a corporation from the candidates suggested by the Commissioner for the function of the arrangement manager, the court is allowed to appoint him thereafter as a trustee in an insolvency proceeding for that individual, unless the court has been convinced that this would be detrimental to the insolvency proceeding; the provisions of Article A of Chapter F in Part B will apply to such an appointment, but the recommendation by the Commissioner pursuant to Section 33(C) of a number of candidates for the function of the trustee will be given if the court has ordered this.

(2) An arrangement manager who has been appointed in a debt arrangement approval proceeding for a corporation and who is not among the candidates whom the Commissioner recommended for the function of the arrangement manager, will not be appointed thereafter as a trustee in an insolvency proceeding for the same corporation, but the court is allowed to appoint him as a trustee as set forth, if it has been convinced that this would assist the insolvency proceedings and would not be detrimental to the creditors; if the court has decided as set forth, it will appoint an additional trustee out of the list of trustees pursuant to Section 37, unless it has been convinced that there are special reasons, which will be noted, justifying not to appoint an additional trustee as set forth; the provisions of Article A of Chapter F in Part B will apply to the appointment of trustees as set forth.

**Chapter B: Debt Arrangement Approval**

Effect of an Approved Debt Arrangement

320. A debt arrangement will bind the debtor and each of the stakeholders therein, even if not all stakeholders have agreed to the arrangement, if approved by the required majority of the stakeholders and by the court, in accordance with the provisions of this chapter.

Request to Bring a Debt Arrangement for Approval by the Stakeholders

321. (A) One of the following parties suggesting a debt arrangement is allowed to file with the court a motion to have the arrangement approved by the stakeholders therein:

(1) If the debtor is an individual – the debtor;

(2) If the debtor is a corporation – the corporation or a member of the corporation, and a creditor – if the conditions for filing a motion for an opening of proceedings order apply to it according to Section 9.

(B) The party filing the motion is to specify therein all of the information required for a decision thereupon, including the proposed debt arrangement and the benefit that will arise from its approval, and, mutatis mutandis, the details enumerated in Section 82(B); the Minister, with the approval of the Constitution Committee, is allowed to prescribe additional details that must be included in the motion and documents that must be attached thereto, which are required for the stakeholders to make a decision on the approval of the proposed debt arrangement.

(C) The filer of the motion will send a copy thereof to the Commissioner.

Having a Debt Arrangement Approved by the Stakeholders

322. (A) If a motion has been filed to the court according to Section 321, the court will order the debt arrangement to be presented to the creditors for approval thereby.

(B) If the total assets of a debtor that is a corporation has exceeded its total debts and the debt arrangement offers to each creditor consideration equal to the full debt amount for which it is a creditor – the proposal will also be brought forth for approval by the corporation's members.

(C) Notwithstanding the statements in Subsections (A) and (B), if the court has found that the act of bringing the debt arrangement for approval by the creditors is detrimental to the proceeding according to this chapter, it will not order it to be brought forth for approval by the stakeholders.

Class Meetings

323. (A) The approval of a debt arrangement by the stakeholders will be in meetings that will be held separately for each class of creditors or members of the corporation (in this chapter – class meetings), in the manner that the court will order; in this regard, the definition of "class" is as stated in Section 84(A).

(B) For convening meetings pursuant to this section and voting therein, the court will decree on the right of each creditor or corporation member to vote in the meeting and will determine its voting power according to the proportion of the debt owed thereto according to its proportion of the rights in the corporation, as the case may be; the court is allowed to order that the proceeding in which the voting power will be determined be held before the arrangement manager who will be appointed according to Section 326; such a decree will have an effect on the matter of establishing the voting power in meetings according to this section only.

(C) The provisions of Section 84(C) to (E) will apply to class meetings that have been convened according to this section, mutatis mutandis.

Approval of a Debt Arrangement by the Stakeholders and the Court

324. (A) The provisions of Sections 85 to 88 will apply to approval of a debt arrangement by the stakeholders or by the court, mutatis mutandis and subject to the provisions of Subsection (B).

