# EXHIBIT F

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/08/27**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Hebrew

To:

- English (USA)

The documents are designated as:

- 2026 08 26 (78-17) Exhibit Q

Samuel Wu, Managing Director of this company, attests to the following:

“To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents.”

Samuel Wu

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

[Emblem of the State of Israel]
**Tel Aviv-Jaffa District Court**

**Insolvency 87154-07-26 Papaya Gaming Ltd. et. al v. Insolvency Supervisor – Tel Aviv District et. al**

**Motion no.: 1**

**Before the Honorable Judge Iris Lushi-Abudi**

**In the matter of:** **Insolvency and Financial Rehabilitation Law, 5778-2018 "the Law"**

**And in the matter of: Insolvency and Financial Rehabilitation Regulations, 5779-2019 "the Regulations"**

**And in the matter of: 1. Papaya Gaming Ltd., company no. 515422095**
**2. Papaya Gaming Inc.**
**A company incorporated in Delaware, US**
**Both represented by Adv. Pini Yaniv and/or Liron Sapir et. al "the Applicants"**

**And in the matter of: Skillz Platform Inc.**
**represented by Adv. Yaron Elkawi and/or Amnon Bis and/or Maya Ben Meir "Skillz"**

**And in the matter of: Jane Barsel (foreign citizen), representative of the class of claimants in the claim**
**At a court in California, case no.: 3262624STCV**
**represented in the US by the Milberg PLLC law firm**
**by Adv. Nadav Lev and Adv. Avichai Eliyahu "Milberg"**

**And in the matter of: Ms. Cassie Robinson, the plaintiff in the class-action suit**
**represented by Adv. Shir Eshkol "the Representative Plaintiff"**

**And in the matter of: Insolvency and Financial Rehabilitation Supervisor – Tel Aviv-Jaffa**
**represented by Adv. Hadar Naot "the Supervisor"**

**Decision**

1. Before me is a motion for a stay of proceedings, appoint a settlement administrator, and to convene meetings of creditors of the Applicants for the purpose of approving a debt settlement pursuant to Chapter J of the Insolvency and Financial Rehabilitation Law, 5778-2018 (hereinafter: "**the Law**").

2. The Applicants are two companies: one, Papaya Gaming Ltd., incorporated in Israel (hereinafter: "**the Parent Company**"), and the second, Papaya Gaming Inc., incorporated in the state of Delaware in the United States (hereinafter: "**the Subsidiary**"), which are engaged in, as argued in the motion, the development and marketing of mobile games on the basis of a proprietary platform developed by the Parent Company, which enables gamers to compete in multi-participant tournaments that bear prizes, in games based on skills and abilities. It is further argued that the Subsidiary provides the Parent Company payment clearing and processing services in the US and other countries, and that the lion's share of the income of the Parent Company comes from operations and users in the US.

[Stamp: illegible]

[Emblem of the State of Israel]
**Tel Aviv-Jaffa District Court**

3. The Companies are in a state of cash flow insolvency, with their estimated debts totaling approximately $754 million, of which approximately $719 million stems from a debt that was ruled by a Federal District Court in New York on July 27, 2026 in favor of Skillz (hereinafter: "**Skillz**"), which in also engaged in the field of skill-based mobile games and is a competitor of the Companies, and additional debts to the users of the companies for monetary prizes, and debts arising from the current operations of the Companies and a settlement reached by the Companies as part of a class-action suit filed against them in a California court. Conversely, the companies have a cash balance of approximately $151 million.

4. Following the filing of the motion for a temporary stay of proceedings, I ordered in my decision dated August 1, 2026, a temporary stay of proceedings and the receiving of responses, and subsequently, on August 16, 2026, I also ordered the receiving of responses to main motion to convene meeting and the appointment of a settlement administrator. Following that decision, an announcement was published on the website of the Supervisor.

5. The Companies wish to propose a debt settlement for their creditors, which will ensure payment of up to 100 percent of the debts, despite the cash flow insolvency. The proposed settlement including continuing operation of the Companies, while protecting their profits (except for a fixed amount for current management) in a special fund that will be managed by the settlement administrator for a period of seven years, until the fixed cap in the debt settlement, and for the purpose of distributing them to creditors. For the purpose of my decision, I deem it fit to specify all the details of the settlement in its current form, because it is based solely on income from continued activity, with all the inherent involved, without guarantees, without owner contributions, etc.; arguments that were even raised in the objection on behalf of Skillz. I therefore believed that the Applicants should improve the settlement and present a model that would incorporate income from continued activity as well as from additional sources.

