**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Papaya Gaming Ltd., *et al.*,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 26-11217<br><br>(Jointly Administered) |

**CONTESTED CERTIFICATION OF COUNSEL REGARDING**
***PROPOSED* SCHEDULING ORDER**

The undersigned counsel to Skillz Platform Inc. ("Skillz") hereby certifies as follows:

1. Following the September 14, 2026 status conference before the Court, counsel for Skillz and counsel for Oriel Bachar, the foreign representative (the "Foreign Representative") of Papaya Gaming Inc. ("Papaya US") and Papaya Gaming Ltd. ("Papaya Ltd." and collectively with Papaya US, the "Debtors") exchanged several drafts and met and conferred regarding a form of scheduling order governing relevant dates and deadlines in advance of the hearing (the "Recognition Hearing") to consider the *Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding* [D.I. 4].

2. As noted in the *Certification of Counsel Regarding Scheduling Order* [D.I. 131] (the "Foreign Representative's COC") submitted by the Foreign Representative, Skillz and the Foreign Representative were able to reach agreement on all aspects of a proposed scheduling order but one. Specifically, the Foreign Representative insisted on including language in the proposed

[1] The Debtors in the above-captioned chapter 15 cases, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The purported location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

scheduling order that would prohibit attendance and participation at the Recognition Hearing in person, a deviation from the Court's Chambers Procedures, which provide that: "Hearings will be conducted by Zoom. ***Parties and Witnesses are permitted, but not required, to appear in person***. The Court has no preference." (emphasis added).

3. Skillz respectfully submits that this Court's Chambers Procedures should be followed and all parties, counsel, and witnesses be permitted to attend and participate in the Recognition Hearing either in person or remotely. This structure is not only the standard practice before this Court, but also allows the parties the opportunity to present their case as they believe will be most effective while providing flexibility for attendance (including the presentation of testimony) remotely.

4. Contrary to the statements in the Foreign Representative's COC, no prior request was made by the Foreign Representative to deviate from this Court's Chambers Procedures or to hold a fully remote hearing that prohibited in-person attendance. Rather, counsel to the Foreign Representative requested at the August 4, 2026 provisional hearing that his witnesses be permitted to attend the final hearing remotely from Israel—consistent with Chambers Procedures—and this Court confirmed that Zoom participation was allowed:

> 3 MS. ANTLE: Just to clarify, with regard to our
> 4 witnesses in Israel, would they be permitted to appear by
> 5 Zoom?
> 6 THE COURT: Yes. Everyone can appear by Zoom.
> 7 So, I have the 27th, the 28th, and the 31st available or,
> 8 again, the 4th or 3rd. I will let the parties consult and
> 9 please get me the form of order with an agreed date, again,
> 10 by the end of today.

(Aug. 4, 2026 Hr'g Tr. 71:3-10) [D.I. 127].

WHEREFORE, Skillz respectfully requests that the Court enter the proposed scheduling order attached to this certification as **Exhibit A** at the Court's earliest convenience. For the Court's convenience, a redline comparison between the proposed scheduling order attached hereto as Exhibit A and the proposed scheduling order attached to the Foreign Representative's COC is attached hereto as **Exhibit B**.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 1, 2026
Wilmington, Delaware

Respectfully Submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*<u>/s/ Sean M. Beach</u>*
Sean M. Beach (DE Bar No. 4070)
Michael S. Neiburg (DE Bar No. 5275)
Joshua Hall (DE Bar No. 7510)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: sbeach@ycst.com
mneiburg@ycst.com
jhall@ycst.com

–and–

Ray C. Schrock (*pro hac vice*)
Christopher Harris (*pro hac vice*)
Adam J. Goldberg (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
christopher.harris@lw.com
adam.goldberg@lw.com

–and–

Lazar P. Raynal (*pro hac vice*)
Michael A. Lombardo (*pro hac vice*)
**KING & SPALDING LLP**
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312)-995-6333
Email: lraynal@kslaw.com
mlombardo@kslaw.com

***Counsel to Skillz Platform Inc.***