# Exhibit 38

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEXTPOINT FINANCIAL INC., *et al.*,<br><br>Debtors in a foreign proceeding.[1] | Chapter 15<br><br>Case No. 23-10983 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. Nos. 13, 51** |

**ORDER RECOGNIZING CANADIAN PROCEEDING AS A FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

Upon consideration of the Official Form 401 [D.I. 1] and *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 5] (together, the **"Chapter 15 Petition"**) and the *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [D.I. 13] (the "**Motion"**) filed by NextPoint Financial Inc. ("**NextPoint**"), in its capacity as the duly-appointed foreign representative (the "**Foreign Representative**") of the above captioned debtors (the "**Debtors**"), in a voluntary restructuring proceeding (the "**Canadian Proceedings**") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"), pending before the Supreme Court of British Columbia (the "**Canadian Court**"), as well as upon consideration of the *Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15*

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450), JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A). The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

*Recognition and Final Relief* [D.I. 12], the *Declaration of Colin Brousson in Support of Verified Petition for (i) Recognition of Foreign Main Proceedings and Foreign Non-Main Proceedings, (ii) Recognition of Foreign Representative, (iii) Recognition of Initial Order and Amended and Restated Initial Order and (iv) Related Relief under Chapter 15 of the Bankruptcy Code* (the "**Brousson Declaration**") and the *Declaration of Peter Kravitz in Support of Verified Petition for (i) Recognition of Foreign Main Proceedings and Foreign Non-Main Proceedings, (ii) Recognition of Foreign Representative, (iii) Recognition of Initial Order and (iv) Related Relief under Chapter 15 of the Bankruptcy Code* (the "**Kravitz Declaration**"), and all documents attached to the Brousson Declaration and the Kravitz Declaration (the **"Petition and Relief Documents"**), and upon consideration of any responses or oppositions to the Motion or Chapter 15 Petition, and after due and sufficient notice of and hearing on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334;

b. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P);

c. Venue is proper in this district under 28 U.S.C. § 1410;

d. Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required;

e. This chapter 15 case was properly commenced and in accordance with 11 U.S.C. § 1504;

f. The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515;

g. The Foreign Representative is a "person" within the meaning of 11 U.S.C. §101(41) and is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2);

h. The Canadian Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

i. The Canadian Proceeding is pending in Canada, which is the location of the Debtors' center of main interests, and, therefore, the Canadian Proceedings are foreign main proceedings within the meaning of 11 U.S.C. § 1502(4);

j. The Canadian Proceedings are entitled to recognition as foreign main proceedings because they meet the requirements of 11 U.S.C. § 1517;

k. Recognition of the Canadian Proceedings as foreign main proceedings is not contrary to the public policy of the United States;

l. The Foreign Representative and the Debtors are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation;

m. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Debtors and the interests of its creditors; and

n. All creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as provided in this order ("**Order**").

2. The Canadian Proceedings are hereby recognized as foreign main proceedings in accordance with 11 U.S.C. § 1517 and given its full force and effect.

3. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362.

4. The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

i. No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Debtors, their assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Debtors or against any of their assets located in the United States or the proceeds thereof; and (d) exercise any control over the Debtors' assets located in the United States except as authorized by the Debtors in writing.

ii. The Foreign Representative is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during this chapter 15 case. No action taken during such period by the Foreign Representative, or its agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

iii. The Foreign Representative is hereby authorized to obtain and borrow under a credit facility from BP Commercial Funding Trust, Series SPL-X and Drake Enterprises Limited, in order to finance the continuation of the Debtors' business and preservation of property, such amounts from time to time as the Debtors may consider necessary and desirable up to an aggregate principal amount not exceeding $25,000,000.

5. The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

6. The right to transfer, encumber, or otherwise dispose of the Debtors' assets absent the express written consent of the Debtors is hereby suspended.

7. The Foreign Representative is entrusted with the right to operate the Debtors' business, exercise the rights and power of a trustee, and is entitled to administer and realize all or part of the Debtors' assets within the territorial jurisdiction of the United States.

8. Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

9. Notice of this Order shall be served in accordance with this Court's *Final and Interim Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions, (B) Specifying Form and Manner of Service of Notice, and (C) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. 44]. Service in accordance with this Order constitutes adequate and sufficient service and notice for all purposes.

10. The Petition and Relief Documents shall be made available by the Foreign Representative upon request in writing to its counsel, DLA Piper (US) LLP, 1201 N. Market Street, Suite 2100 Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com]), and 1251 Avenue of the Americas, New York, New York 10020 (Attn: Rachel Ehrlich Albanese, Esq [Rachel.Albanese@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]).

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.



**Dated: August 16th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**