# Exhibit 39

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMV Inc., *et al.*,<br><br>Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 23-10589 (KBO)<br><br>(Jointly Administered)<br><br>**Re: D.I. 4** |

**ORDER (I) RECOGNIZING FOREIGN MAIN PROCEEDING, (II) RECOGNIZING FOREIGN REPRESENTATIVE, (III) RECOGNIZING AMENDED AND RESTATED INITIAL ORDER, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceeding (II) Recognition of Foreign Representative, (III) Recognition Amended and Restated Initial Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* ( the "Verified Petition", and together with the chapter 15 petitions filed for each of the Debtors as D.I. 1 in their respective cases, the "Petitions for Recognition")[2], the Hall Declaration, the Tardif Declaration, and the Provisional Relief Motion (collectively, the "Chapter 15 Pleadings"), each filed May 1, 2023, by or on behalf of the Foreign Representative, IMV Inc., in its capacity as the duly appointed foreign representative of the above captioned debtors (the "Debtors"), in a voluntary restructuring proceeding (the "Canadian Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Supreme Court of Nova Scotia (the "Canadian Court"), initiated pursuant to the Companies' Creditors Arrangement Act,

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers, are: IMV Inc. (6991); IMV USA Inc. (4184) ("IMV USA"); and Immunovaccine Technologies Inc. (6772) ("IVT"). The location of the Debtors' headquarters and the Debtors' foreign representative is: 130 Eileen Stubbs Avenue, Suite 19, Dartmouth, Nova Scotia B3B 2C4.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Verified Petition.

Case 26-11215-MFW Doc 143-1 Filed 01/02/26 Page 2 of 9

R.S.C. 1985, c. C-36 (as amended, the "CCAA"), and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petitions for Recognition (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the *Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Service of Notice* and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. These cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

C. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

D. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

F. The Canadian Proceeding is a “foreign proceeding” within the meaning of section 101(23) of the Bankruptcy Code.

G. The Canadian Proceeding is pending in Canada, which is the country in which the Debtors have their center of main interests and, as such, the Canadian Proceeding is a “foreign main proceeding” within the meaning of sections to section 1502(4) an 1517(b)(1) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding in respect of each of the Debtors.

H. The Foreign Representative IMV Inc. is a “person,” as such term is defined in section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors and has been declared by the Canadian Court as authorized to act as the “foreign representative” with respect to the Canadian Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

I. The Petitions for Recognition meet all of the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

J. The Canadian Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code and the Debtors have satisfied the eligibility requirements of section 109(a) of the Bankruptcy Code, as applicable.

K. The Debtors and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

L. Appropriate notice of the filing of, and the Hearing on, the Petitions for Recognition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

M. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted

pursuant to sections 105(a), 362, 365, 1507(a), 1509(b)(2)-(3), 1520, 1521, 1522 and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interests that is not outweighed by the benefits of granting that relief.

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

O. Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Canadian Proceeding or otherwise against the Debtors and their directors and officers or their property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the Canadian Proceeding and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

P. Absent the requested relief, the efforts of the Debtors, the Canadian Court and the Foreign Representative in conducting the Canadian Proceeding and effecting their restructuring or sale process therein may be thwarted by the actions of certain creditors, a result that will obstruct the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

Q. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the Canadian Proceeding, (iv) confers material benefits on, and is in the best interests of, the Debtors and their creditors, and (v) is important to the overall objectives of the Debtor' restructuring.

R. The findings and determinations set forth in that certain Order Granting Provisional Relief [D.I. 15] (the "Provisional Relief Order") are confirmed on a final basis and incorporated by reference.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petitions for Recognition and the relief requested therein are granted as set forth herein.

2. The Petitions for Recognition meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Canadian Proceeding is granted recognition with respect to each of the Debtors as a foreign main proceeding (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

4. IMV Inc. is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceeding.

5. The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtors and to the Debtors' property that is now within or in the future is located within the territorial jurisdiction of the United States.

6. The Amended and Restated Initial Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States.

7. All objections, if any, to the Petitions for Recognition or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled with prejudice on the merits.

8. Upon entry of this Order, the Canadian Proceeding is shall be and hereby is granted comity and given fill force and effect in the United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

(a) the protections of section 361, 362, and 365(e) of the Bankruptcy Code apply to the Debtors;

(b) all persons and entities are enjoined from taking any actions inconsistent with the Canadian Proceeding and the SISP and seizing, attaching, and enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative; and

(c) all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

(d) all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these chapter 15 cases, the Canadian Proceeding, and the SISP; and

(e) all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these chapter 15 cases solely because of a provision in such contract or lease is conditioned upon the commencement of the Canadian Proceeding or a case under the Bankruptcy Code

9. The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) and 1521(b) of the Bankruptcy Code and, accordingly, the Foreign Representative:

(a) is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States and the Foreign Representative

is hereby established as the exclusive representative of the Debtors in the United States; and

(b) has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

10. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and the Provisional Relief Order shall remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

11. Any and all Provisional Relief (as defined in the Provisional Relief Motion) not granted in the Provisional Relief Order, if any, is hereby granted pursuant to section 1521(a)(7) of the Bankruptcy Code.

12. Pursuant to 11 U.S.C. § 1521(a)(1)-(3), all persons and entities, other than the Foreign Representative and his representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a)) from:

(a) execution against any of the Debtors' and their directors and officers (the "<u>Protected Parties</u>") assets;

(b) the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors and other Protected Parties, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the Canadian Proceeding;

(c) taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or other Protected Parties or any of their property or proceeds thereof;

(d) transferring, relinquishing or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

(e) commencing or continuing an individual action or proceeding concerning the Debtors' or other Protected Parties' assets, rights, obligations or liabilities; and

(f) declaring or considering the filing of the Canadian Proceeding or these chapter 15 cases a default or event of default under any agreement, contract or arrangement

13. Any parties who believe they have a claim against any of the Debtors are obligated to file such claim in, and only in, the Canadian Proceeding.

14. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or the Local Rules.

15. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, these chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, or any further proceeding commenced hereunder shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

16. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a), and 1522 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors, or to any other parties in interest, in each case that is not outweighed by the benefits of granting such relief.

17. The Foreign Representative and the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

18. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

19. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Motion for Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions and (B) Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

20. This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

21. This Court shall retain jurisdiction with respect to the enforcement, amendment, interpretation or modification of this Order, any requests for additional relief, any adversary proceeding in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

**Dated: June 2nd, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**