# Exhibit 40

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| LI-CYCLE HOLDINGS CORP., *et al.*, | Case No. 25-10991 |
| Debtors in Foreign Proceedings. | (Jointly Administered) |

**ORDER GRANTING RECOGNITION OF**
**FOREIGN MAIN PROCEEDINGS AND RELATED RELIEF**

This matter was brought before the Court by William E. Aziz, the duly appointed foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Chapter 15 Debtors") by his undersigned counsel, for his verified petition (the "Verified Petition") for (i) recognition of the Canadian Proceedings[1] as "foreign main proceedings"; (ii) recognition of the Foreign Representative as the "foreign representative" in respect of the Canadian Proceedings; (iii) to obtain a stay of execution against any assets of the Chapter 15 Debtors in the United States and application of section 362 of the Bankruptcy Code to the Chapter 15 Debtors in this Chapter 15 Case pursuant to sections 1520(a)(1), 1521(a) and 105(a) of the Bankruptcy Code; and (iv) to obtain certain additional relief pursuant to sections 1507 and 1521 of the Bankruptcy Code, including recognition and enforcement of the Initial Order, who respectfully represents as follows:

The Foreign Representative filed the Verified Petition for Recognition of Foreign Main Proceedings Under 11 U.S.C. §§ 1515 and 1517 and for Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1507(a)(1519, 1520, and 1521 on May 14, 2025 commencing these cases under Chapter

1 Any capitalized term used herein but not defined herein shall have the meaning ascribed to such term in the Verified Petition.

15 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order granting, among other things, recognition of the Canadian Proceedings as "foreign main proceedings" pursuant to Chapter 15 of the Bankruptcy Code and related relief in order to give full force and effect to the Canadian Proceedings in the United States; and it appearing that this Court has jurisdiction to consider the Verified Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Verified Petition in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P); and upon the Objection of the United States Trustee to the Verified Petition; and the parties having agreed to treat the Limited Objection of Thomas Hubiack to the May 14, 2025 Order Granting Provisional Relief and Shortening Notice Period as an objection to the Verified Petition; and it appearing that adequate and proper notice of the Verified Petition has been given, and that no other or further notice need be given; and a hearing having been held on May 23, 2025 to consider the relief requested in the Verified Petition; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and upon consideration of the Declaration of William E. Aziz in Support of Verified Petition for Recognition of Foreign Main Proceedings and Related Relief and Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code filed concurrently with the Verified Petition (the "Aziz Declaration"); and upon the record of the May 23, 2025 hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petition is in the best interests of the Chapter 15 Debtors, their creditors, and all other parties in interest and that the legal and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, accordingly, the Court hereby **FINDS AND CONCLUDES THAT:**

(A) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Chapter 15 of the Bankruptcy Code and the Amended Standing Order of Reference Dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.)

(B) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution.

(C) Venue is proper in this district pursuant to 28 U.S.C. § 1410.

(D) The Chapter 15 Debtors have tangible and intangible property rights within this district and, therefore, the Chapter 15 Debtors are each eligible to be debtors in these Chapter 15 Cases pursuant to 11 U.S.C. §§ 109 and 1501.

(E) This case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

(F) The Verified Petition meets the requirements of 11 U.S.C. § 1515 and Bankruptcy Rule 1007(a)(4).

(G) The Canadian Proceedings are "foreign proceedings" within the meaning of 11 U.S.C. § 101(23).

(H) The Canadian Proceedings are pending before the Canadian Court in Ontario, where the Chapter 15 Debtors' center of main interests is located and, therefore, the Canadian Proceedings are entitled to recognition as "foreign main proceedings" pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1).

(I) The Foreign Representative is the duly appointed foreign representative of the Chapter 15 Debtors within the meaning of 11 U.S.C. § 101(24).

(J) The Canadian Proceedings are governed in accordance with applicable Canadian law, as it may be amended from time to time, are court-supervised processes, and are entitled to

recognition by this Court pursuant to 11 U.S.C. §§ 1515 and 1517(a).

(K) The Chapter 15 Debtors and the Foreign Representative are entitled to all of the relief set forth in 11 U.S.C. § 1520 without limitation.

(L) The Chapter 15 Debtors and the Foreign Representative are entitled to additional relief under 11 U.S.C. §§ 1507 and 1521 as provided herein.

(M) The relief granted herein is necessary and appropriate, in the interest of the public and international comity and is not manifestly contrary to the public policy of the United States or the policies underlying the Bankruptcy Code.

(N) The relief granted hereby pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1515, 1517, 1519, 1520 and 1521 is necessary to effectuate the purposes of Chapter 15, to protect the Chapter 15 Debtors and the interests of their creditors, and is not manifestly contrary to United States public policy or the policies of the Bankruptcy Code.

(O) Absent the relief granted hereby, the Chapter 15 Debtors may be subject to the prosecution of judicial, quasi-judicial, arbitration, mediation, enforcement, administrative or regulatory actions or proceedings by creditors against them or their property, thereby interfering with and causing harm to, the Chapter 15 Debtors, their creditors, and other parties in interest in the Canadian Proceedings and, as a result, the Chapter 15 Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

(P) Absent the requested relief, the efforts of the Chapter 15 Debtors, the Canadian Court and the Foreign Representative in conducting the Canadian Proceedings may be frustrated by the actions of individual creditors, a result contrary to the purposes of Chapter 15.

(Q) Each of the injunctions contained in this Order is within the Court's jurisdiction and

is important to the overall objectives of the Restructuring.

