# Exhibit 41

Form G5 (20241101)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | | |
|---|---|---|---|
| In Re: | ) | Case Number: | 24-18898 |
| The Lion Electric Company, et al., | ) | | (Jointly Administered) |
| | ) | Chapter: | 15 |
| Debtors in a Foreign Proceeding | ) | | Honorable David D. Cleary |
| | ) | | |
| | ) | | |
| Debtor(s) | ) | | |

**ORDER (I) RECOGNIZING FOREIGN MAIN PROCEEDING, (II) RECOGNIZING FOREIGN REPRESENTATIVE, (III) RECOGNIZING INITIAL ORDER, AMENDED AND RESTATED INITIAL ORDER, AND SISP ORDER, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the Verified Petition for (I) Recognition of Foreign Main Proceeding (II) Recognition of Foreign Representative, (III) Recognition of Initial Order, Amended and Restated Initial Order, and SISP Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code ( the "Verified Petition", and together with the chapter 15 petitions filed for each of the Debtors as D.I. 1 in their respective cases, the "Petitions for Recognition") , the Coulombe Declaration, the Martel Declaration, and the Provisional Relief Motion (collectively, the "Chapter 15 Pleadings"), each filed December 18, 2024, by or on behalf of The Lion Electric Company ("Lion Electric" or the "Foreign Representative") in its capacity as the duly appointed foreign representative of the above captioned debtors (the "Debtors"), in a voluntary restructuring proceeding (the "Canadian Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Superior Court of Québec (Commercial Division) (the "Canadian Court"), initiated pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petitions for Recognition (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Service of Notices and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. These cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

C. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

D. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

F. The Canadian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

G. The Canadian Proceeding is pending in Canada, which is the country in which the Debtors have their center of main interests and, as such, the Canadian Proceeding is a "foreign main proceeding" within the meaning of sections to section 1502(4) an 1517(b)(1) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding in respect of each of the Debtors.

H. The Foreign Representative is a "person," as such term is defined in section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors and has been declared by the Canadian Court as authorized to act as the "foreign representative" with respect to the Canadian Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

I. The Petitions for Recognition meet all of the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

J. The Canadian Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code and the Debtors have satisfied the eligibility requirements of section 109(a) of the Bankruptcy Code, as applicable.

K. The Debtors and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

L. Appropriate notice of the filing of, and the Hearing on, the Petitions for Recognition was given.

M. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, and warranted pursuant to sections 105(a), 362, 365, 1507(a), 1509(b)(2)-(3), 1520, 1521, 1522 and 1525 of the Bankruptcy Code.

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

O. Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Canadian Proceeding or otherwise against the Debtors and their directors and officers or their property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the Canadian Proceeding.

P. Absent the requested relief, the efforts of the Debtors, the Canadian Court and the Foreign Representative in conducting the Canadian Proceeding and effecting their restructuring or sale process therein may be thwarted by the actions of certain creditors, a result that will obstruct the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

Q. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the Canadian Proceeding, (iv) confers material benefits

on, and is in the best interests of, the Debtors and their creditors, and (v) is important to the overall objectives of the Debtor' restructuring.

R. The Prepetition Agent (as defined in the Coulombe Declaration) and the Prepetition Syndicate Lenders (as defined in the Coulombe Declaration) are entitled to adequate protection of their interests in collateral that is property of the Debtors located in the territorial jurisdiction of the United States ("U.S. Collateral"), including the proceeds thereof, securing their indebtedness pursuant to sections 362(d), 363 and 364(d) of the Bankruptcy Code (the "Adequate Protection") as a result of (x) the priming of their existing and validly perfected liens and security interests on U.S. Collateral as a result of the grant of the CCAA Charges (as defined in the ARIO) (the "Priming"); (y) the imposition or enforcement of the stay in these chapter 15 cases; and (z) the post-petition use, sale or lease of their interests in such collateral. Accordingly, the Foreign Representative has agreed in its reasonable business judgment to provide the Adequate Protection as set forth in this Order, which terms and conditions are fair and reasonable.

S. The findings and determinations set forth in that certain Order Granting Provisional Relief [D.I. 27] (the "Provisional Relief Order") are confirmed on a final basis and incorporated herein by reference.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Petitions for Recognition and the relief requested therein are granted as set forth herein.

