# Exhibit 64

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>Plaintiff,<br><br>-against-<br><br>PAPAYA GAMING, LTD., a foreign corporation; and PAPAYA GAMING, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 1:24-cv-01646-DLC<br><br>Hon. Denise L. Cote |

**JOINT PRETRIAL ORDER**

Skillz Platform, Inc. ("Skillz") and Defendants Papaya Gaming, Ltd., and Papaya Gaming. Inc. (together, "Papaya," or "Defendants," and together with Plaintiffs, the "Parties") submit this Joint Pretrial Order pursuant to Federal Rule of Civil Procedure 26(a)(3) and Section 6(A) of the Court's Individual Rules of Practice in Civil Cases.

## I. <u>Case Caption</u>

The full case caption is as follows:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>Plaintiff,<br><br>-against-<br><br>PAPAYA GAMING, LTD., a foreign corporation; and PAPAYA GAMING, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 1:24-cv-01646-DLC<br><br>Hon. Denise L. Cote |

## II. <u>Trial Counsel</u>

For Plaintiff:

**King & Spalding LLP**
Craig Carpenito
Kathleen Elizabeth McCarthy
Amy Nemetz
ccarpenito@kslaw.com
kmccarthy@kslaw.com
anemetz@kslaw.com
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Tel: (212) 556-2100
Fax: (212) 556-2222

For Defendants:

**Kirkland & Ellis LLP**
Devora W. Allon
Gilad Bendheim
601 Lexington Avenue
New York, NY 10022
(212) 446-5967
(212) 446-4900
devora.allon@kirkland.com
gilad.bendheim@kirkland.com

Allison M. Brown
2005 Market Street, Suite 1000

Lazar P. Raynal (*pro hac vice*)
Michael A. Lombardo (*pro hac vice*)
lraynal@kslaw.com
mlombardo@kslaw.com
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330

Philadelphia, PA 19103
(212) 268-5100
(215) 268-5001
alli.brown@kirkland.com

George W. Hicks, Jr. (*pro hac vice*)
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5031
(202) 389-5200
george.hicks@kirkland.com

Cole T. Carter (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-1951
(312) 862-2200
cole.carter@kirkland.com

Samuel Carno Leifer
200 Clarendon Street
Boston, MA 02116
(617) 385-7707
(617) 385 7501
samuel.leifer@kirkland.com

Michael W. De Vries
Argie Mina
695 Town Center Drive, Suite 1700
Costa Mesa, California 92626
(213) 680-8590
(714) 982-8844
michael.devries@kirkland.com
argie.mina@kirkland.com

Sharre Lotfollahi (*pro hac vice pending*)
2049 Century Park East, Suite 3700
Los Angeles, California 90067
(213) 680-8673
(310) 552-5900
slotfollahi@kirkland.com

## III. Subject Matter Jurisdiction

### A. Plaintiff's Statement

Plaintiff asserts that this Court has subject matter jurisdiction over Plaintiff's federal law claim—for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)—pursuant to 28 U.S.C. § 1331. Plaintiff further asserts that this Court has subject matter jurisdiction over Plaintiff's state law claim—for violations of New York General Business Law § 349—pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claim is related to Plaintiff's federal law claim, is built on the same factual predicates, and is part of the same case and controversy. Defendants averred that they are "not contesting subject matter jurisdiction in this matter based on the claims in the Complaint." Answer, ECF No. 46, ¶¶ 13-14.

### B. Defendants' Statement

Defendants do not contest the presence of subject matter jurisdiction for Plaintiff's claim under the Lanham Act, 15 U.S.C. § 1125(a)(1). Defendants also do not contest the presence of subject matter jurisdiction for Plaintiff's claim under New York General Business Law § 349.

## IV. Claims and Defenses to Be Tried

### C. Plaintiff's Statement

Plaintiff Skillz asserts two claims against Defendants that will be tried.

Skillz's first claim is for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), as a result of Papaya's deceptive and fraudulent use of bots.

Skillz's second claim is for violations of New York General Business Law § 349 resulting from Papaya's deceptive trade practices. This claim is based on substantially the same facts and conduct that are the subject of Skillz's Lanham Act claim.