(B) If the debt arrangement is with a debtor who is an individual –

(1) An examination will be made of the consideration that is being proposed for the creditor in the debt arrangement for the purposes of Sections 87(1) and 88 compared to the consideration that that creditor would receive if an economic rehabilitation order was issued for the individual.

(2) The court is allowed to subject the approval of the debt arrangement to the condition of training in correct financial conduct to be taken by the individual, if it has found that the circumstances that led to the debt arrangement motion indicate that the training would assist in his economic rehabilitation; the training will be performed according to the rules that the Minister will prescribe, with the approval of the Constitution Committee;

The Insolvency and Economic Rehabilitation Regulations (Training for Correct Financial Conduct), 57863-2023, have been published.

(3) Assets that are not part of the insolvency estate as set forth in Section 217 and the right to an asset to which home protection prescribed in Section 229 applies will not be considered as a promise for any consideration to a debtor for the purposes of Section 87(2).

Duties and Conditions that Will Not Be Included in a Debt Arrangement [Amendment: 5786]

325. (A) A debtor in a debt arrangement may not be exempted from the duties enumerated in Sections 89(B) and 175.

(B) A condition stating that a debt arrangement will be approved as an economic rehabilitation plan or as an economic rehabilitation order within insolvency proceedings may not be included in the debt arrangement.

Arrangement Manager [Amendment: 5786]

326. (A) The court is allowed to appoint an arrangement manager for performing some or all of the actions set forth below:

(1) Decreeing on the matter of voting right and voting power of the stakeholders in the class meetings;

(2) Decreeing on the matter of the scope of rights of the stakeholders in the approved debt arrangement, for distributing the consideration according to the provisions of the arrangement;

(3) Additional actions that are required for implementing the approved debt arrangement, as ordered by the court.

(B) The provisions of Sections 33 and 37 or Sections 125 and 126 will apply to the appointment of a debt arrangement, mutatis mutandis.

(B1) The powers of the Commissioner in relation to a trustee pursuant to the provisions of Part F will also be conferred mutatis mutandis to the Commissioner for an arrangement manager.

(C) The Minister is allowed to prescribe, with the approval of the Constitution Committee, instructions on the matter of the arrangement manager, including on the matter of his fee and powers and on the matter of conducting the proceedings held before him, including the manner of submitting requests to the arrangement manager, the items that will be included in them and the manner of decreeing on them.

Power of the Court to Hear Disputes

327. The court that has approved a debt arrangement is competent to hear a dispute that arises in relation to the interpretation or implementation of the arrangement.

The Relationship between a Debt Arrangement and an Economic Rehabilitation Plan and Economic Rehabilitation Order [Amendment: 5786]

327A. Within insolvency proceedings, it may not be pronounced that a debt arrangement that has been approved pursuant to this part will be considered as an economic rehabilitation plan that has been approved pursuant to Article C of Chapter G in Part B or as an economic rehabilitation order in the sense given in Part C.

**Chapter C: Approval of a Material Debt Arrangement in a Bonds Company**

Definitions – Chapter C

328. In this chapter, the following definitions will apply –

"Material debt arrangement" – a debt arrangement in a bonds company dealing with a material change in the repayment conditions of a series of bonds that includes reduction of debt or deferral of repayment time, including an arrangement whereby some or all of the bonds will be repaid by way of allocating other securities to the bondholders;

"Bonds trustee" – a trustee who has been appointed pursuant to Chapter E1 of the Securities Law;

"Bonds company" and "bonds series" – as defined in the Companies Law.

Appointment of an Expert for Examining a Material Debt Arrangement

329. (A) If negotiations are being held between a bonds company and bondholders holding a certain series for forming a material debt arrangement, the bonds trustee of those bondholders, and if no such bonds trustee has been appointed, the company, will apply to the court, during the negotiations, with a motion to appoint a court expert to examine the debt arrangement (in this chapter – the expert).

(B) The bonds trustee who filed the motion to appoint the expert and the bonds trustees of the bondholders holding bonds of other series are allowed to suggest candidates for the position of the expert;

(C) If a motion to appoint an expert has been filed, the court will appoint an expert on its part, unless it believes that in the given circumstances appointing the expert is not required for protecting the interests of the bondholders.