6. In addition to objecting to the content and details of the settlement, Skillz raised a principled objection to the actual filing of the application under Chapter J of the Law, and believed that the conduct of the Companies, which the Federal District Court in New York elaborated in its ruling, justified considering the application as not under Chapter J of the Law, but under the track set forth in Part B thereof, including issuing an order to initiate proceedings and appointing a trustee to investigate the managers of the Companies.

7. As part of the hearing on the motion, I discussed the difficulties of this position, including the expected loss of value to the Companies if an order to initiate proceedings is issued in their case. Ultimately, and taking into account the comments of the other creditors, I believed that there is room to improve and better the debt settlement and that this could be done through a settlement administrator, who would act to draw up and shape the settlement in accordance with the comments of the creditors and in accordance with the comments of the Supervisor and the court in the hearing.

[Stamp: illegible]

[Emblem of the State of Israel]
**Tel Aviv-Jaffa District Court**

8. As is known, the court may issue a temporary stay of proceedings order pursuant to Section 319G of the Law if it found that all the conditions in the section are upheld. In our case, I believe that these conditions exist: thus, there is a reasonable chance that a debt settlement will be approved, which will result in the financial rehabilitation of the Companies as set forth hereinabove, and that a temporary stay of proceedings order is necessary for that; there is no reasonable concern that the operations of the Companies during the period of the stay will harm the creditors, and there are means to finance the expenses inherent in operating the Companies until approval of the debt settlement. It should be noted that the representative of Skillz stated in his notice from this morning that he does not agree to the court's proposal to issue a 45-day temporary stay of proceedings, but, as aforesaid, I believed that there was a need to stay the proceedings in order to allow for a debt settlement to be drawn up, and in any case, the objection of Skillz to the proposed wording of the settlement was accepted, so that all parties agree that there is a need to draw up another settlement, and therefore, and for this reason, the proceedings should be stayed anyway.

9. Therefore, I accept the motion in a way that temporary order will become a temporary stay of proceedings order, which will remain in effect for 45 days, counted from the date of lifting of the gag order on August 3, 2026.

10. Because publication of the filing of the motion was only made on the website of the Supervisor, and considering that the Companies also have creditors outside of Israel, this publication is insufficient, and therefore, by virtue of my authority under Regulation 7 of the Insolvency and Financial Rehabilitation Regulations, 5779-2019, I order that the publication of the main motion and this decision be carried out by sending an email (in English) to all the relevant parties which were customers of the Companies and their users during the period relevant to the Skillz claim. The Applicants will send the emails pursuant to the declaration of their attorney for the record,according to which there is no difficulty in locating these customers, and the attorney for the Applicants will file an appropriate notice with the court approving the publication in this manner.

11. The period of time for filing debt claims is hereby extended, as proposed by the Supervisor, and will 14 days from the date of the additional publications as set forth in Section 10 hereinabove.

[Stamp: illegible]

12. Without criticizing the professionalism, expertise, and extensive experience of each of the candidates proposed in managing insolvency cases of all types, including operational and complex proceedings, and corporate case (as I am also aware of the update notice filed today on behalf of one of the candidates and the subsequent update notice of the Supervisor, and of the position of the Applicants) and taking into account my decision of August 16, 2026, which referred to the special characteristics of these proceedings, and taking into account the immediate need to improve the settlement while ensuring compliance with the commitments associated with operating the Companies pursuant to American law and to preserve the profitable operations of the companies in the United States, and in accordance with my authority under Section 33 (b) of the Law, I order the appointment of Adv. Gil Oren of the Yigal Arnon & Co. law firm as the settlement administrator (hereinafter: "**the Settlement Administrator**"). It should be noted that Adv. Oren is also on the list of trustees in operational and complex proceedings (see also the position of the Supervisor in Insolvency Case 39303-07-22). The appointment is subject to the immediate issue of an affidavit on the absence of a conflict of interests and the deposit of a Letter of Commitment in the sum of NIS 300,000. The powers of the Settlement Administrator are as set forth in Section 319M of the Law.

13. The orders I issued on August 1, 2026, and August 16, 2026, ill remain in force, except for exception with respect to the continuation of the legal proceedings in the class- action suits against the Applicants, and for this purpose, the Applicants will file an exception ruling for my signature in accordance with the matters heard at the hearing.

14. The Settlement Administrator will act to draw up the debt settlement and file an appropriate motion to convene meeting within a period of time that will enable the foreign creditors to consider their position between the publication date of the settlement and the date the meetings are convened.

15. The secretary will urgently send a copy of my decision to the Parties, the Supervisor, and Adv. Gil Oren.

16. Follow-up by the secretary in 45 days.

Issued today, 13 Elul 5786, August 26, 2026, in the absence of the Parties.

[Stamp: illegible]

[signature]
**Iris Lushi-Abudi, Judge**