(S) Appropriate notice of the filing of, and the hearing on, the Verified Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Verified Petition and relief requested therein is granted as set forth herein, and any objections to the Verified Petition are overruled with prejudice.

2. The Canadian Proceedings are granted recognition as foreign proceedings as defined in 11 U.S.C. § 101(23) and pursuant to 11 U.S.C. § 1517(a).

3. The Canadian Proceedings are court-supervised proceedings governed in accordance with applicable Canadian law, as it may be amended from time to time, and are granted recognition as a foreign main proceedings pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1) and is entitled to the protections of 11 U.S.C. § 1520(a).

4. William E. Aziz is the duly appointed and authorized foreign representative of the Chapter 15 Debtors within the meaning of 11 U.S.C. § 101(24).

5. All relief afforded foreign main proceedings pursuant to 11 U.S.C. § 1520 is hereby granted, including, without limitation, the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Chapter 15 Debtors and to their property that is within the territorial jurisdiction of the United States.

6. The Canadian Proceedings and the Initial Order are hereby recognized, granted comity, and given full force and effect in the United States and are binding on and enforceable against all persons, entities and parties in the United States.

7. Upon entry of this Order, and solely to the extent permitted by section 362 and

other provisions of the Bankruptcy Code, all persons, entities and parties are enjoined and restrained from:

(a) taking or continuing any act to obtain possession of, or exercise control over, including but not limited to, attaching, repossessing, seizing, or disposing of, as applicable, the Chapter 15 Debtors, or any of their property (including intangible property) that is located within the territorial jurisdiction of the United States or any proceeds thereof (collectively, the "Property");

(b) transferring, encumbering, relinquishing or disposing of any Property other than to the Foreign Representative;

(c) suspending, repudiating, rescinding, terminating or altering contracts or leases to which the Chapter 15 Debtors are parties, or attempting to enforce remedies pursuant to such contracts or leases;

(d) commencing, continuing, or enforcing any action or legal proceeding within the territorial jurisdiction of the United States (including, without limitation, arbitration, mediation, foreclosure or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever), including by way of counterclaim, (each individually, an "Action") against the Chapter 15 Debtors or any of the Property in respect of any claims;

(e) continuing any legal action against the Chapter 15 Debtors or any of the individual defendants in the action captioned *Hubiack v. Li-Cycle Holdings Corp., et al.*, No. 23-cv-09894 (S.D.N.Y.);

(f) any judgment, wherever and whenever obtained, to the extent such judgment is a determination of a liability of the Chapter 15 Debtors with respect to any debt or liability cancelled, discharged, or restructured as a result of Canadian law, is unenforceable in the United States;

(g) commencing or continuing any act or Action to create, perfect or enforce any lien, set-off or other claim against the Chapter 15 Debtors, or the Property, including, without limitation, rights under any contracts with the Chapter 15 Debtors; provided, however, that no Action described in sections 555, 556, 557, 559, 560, 561, 562 and 1519(d) and (f) of the Bankruptcy Code shall be enjoined by such injunction;

(h) commencing any suit, action, or proceeding in the territorial jurisdiction of the United States against the Chapter 15 Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of relating to any action taken or omitted to be taken in connection with this Chapter 15 case; and

(g) declaring or considering the filing of the Canadian Proceedings or this Chapter 15 case a default or event of default under any agreement, contract

or arrangement.

8. Upon entry of this Order, the Canadian Proceedings and the Initial Order are granted comity and given full force and effect in the United States.

9. Upon entry of this Order, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the liability of the Chapter 15 Debtors or any other person released as a result of Canadian law relating to the Canadian Proceedings, is unenforceable in the United States, in each case, to the extent inconsistent with the Canadian Proceedings.

10. Notwithstanding anything to the contrary contained herein, nothing in this Order shall in any respect enjoin any police or regulatory act of a governmental unit, including a criminal action or proceeding.

11. The administration or realization of all or part of the assets of the Chapter 15 Debtors within the territorial jurisdiction of the United States is entrusted to the Foreign Representative, and the Foreign Representative is established as the exclusive representative of the Chapter 15 Debtors in the United States.

12. The Foreign Representative, the Chapter 15 Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

13. No action taken by the Foreign Representative, the Chapter 15 Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this Order, this Chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

Case 26-15917-MEW Doc 43-1 Filed 06/10/26 Page 9 of 10

14. This Order shall be served by electronic mail on all of the required notice parties except that this Order shall be served by U.S. mail, first-class postage prepaid or overnight, upon the office of the United States Trustee. Such service and notice is good and sufficient service and adequate notice for all purposes.

15. The Canadian Court shall have exclusive jurisdiction to hear and determine any suit, action, claim, or proceeding, and to settle any dispute that may arise out of the construction or interpretation of any CCAA plan filed in the Canadian Proceedings; *provided*, *however*, that nothing in this Order affects the validity of provisions determining governing law and jurisdiction, whether contained in any contract between the Chapter 15 Debtors and any of the Chapter 15 Debtors' creditors or otherwise.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order, including, but not limited to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through the Chapter 15 Cases; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

17. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement in the United States of any further orders issued by the Canadian Court.

18. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted by this Order.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 US.C. §

158(a). The Clerk is hereby directed to enter this Order on the docket of the Chapter 15 Cases.

Dated: New York, New York
May 23, 2025

/s/ Philip Bentley
**Hon. Philip Bentley**
**United States Bankruptcy Judge**