2. The Petitions for Recognition meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Canadian Proceeding is granted recognition with respect to each of the Debtors as a foreign main proceeding (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

4. Lion Electric is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Debtors and the Canadian Proceeding.

5. The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtors and to the Debtors' property that is now within or in the future is located within the territorial jurisdiction of the United States.

6. The Initial Order, the Amended and Restated Initial Order (as filed at D.I. 38) (the "ARIO"), and the SISP Order are hereby given full force and effect, on a final basis, in the United States, including with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States.

7. Notwithstanding anything to the contrary in this Order, for the avoidance of doubt, and without limitation, the Court expressly recognizes and gives full force and effect in the territorial jurisdiction of the United States to paragraphs 38 and 39 of the ARIO as it relates to the rights and treatment of the CDPQ-Finalta Lenders (as defined in the ARIO), including with respect to any Biens en priorité Finalta (as defined in the ARIO) located in the United States and the rights of the CDPQ-Finalta Lenders to realize their security as against the Biens en priorité Finalta in the United States. To the full extent set forth in the ARIO, the Debtors are authorized and directed to remit any amount which constitutes the

Biens en priorité Finalta to the CDPQ-Finalta Lenders, provided that any such amounts will be applied to reduce the indebtedness of the Debtors under the credit agreement between the CDPQ-Finalta Lenders and the Foreign Representative, dated November 7, 2022, as amended and restated, from time to time, and the guarantees thereunder. Nothing in this Order shall limit, restrict, or otherwise impair the protections, rights and other relief granted to CDPQ-Finalta Lenders as set forth in the ARIO.

8. The CCAA Charges, including the liens granted to the Interim Lender (as defined in the ARIO), and the adequate protection liens of the Prepetition Agent and Prepetition Syndicate Lenders do not include liens or charges on the equipment leased by Bank of Montreal or BMO Harris Bank N.A. (n/k/a BMO Bank N.A.), as agent for Bank of Montreal, to Lion Electric Manufacturing USA, Inc. pursuant to that certain Master Lease of Personal Property between BMO Harris Bank N.A., as agent for Bank of Montreal and Lion Electric Manufacturing USA, Inc. dated as of September 27, 2022 and all lease schedules, addenda and other documents and agreements executed in connection therewith and all amendments thereto.

9. All objections, if any, to the Petitions for Recognition or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled.

10. Upon entry of this Order, the Foreign Representative shall be entitled to comity from this Court and other courts in the United States.

11. Pursuant to section 1520 and 1521(a)(7) of the Bankruptcy Code, among other things:

(a) the protections of section 361 and 362 of the Bankruptcy Code apply to the Debtors and their property that is within the territorial jurisdiction of the United States, and the protections of section 365 (e) of the Bankruptcy Code are hereby made applicable in these chapter 15 cases;

(b) all persons and entities are enjoined from taking any actions inconsistent with the ARIO or the SISP Order, from seizing, attaching, or enforcing or executing liens or judgments against the Debtors' property within the territorial jurisdiction of United States, and from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements within the territorial jurisdiction of the United States, in each case without the express consent of the Foreign Representative or further order of this Court or the Canadian Court, as applicable; and

(c) all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

(d) all persons and entities are enjoined from commencing any suit, action, or proceeding against any of the Debtors' respective Directors or Officers (as those terms are defined in the ARIO) in respect of any claim against such Director or Officer which arose prior to the Effective Time (as defined in the ARIO) and which relates to any obligation of the Debtors where it is alleged that any of the Directors or Officers is under any law liable in such capacity for the payment of such obligation; and

(e) except as permitted (subject to section 362(a) of the Bankruptcy Code to the extent applicable, as to which all parties' rights are preserved) under section 365(e)(2), all persons and entities are enjoined

Form G5 (20241101) Case 24-12880-MFW Doc 25-18 Filed 01/06/25 Page 6 of 9

from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these chapter 15 cases solely because of a provision in such contract or lease is conditioned upon the commencement of the Canadian Proceeding or a case under the Bankruptcy Code.