Skillz seeks an award of its damages sustained from Defendants' violations of the Lanham Act and New York General Business Law § 349, and an award disgorging defendants' profits. *See* 15 U.S.C § 1117(a); N.Y. GBL § 349(h).

If Papaya is found liable by the jury for violations of the Lanham Act and/or New York General Business Law § 349, Skillz also seeks the following equitable relief to be awarded by the Court, which can be addressed through post-trial briefing and argument. Specifically, Skillz seeks a permanent injunction enjoining Papaya from continuing its unlawful conduct, including but not limited to, enjoining Papaya from advertising its gaming applications as fair, skill-based, and involving human players when bots are utilized. *See* 15 U.S.C § 1116(a); N.Y. GBL Section 349(h). Skillz further seeks an order requiring Papaya to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of its gaming applications, through the placement of corrective advertising and providing written notice to the public of its bot use and false advertising. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 264-65 (2d Cir. 2014). Skillz also seeks an award of its reasonable attorneys' fees (N.Y. GBL Section 349(h) and 15 U.S.C § 1117(a)), costs of prosecuting this action (15 U.S.C § 1117(a)), enhanced damages (15 U.S.C § 1117(a)), and prejudgment and post-judgment interest. *Gillette Co. v. Wilkinson Sword, Inc.*, 1992 WL 30938, at *11 (S.D.N.Y. Feb. 3, 1992); *Kelly Toys Holdings, LLC v. alialialiLL Store,* 606 F. Supp. 3d 32, 56 (S.D.N.Y. 2022) (citing 28 U.S.C. § 1961(a)).

Defendants have no affirmative defenses to Plaintiff's claims. Papaya previously asserted eight affirmative defenses to Skillz's claims: (1) unclean hands, (2) laches, (3) acquiescence, (4) waiver, (5) estoppel, (6) statute of limitations, (7) failure to mitigate, and (8) reduction of damages. The Court granted Skillz's motion for summary judgment on all of Papaya's affirmative defenses. ECF No. 569. Thus, Papaya's affirmative defenses will not be tried.

Papaya also has no counterclaims to be tried. Papaya previously asserted ten counterclaims: (1) false advertising, (2) deceptive trade practices, (3) defamation, (4) civil conspiracy, (5) trademark infringement, (6) contributory and/or vicarious trademark infringement, (7) false designation of origin, false association, and/or unfair competition, (8) contributory and/or vicarious false designation of origin, false association, and/or unfair competition, (9) copyright infringement, and (10) contributory and/or vicarious copyright infringement. The Court dismissed, severed, or granted Skillz's motion for summary judgment on all of Papaya's counterclaims. ECF Nos. 234 & 569. Thus, no counterclaims asserted by Papaya will be tried.

**D. Defendants' Statement**

There are two claims by Skillz that remain to be tried.

Skillz's first claim against Papaya is for false advertising under the Lanham Act (41 U.S.C. § 1125(a)(1)), based on Papaya's alleged advertisements set forth in Skillz's complaint. (Dkt. 1 ¶¶ 99–116).

Skillz's second claim against Papaya is for violations of New York General Business Law (GBL) § 349, based on substantially the same factual allegations as its Lanham Act claim. (Dkt. 1 ¶¶ 117–33).

Papaya challenges each of the elements of each of Skillz's claims. Papaya denies that Skillz is entitled to any relief, including any amount of damages, alleged unjust enrichment, injunctive relief, any pre-judgment interest or attorneys fees that Skillz seeks against Papaya.

Papaya denies that Skillz is entitled to any form of enhanced damages.

Papaya previously asserted ten counterclaims against Skillz, which are not to be tried based on the Court's pretrial rulings: (1) false advertising (15 U.S.C. § 1125), (2) deceptive trade practices (New York General Business law § 349), (3) defamation (New York Common Law),

(4) civil conspiracy (New York Law), (5) trademark infringement (15 U.S.C. § 1114), (6) contributory and/or vicarious trademark infringement (15 U.S.C. § 1114), (7) false designation of origin, false association, and/or unfair competition (15 U.S.C. § 1125(a)), (8) contributory and/or vicarious false designation of origin, false association, and/or unfair competition (15 U.S.C. § 1125(a)), (9) copyright infringement (17 U.S.C. § 501), and (10) contributory and/or vicarious copyright infringement (17 U.S.C. § 501).