(D) The expert will have accounting and financial expertise, as defined in Section 240(A1) of the Companies Law or will have other professional competency that is required for fulfilling his duties pursuant to this chapter, and will have suitable experience, as the Minister will prescribe, with the approval of the Constitution Committee.

(E) The Court will not appoint as an expert a person who may be in a state of conflict of interest between his function as an expert and a personal interest or other function that he or a relative or another person with which he has personal or economic ties, including a conflict of interests arising from an obligation that the expert has given to a stakeholder in the proceeding or an attorney of a stakeholder.

(F) If an opening of a proceedings order has been issued in relation to a bonds company, the expert will cease his service; the provisions of this section do not derogate from the power of the court to grant the trustee the functions and powers of the expert pursuant to this chapter, mutatis mutandis, or to appoint the expert as a trustee if he fulfills the conditions on this matter according to Article A: Appointment of the Trustee, of Chapter F in Part B.

Functions of the Trustee

330. The functions of the trustee are:

(1) Submitting professional assistance in negotiating the debt arrangement, including providing professional advice, by himself or through other holders of expertise on his behalf, to the bondholders or to a representative whom they have appointed on their behalf, and providing them information that they require for conducting negotiations;

(2) Preparing, according to the instructions of the court, an opinion on the matter of the economic viability of the debt arrangement for the bondholders (in this chapter - expert opinion); the expert opinion will be provided to the court, to the company, to the bonds trustee and to the bondholders a reasonable time before convening of the meetings pursuant to Section 323, at a time that the court will order;

(3) Examining the distribution that the company made in the period that the court prescribed and that preceded the appointment of the expert, which is a prohibited distribution as defined in Section 301(B) of the Companies Law (in this article - examination of past distributions); the findings of the examination as set forth will be brought to the court, the company, the bonds trustee and to the bondholders by no later than the time of providing the expert opinion.

The Expert Opinion

331. (A) The expert opinion will relate, inter alia, to the options for the proposed debt arrangement and the consideration that the bondholders would receive in each of the options, and the expert will examine within it the option of liquidating the company and the possibility of selling it or selling its assets to a third party.

(B) If according to the proposed debt arrangement, people who were shareholders of the company prior to the arrangement are left with shares, the expert opinion will also include attention to the following:

(1) The value of the shares retained as set forth, particularly shares retained by the controlling shareholders of the company, and the consideration that the shareholders will give for them;

(2) The possibility of repaying the bonds by allocating the said retained shares to the bondholders or by sale thereof to third parties.

(C) If the proposed debt arrangement has included an instruction whereby the bondholders or the company will be barred from filing suit against an officer in the company, a stakeholder therein as defined in the Companies Law or another person (in this subsection – exemption from responsibility) the expert opinion will also include attention to the following:

(1) Examination of whether actions or transactions that the person for whom the exemption from responsibility is being proposed, in the period preceding the time of filing the motion for the debt arrangement confirmation, give the bondholders or the company causes of action against him, including a cause of action pursuant to Section 106(C) of the Companies Law;

(2) The estimated economic value of the exemption from responsibility considering the findings of the examination pursuant to Paragraph (1), and the considerations for giving the said exemption.

(D) If the proposed debt arrangement includes different consideration to bondholders holding bonds of different series, the expert opinion will include attention to the economic viability of the proposed arrangement for each of the series and the fairness of the distribution of the consideration among the bondholders.

(E) If the proposed debt arrangement is part of a debt arrangement between the company and other creditors, the expert opinion will also include attention to the economic viability of the arrangement for those creditors.

(F) The Minister is allowed to prescribe additional matters that will be included in the expert opinion and prescribe instructions on the matter of its form and manner of service and providing of the findings of the examination of past distributions.

Convening of Class Meetings

332. The court will not order the convening of class meetings of the stakeholders in a material debt arrangement pursuant to Section 322 before receiving the expert opinion and the findings of the examination of past distributions; the time for convening the meetings that the court will prescribe will be a reasonable time after providing ]the opinion and the findings of the examination to the company, the bonds trustee, the bondholders and the court.