12. The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) and 1521(b) of the Bankruptcy Code and, accordingly, the Foreign Representative:

(a) is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States and the Foreign Representative is hereby established as the exclusive representative of the Debtors in the United States; and

(b) has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

13. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and the Provisional Relief Order shall remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

14. The Prepetition Agent and the Prepetition Syndicate Lenders are entitled to receive Adequate Protection of their interests in all U.S. Collateral on which they hold existing and validly perfected liens and security interests, on a dollar-for-dollar basis for any actual diminution in value of such interest resulting from the Priming, the imposition or enforcement of the stay in these chapter 15 cases, or the post-petition use, sale or lease of their interests in such collateral by the Debtors. Accordingly, the Prepetition Agent and the Prepetition Syndicate Lenders are hereby granted valid, binding, enforceable and perfected liens on the U.S. Collateral as of the date of the Initial Order, without the necessity of execution by the Debtors of, or the filing of, any mortgages, security agreements, pledge agreements, financing statements or other agreements, in all post-petition assets of the Debtors located within the territorial jurisdiction of the United States to secure an amount of their indebtedness equal to any such diminution in value, which liens shall attach to such assets of the Debtors located within the territorial jurisdiction of the United States, subject to the post-petition liens securing the Interim Facility (as defined in the ARIO), subject to any valid, properly perfected, enforceable liens or security interests existing as of the date of the Initial Order that are prior to the prepetition liens and security interests securing the Prepetition Secured Credit Facility (as defined in the Coulombe Declaration) and subject to the priority of the CCAA Charges set forth in the Initial Order or the ARIO.

15. As further Adequate Protection, but without limiting any relief that may be granted in the Canadian Proceeding, any obligations owed to the Prepetition Agent or the Prepetition Syndicate Lenders secured by a valid, enforceable, and perfected security interest upon or in respect of U.S. Collateral pursuant to a security agreement which includes as collateral thereunder any property acquired after the date of the applicable security agreement ("After-Acquired Property"), shall continue to be secured by the applicable property (including After Acquired Property that may be acquired by such Debtor after the commencement of these proceedings) located in the territorial jurisdiction of the United States notwithstanding the commencement of these proceedings and notwithstanding anything set forth in section 552(a) of the Bankruptcy Code to the contrary, with the same priority and rights as existed as of the date of the Initial Order, but subject to the senior liens, charges, and priorities granted by the Initial Order and the ARIO, including but not limited to the CCAA Charges; provided that subject only to and effective upon entry of this Order, the Prepetition Agent or the Prepetition Syndicate

Lenders shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code.

16. No action, inaction, or acquiescence by the Interim Lender, the Prepetition Agent or the Prepetition Syndicate Lenders shall be deemed to be or shall be considered as evidence of any alleged consent by the Interim Lender or the Prepetition Agent or the Prepetition Syndicate Lenders to a charge against the collateral pursuant to sections 506(c), 552(b), or 105(a) of the Bankruptcy Code; provided that the CCAA Charges shall have the effect and priority granted in the Initial Order and the ARIO. Without limiting any relief that may be granted in the Canadian Proceeding, none of the Interim Lender, the Prepetition Agent or the Prepetition Syndicate Lenders shall be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to their U.S. Collateral.

17. Without limiting any relief that may be granted in the Canadian Proceeding, no person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b), or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal any U.S. Collateral by the Interim Lender, the Prepetition Agent or the Prepetition Syndicate Lenders after a breach under the Interim Financing Documents (as defined in the ARIO), the Initial Order, the ARIO, the Provisional Relief Order or this Order, and in no event shall the "equities of the case" exception of section 552(b) of the Bankruptcy Code apply to the secured claims of the Interim Lender, the Prepetition Agent or the Prepetition Syndicate Lenders.