Papaya previously asserted eight affirmative defenses to Skillz's claims, which are not to be tried based on the Court's pretrial rulings: (1) unclean hands, (2) laches, (3) acquiescence, (4) waiver, (5) estoppel, (6) statute of limitations, (7) failure to mitigate, and (8) reduction of damages.

## V. Length and Type of Trial

The Parties estimate that 8 trial days will be needed and agree that the time will be equally divided between the Parties. The parties agree that the issues of Defendants' liability for violations of the Lanham Act and New York General Business Law § 349, and Skillz's actual damages are to be tried to a jury.

The Parties disagree, however, whether Skillz's prayer for disgorgement should be tried before the Court or the jury; the parties have addressed the dispute in their respective Memoranda of Law.

## VI. Trial by Magistrate

The Parties do not consent to trial by a magistrate judge.

## VII. Stipulations of Fact or Law

### A. Stipulations of Fact

1. Plaintiff Skillz is a Delaware corporation with its principal place of business at 6625 Badura Avenue, Las Vegas, Nevada 89118.

2. Skillz was founded in 2012. Skillz is a publicly traded company listed on the New York Stock Exchange.

3. Defendant Papaya Gaming, Ltd. is a foreign limited liability company with its principal place of business in Tel Aviv-Yafo, Israel.

4. Defendant Papaya Gaming, Inc. is a Delaware corporation.

5. Papaya was founded in 2016.

6. Skillz and Papaya are competitors in the United States.

**B. Stipulations of Law**

None.

## VIII. Trial Witnesses[1]

See attached **Exhibits 1** (Skillz's Witness List) and **2** (Papaya's Witness List).

## IX. Deposition Testimony Designations

See attached **Exhibits 3** (Skillz's Designations of Testimony) and **4** (Papaya's Designations of Testimony).

## X. Exhibit Lists

Plaintiff's Exhibit List of exhibits to be offered in its case in chief is attached hereto as **Exhibit 5**. Defendants' Exhibit List of exhibits to be offered in its case in chief is attached hereto as **Exhibit 6**. Each Exhibit List indicates objections consistent with the Court's Individual Practices 6.A.x.

---

1 Papaya's objections to Skillz's witness list will be presented in its pretrial memorandum of law.

## XI. Trial Stipulations

### A. Stipulation Regarding Admissibility of Exhibits

7. The Parties stipulate to not object on authenticity grounds to exhibits that have been produced by either party from the respective party's custodial files in discovery in this action, unless the party has a good faith belief disputing the exhibit's authenticity. Where a party raises an authenticity objection to a document that was produced by that party from its custodial files in discovery in this action, that party will bear the burden of establishing said document is not authentic. The stipulation does not waive other objections to the admissibility of these exhibits. In the event the Parties have a disagreement as to whether a document is subject to this provision when documents are identified for use at trial, the Parties will negotiate in good faith to try to resolve their disputes prior to bringing any remaining disagreements to the Court's attention.

### B. Stipulation Regarding Trial Exchanges[2]

8. Any party which seeks to use a physical object or thing as evidence or a demonstrative will make that physical object or thing available for inspection at the trial upon reasonable notice, but no later than five (5) days prior to trial.

9. Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

---

[2] Papaya's additional positions regarding trial stipulations will be presented in its pretrial memorandum of law.

10. No objections, preambles, or exchanges between counsel will be played or read as a part of designated testimony. The party offering the witness to be called by deposition is responsible for providing a timed report and video of the testimony to be played at trial to the other party by 8:00 p.m. ET the day before the designations will be played at trial. Counter-designations will be counted against the counter-designator's time. The time allotted by the Court for each side's trial presentation shall be reduced by the length of its respective designations.

11. To the extent there are any objections pending with respect to a particular witness whose testimony is being offered by deposition, a party intending to read or play that testimony during trial must provide the Court and the other party with a transcript of the designated and counter-designated testimony it intends to read or play, along with any objections thereto, by 8:00 p.m. ET the day before the party intends to offer the designated testimony.

12. The Parties agree that for any deposition testimony played or read during either party's case-in-chief, all deposition designations and counter-designations from that witness will be played or read together according to the order in which the witness testified (*i.e.*, affirmative designations will not all be played before counter-designations).