Power of the Expert to Request Information

333. (A) The company and the bonds trustee will provide the expert any information that he will request that is necessary for him to fulfill his duty.

(B) If the company or the bonds trustee believes that information that the expert has requested of them is not necessary for him to fulfill his duty, they are allowed to contact the court with a motion for exemption from disclosing the information.

(C) The court is allowed to prescribe conditions for disclosing the information pursuant to this section, including prohibiting the disclosure of the information to the bondholders.

Fee and Expenses

334. (A) The court will establish the expert's fee and is allowed to permit the expert to receive services from other experts for performing his duties, at a cost that the court will prescribe.

(B) The expert's fee and the costs as set forth in Subsection (A) will be paid by the Company, unless the Court has pronounced otherwise, for special reasons that will be noted; however, if the debt arrangement is part of a debt arrangement between the company and other creditors, the court will pronounce who will bear the fee and the costs.

Retention of the powers of the Bonds Trustee

335. The provisions of this article do not derogate from the powers of the bonds trustee pursuant to any statute.

Exclusive approval proceeding

336. A material debt arrangement in a bonds company will have be binding as set forth in Section 320 only if it has been approved pursuant to the provisions of this part.

## Chapter D: Holding of Protected Negotiations by a Corporation – Temporary Provisions

Definitions – Chapter D

337. In this chapter, the following definitions will apply –

"Board of directors", "board" – as defined in the Companies Law, and any entity that fulfills an equivalent function in a partnership;

"Protected negotiations" – negotiations for forming a debt arrangement during which the protections pursuant to this chapter apply;

"Reporting corporation" – a public company or a bonds company as defined in the Companies Law or a limited public partnership as defined in the Partnerships Ordinance.

Opening of Protected Negotiations

338. (A) A debtor that is a reporting corporation is allowed to open protected negotiations if the corporation's board of directors has confirmed that the following apply:

(1) The corporation has no mature debt and has not been paid, except for a debt that is being disputed in good faith;

(2) There is no genuine concern that the corporation will not be able to repay on time debts that will mature in the next nine months.

(B) The reporting corporation will provide a notice of opening of protected negotiations and a copy of the board's confirmation to the Commissioner and all of the creditors that it is seeking protection from.

(C) If the reporting corporation has reported as set forth in Subsection (B), it will immediately start negotiating with the creditors to which it has provided the notice.

(D) The Minister will prescribe instructions on the matter of the wording of the board of directors' confirmation pursuant to Subsection (A) and is allowed to prescribe instructions on the matter of the details of the notice to the creditors pursuant to Subsection (B) and the manner of delivering it.

Protections of the Reporting Corporation within Protected Negotiations

339. (A) The protections that will be available to the reporting corporation towards any creditor to which a notice has been given pursuant to Section 338(B) are as follows:

(1) The creditor will not be allowed to file a motion with the court to bring a debt arrangement that it has proposed for approval by the stakeholders, pursuant to Section 321;

(2) The creditor will not be able to call its debt for immediate repayment;
(3) The creditor will not be able to file a motion for opening proceedings.

(B) The period during which the protections pursuant to Subsection (A) (in this chapter – the protection period) will apply will be as set forth in the notice of the reporting corporation pursuant to Section 338(B), subject to the following provisions:
(1) The protection period will start at the time of delivering the notice thereto for each creditor;
(2) The protection period will not exceed six months from the time of the board of directors' confirmation pursuant to Section 338(A);
(3) If there has been or there is a cause for calling debt for immediate repayment – the protection period will end, for all of the creditors, 45 days after the day on which the reporting corporation has been provided a notice of the existence of the cause or from the day of the board of directors' confirmation pursuant to Section 338(A), whichever the later, but no later than the end of the period in Paragraph (2);
(4) If the reporting corporation has not paid a debt that is not disputed in good faith on time, the protection period will expire.