18. Any advances made to the Debtors by the Interim Lender pursuant to the Provisional Relief Order, this Order, the Initial Order, the ARIO, or the Interim Financing Documents shall, pursuant to sections 1507, 1519, 1521 and 105(a) of the Bankruptcy Code, be deemed to have been made by the Interim Lender in good faith. Without limiting any relief that may be granted in the Canadian Proceeding, and notwithstanding (a) any stay, modification, amendment, supplement, vacatur, revocation or reversal of this Order, the Provisional Relief Order, the Initial Order, the Amended and Restated Order, the Interim Financing Documents or any term hereunder or thereunder, or (b) the dismissal of one or more of these chapter 15 cases or the commencement of a case by any of the Debtors under another chapter of the Bankruptcy Code or the conversion of a case of any of the Debtors from a case under one chapter of the Bankruptcy Code to a case under another chapter of the Bankruptcy Code (each, a "Subject Event"), (x) the acts taken by the Interim Lender in accordance with this Order, and (y) the indebtedness incurred or arising prior to the Interim Lender's actual receipt of written notice from Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be governed in all respects by the original provisions of this Order, and the acts taken by the Interim Lender in accordance with this Order, and the liens granted to or for the benefit of the Interim Lender, and all other rights, remedies, privileges, and benefits in favor of the Interim Lender pursuant to this Order and the Interim Financing Documents shall remain valid and in full force and effect to the extent provided in to section 364(e) of the Bankruptcy Code.

19. Nothing in this Order shall affect the rights of any secured party to request adequate protection pursuant to the Bankruptcy Code in addition to any adequate protection granted under this Order, or the rights of any party in interest to respond to such request, and all such rights are expressly reserved.

20. Any parties who believe they have a claim against any of the Debtors are obligated to file such claim in, and only in, the Canadian Proceeding.

21. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or the Local Rules.

22. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, these chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, or any further proceeding commenced hereunder shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

23. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a), and 1522 of the Bankruptcy Code.

24. The Foreign Representative and the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

25. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. This Order is intended to constitute a final order within the meaning of 28 U.S.C. § 158(a).

26. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the Motion for Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions and (B) Specifying Form and Manner of Service of Notices) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

27. This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

28. As to the United States, its departments, agencies, and any instrumentalities thereof (collectively, the "United States Government"), notwithstanding anything contained in this Order to the contrary, nothing shall:

(a) limit or be intended to or be construed to bar or restrict the United States Government from pursuing any police or regulatory action or any criminal action; or

(b) limit or be intended to or be construed to bar or restrict the United States Government from pursuing or enforcing any right, claim, cause of action, remedy, or judgment against any non-Debtor entity (as defined in 11 U.S.C. § 101(15));

(c) waive, alter, or otherwise limit the United States Government's rights, if any, under 11 U.S.C. § 365(c), 11 U.S.C. § 365(e)(2), 41 U.S.C. § 6305, or any similar federal law.

29. Further, notwithstanding anything to the contrary in this Order (including Paragraphs R and 14 through 19 of this Order), (a) nothing in this Order shall, as relates to the interests of the United States Government, expand the rights and protections granted to the Interim Lender, the Prepetition Agent or the Prepetition Syndicate Lenders in the Interim Order, ARIO and SISP Order, except only to recognize and give full force and effect to such rights and protections in the United States and with respect to property of the Debtors located within the territorial jurisdiction of the United States; (b) the United States Government reserves all rights, claims, defenses, remedies, and causes of action in connection

with the Canadian Proceeding, including the Initial Order, the ARIO, and any future orders or judgments of the Canadian Court; and (c) nothing in this Order precludes or prejudices the United States Government from seeking relief, if necessary, from (i) this Court or the Canadian Court with respect to the D&O Stay or the provisions of paragraph 11 of this Order (other than subparagraph 11 (a)), and (ii) this Court under section 1522(c) of the Bankruptcy Code.

30. This Court shall retain jurisdiction with respect to the enforcement, amendment, interpretation or modification of this Order, any requests for additional relief, any adversary proceeding in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

Enter:

United States Bankruptcy Judge

Dated: January 21, 2025

**Prepared by:**

TROUTMAN PEPPER LOCKE LLP
Jonathan E. Aberman (#6255541)
Michael B. Kind (#6306332)
111 S Wacker Drive, Suite 4100
Chicago, IL 60606
Tel: (312) 443-0700
Email: jon.aberman@troutman.com
michael.kind@troutman.com

-and-

TROUTMAN PEPPER LOCKE LLP
David M. Fournier (admitted pro hac vice)
Kenneth A. Listwak (admitted pro hac vice)
Tori L. Remington (admitted pro hac vice)
Hercules Plaza
1313 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email: david.fournier@troutman.com
kenneth.listwak@troutman.com
tori.remington@troutman.com

Counsel to the Foreign Representative