13. The Parties agree to meet and confer to attempt to resolve any objections so that exhibits may be used during opening statements or objections thereto can be resolved by the Court. The parties agree that if testimony will in good faith be played or elicited during trial, it may be used in demonstratives used during opening statements, subject to resolution of any objections.

14. The Parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony, and of ballooning, excerption, highlighting of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a

demonstrative), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Joint Pretrial Order.

15. As used in this Joint Pretrial Order, the term "demonstrative" includes PowerPoints, graphics and animation demonstratives, and physical demonstratives, but does not include scans of exhibits or deposition transcripts or underlining, highlighting, or similar emphasis on such exhibits or deposition transcripts. The Parties do not need to exchange copies of demonstratives to be used only during cross examinations. The Parties further agree that, to the extent a party intends to use PowerPoint or slide demonstratives, the slides will be disclosed in the order the party intends to present those slides.

16. At 8:00 p.m. ET after each trial day, for each witness called by a party that day, the party that called the witness will provide the other party with a list of exhibits that were admitted into evidence during the testimony of that witness, including during any direct, cross, redirect, and recross examinations. To the extent that any exhibit will be submitted in a form other than that previously disclosed (e.g., with additional redactions), the party seeking to enter that exhibit shall provide the version of the exhibit it intends to submit to allow the other party to review any modifications, and such exhibit shall not be submitted to the Court absent approval of the other party.

17. Each party shall provide the other side an opportunity to inspect the physical copies of the admitted exhibits that it intends to submit to the Court and to the jury. Skillz shall provide printed paper copies of all admitted plaintiff exhibits and Papaya shall provide printed paper copies of all admitted defense exhibits. The exhibits shall be labeled with tabs and organized in ascending numerical order.

18. The Parties agree to conduct this exchange of physical copies of the admitted exhibits at a time agreeable by the Parties, and submit the paper copies to the Court thereafter, with an additional exchange as necessary depending on the timing of the closing of evidence. For any exhibits admitted on the day that the jury is set to begin deliberations, such exhibits will be exchanged separately and added to the master set of exhibits in the presence of a representative of both parties unless otherwise agreed.

19. The Parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display the same day of display.

Respectfully submitted,

Dated: March 13, 2026

**KING & SPALDING LLP**

By: /s/ ***Craig Carpenito***
Craig Carpenito
Kathleen Elizabeth McCarthy
Amy Nemetz
Curtis R. Crooke
ccarpenito@kslaw.com
kmccarthy@kslaw.com
anemetz@kslaw.com
curtis.crooke@kslaw.com
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Tel: (212) 556-2100
Fax: (212) 556-2222

Lazar P. Raynal (*pro hac vice*)
Michael A. Lombardo (*pro hac vice*)
lraynal@kslaw.com
mlombardo@kslaw.com
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606

**KIRKLAND & ELLIS LLP**

By: /s/ ***Devora W. Allon***
Devora W. Allon
Gilad Bendheim
601 Lexington Avenue
New York, NY 10022
(212) 446-5967
(212) 446-4900
devora.allon@kirkland.com
gilad.bendheim@kirkland.com

Allison M. Brown
2005 Market Street, Suite 1000
Philadelphia, PA 19103
(212) 268-5100
(215) 268-5001
alli.brown@kirkland.com

George W. Hicks, Jr. (*pro hac vice*)
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5031
(202) 389-5200

Tel: (312) 995-6333
Fax: (312) 995-6330

*Counsel for Plaintiff*

george.hicks@kirkland.com

Cole T. Carter (*pro hac vice*)
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-1951
(312) 862-2200
cole.carter@kirkland.com

Samuel Carno Leifer
200 Clarendon Street
Boston, MA 02116
(617) 385-7707
(617) 385 7501
samuel.leifer@kirkland.com

Michael W. De Vries
Argie Mina
695 Town Center Drive, Suite 1700
Costa Mesa, California 92626
(213) 680-8590
(714) 982-8844
michael.devries@kirkland.com
argie.mina@kirkland.com

Sharre Lotfollahi (*pro hac vice pending*)
2049 Century Park East, Suite 3700
Los Angeles, California 90067
(213) 680-8673
(310) 552-5900
slotfollahi@kirkland.com
*Counsel for Defendants Papaya Gaming Ltd. and Papaya Gaming, Inc.*