Relief for Material Harm to a Creditor

340. The court is allowed, at the request of a creditor, to remove the protections prescribed in Section 339(A) applying thereto, in part or in full, or to grant it other relief as it will see fit in the given circumstances, if it has found that the applicability of the protections may cause material harm to the creditor; in this regard, the protections will be considered as having potential to cause material harm to a creditor, inter alia, if one of the following applies:
(1) There is genuine concern that the corporation is acting with the aim of defrauding its creditors;
(2) There is genuine concern that the corporation is acting to derecognize any of its assets with the aim of concealing it from its creditors;
(3) There is genuine concern of reduction of the value of the asset that is charged to the benefit of the creditor;
(4) There is genuine concern that the corporation is abusing the protections given to it pursuant to this chapter.

Appointment of a Representative of the Creditors

341. (A) If a reporting corporation has announced the opening of protected negotiations, the creditors will appoint a representative on their part – in this chapter – the creditors' representative), who will conduct the negotiations on their part and will be an observer on their part in the board meetings and committees of the corporation.

(B) If no creditors' representative has been appointed within 21 days of the time of giving the notice of the reporting corporation pursuant to Section 338(B), the Commissioner will appoint a creditors' representative, after consulting the creditors, out of a list that he has formed after consulting the Head of the Securities Authority, the Capital, Insurance and Saving Market Commissioner in the Ministry of Finance and the Superintendent of the Banks; the creditors are allowed to replace the representative appointed by the Commissioner at any time if they have reached an agreement as to the identity of another representative on their behalf.

(C) The Minister, with the approval of the Constitution Committee, is allowed to prescribe instructions on the matter of appointment of the creditors' representative, his competency, fee and the forming of the list kept by the Commissioner.

The Status of the Creditors' Representative in the Board of Directors

342. The creditors' representative is allowed to be present at all meeting of the reporting corporation's board of directors and committees and receive any information that a board member is allowed to receive but will not be allowed to be present in meetings dealing with the formation of the corporation's position on the protected negotiations or receive information relating thereto.

Right to Receive Information

343 (A) The reporting corporation will provide the creditors' representative, a reasonable time before making a decision on the matters set forth below, all of the information pertaining to that matter:
(1) Distribution to the members of the corporation;
(2) An irregular transaction;
(3) A transaction enumerated in Section 270 of the Companies Law.

(B) The corporation will report each month the expected scope to the creditors' representative of the administrative expenses and general expenses as defined in the Generally Accepted Accounting Principles.

(C) The corporation is allowed to apply to the court with a motion to prescribe conditions on the matter of the presence of the creditors' representative in board meetings and receiving the information pursuant to Section 342 and on the matter of providing information pursuant to this section, or a motion to exempt it from providing information to the creditors' representative or to the creditors owing to its secrecy.

(D) In this section, the meaning of "distribution" and "irregular transaction" will be as these terms are defined in the Companies Law.

Reporting to Creditors

344. (A) If the creditors' representative believes that an action that the reporting corporation intends to perform is not to the benefit of the corporation or may harm the creditors, he will report this to the creditors, along with an opinion on the harm that may be inflicted and the creditors' possible courses of action.

(B) The creditors' representative will not provide the creditors information on the reporting corporation in excess of that required for fulfilling his duty pursuant to this chapter.

Temporary Provision

345. The provisions of this chapter will be in effect for four years after the day of commencement of this chapter and will continue apply to protected negotiations that have not yet ended during said period, including after it.

**Part K: Penalties and Enforcement Powers**

Penalties

346. (A) A debtor for whom an opening proceedings order has been issued, and in the case of such a debtor that is a corporation – a member or officer of the corporation, who has committed one of the following, is liable for three years' imprisonment:
(1) Concealment of any of the assets of the debtor before an opening of proceedings order is given, with the aim of it being excluded from the assets of the insolvency estate;
(2) Concealment of any of the assets of the debtor after the opening of proceedings order has been given;
(3) Not providing information that he is required to provide according to the provisions of this law or providing such information that is partial or false to the trustee, to the Commissioner or to the Execution Registrar, with the aim of undermining the insolvency proceedings.

(B)