# EXHIBIT B

Second Status Report of the Arrangement Administrator Dated October 8, 2026

(Certified Translation)

**DISTRICT COURT**
**TEL AVIV–YAFO**
**Motion No. 33**

**Insolvency Case No. 87154-07-26**
**Before the Hon. Judge Iris Lushi-Abudi**

**In the matter of:**

**Gil Oren, Adv.**
from Arnon, Tadmor-Levy Law Firm
Azrieli Center, Square Tower
Tel.: +972 3-6087777; Fax: +972 2-6239314
Email: gil@arnontl.com

**The Arrangement Administrator;**

**And in the matter of:**

**Papaya Gaming Ltd., Company No. 515422095**
**Papaya Gaming Inc.**

Both represented by counsel: Adv. Pinni Yaniv (Bar No. 15378), and/or Adv. Liron Sapphire (Bar No. 66525), and/or Adv. Yarden Tal-Dahan (Bar No. 90826), and/or Adv. Yarin Nahaisi (Bar No. 102568), and/or others, of Meitar | Law Offices
16 Abba Hillel Silver Road, Ramat Gan 5250608
yardent@meitar.com

**The Company;**

**And in the Matter of:**

**The Insolvency Commissioner – Tel Aviv District**
2 HaShlosha Street, Tel Aviv–Yafo
Tel.: +972 73-3923222; Fax: +972 2-6467556

**The Commissioner;**

**Signed on 10/08/2026**

# REPORT ON BEHALF OF THE TRUSTEE AND MOTION TO EXTEND THE STAY OF PROCEEDINGS ORDER BY 9 DAYS

The Arrangement Administrator respectfully submits to this Honorable Court a report concerning the actions he has taken to formulate a revised debt arrangement plan. In this context, the Honorable Court is requested to extend, by 9 days, until 10/20/2026, the deadline for filing the revised arrangement plan and convening creditors' meetings to approve the arrangement plan, and, accordingly, to extend the term of the stay of proceedings order until that date as well.

The extension is necessary to allow the valuation expert to complete his work and validate the underlying assumptions on which the plan is based; to finalize the plan with respect to material issues that remain unresolved; to complete the corporate approval procedures; and to obtain the requisite internal consents and approvals in this regard, all as detailed below.

**<u>The grounds for the motion are as follows:</u>**

**A. <u>Report on the Arrangement Administrator's Activities in Formulating the Arrangement Plan</u>**

1. The Arrangement Administrator was appointed to his position on 08/26/2026. Upon receipt of the appointment order, the Arrangement Administrator and his team began examining the condition and operations of the Companies, reviewing the materials made available to them, and examining the background and circumstances that led to the filing of the application for an arrangement, with a view to formulating an arrangement plan that could be submitted for approval by the creditors and this Honorable Court.

2. In this context, the Arrangement Administrator and his team held several meetings with the Companies' management, at which the background to the filing of the application for an arrangement, the status of operations, and the issues requiring resolution under the plan were presented.

3. During the meetings, data and materials relating to the Companies' operations and the proposed plan were presented to the Arrangement Administrator. In addition, the Arrangement Administrator attended a meeting of the Company's Board of Directors.

4. The Arrangement Administrator also held discussions with the U.S. attorneys representing the Companies, as well as with counsel for the principal contingent creditor, in order to understand the nature of the proceedings pending in the United States and their potential implications for formulating the arrangement plan.

5. Concurrently with collecting information and examining the Companies' operations, the Arrangement Administrator held discussions with major creditors and their counsel. These discussions addressed the components of the arrangement, the receipt of relevant information, and consideration of amendments to the proposed plan requested by those creditors.

6. In particular, the Arrangement Administrator held discussions with the attorneys representing Skillz, both in Israel and in the proceedings in the United States, as well as with the other contingent creditors and their representatives, to ascertain their positions and consider how those positions might be addressed in the revised arrangement plan.

7. In its decision dated 08/26/2026, this Honorable Court ordered that notice of these proceedings be given to players who had used the Companies' services.

8. The Company sent notices to all players covered by the decision. Following those notices, the Arrangement Administrator received dozens of inquiries as well as proofs of claim for voting purposes. The Arrangement Administrator and his team processed the proofs of claim, responded to inquiries, and instructed those making inquiries on how to submit proofs of claim in order to participate in the creditors' meetings. Given that most of the inquiries were received from players outside Israel, the persons making inquiries were provided with clarifications regarding the filing requirements. In responding to these inquiries, the Arrangement Administrator also addressed the implications of filing proofs of claim for voting purposes by persons who may be members of the class in the class action pending in the United States, and the relationship between such filings and that proceeding.

9. During this period, the Arrangement Administrator and his team maintained contact with the Commissioner's representatives, updated them on the principal activities and discussions, and obtained clarifications regarding the Commissioner's position on the arrangement plan. In addition, consultations were held

concerning issues that arose in the course of the work, including the question of engaging the valuation expert and the scope of the examinations he would be required to conduct.

10. For the purpose of selecting a valuation expert, the Arrangement Administrator engaged in discussions with the Company regarding the required scope of work, including a valuation and sensitivity analyses, an assessment of the reasonableness of the assumptions underlying the Company's plan, and an examination of compliance with the interim-period budget. As part of the selection process, relevant candidates were interviewed, and a valuation expert was selected after proposals had been received. On 09/22/2026, this Honorable Court authorized the Arrangement Administrator to engage Fahn Kanne Grant Thornton, certified public accountants, to perform a valuation, conduct budgetary oversight, and assess the reasonableness of the Company's repayment plan, which forms the basis for the proposed arrangement.

11. The Arrangement Administrator held discussions with the Company regarding the components of the arrangement plan and considered various alternatives, taking into account, among other things, the comments of this Honorable Court, the Commissioner, and the creditors, as reflected in the responses filed, the hearing held on 08/25/2026, and the discussions with the various parties. In this context, proposals for amendments and additions to the plan were raised, and the possibility of securing the necessary consents from shareholders and officers for their inclusion in the revised plan was examined.

12. Following these discussions, a framework was formulated to serve as the basis for the revised arrangement plan. Nevertheless, several material issues remain to be resolved with the Company, its shareholders, and other relevant parties. The Arrangement Administrator is working to advance solutions to these issues and obtain the requisite consents, so that the plan can be updated accordingly and presented to this Honorable Court and the creditors in a complete and well-founded form.

**B. <u>Grounds for Extending the Deadline for Filing the Arrangement Plan and Extending the Stay of Proceedings Order</u>**

13. The requested extension is necessary, first and foremost, to enable the valuation expert to complete his valuation work and assess the reasonableness and validity of the assumptions underlying the arrangement plan. His work is also required in order to examine and address, as part of the revised plan, the questions and issues raised in discussions with the creditors and the Commissioner's representatives.

14. Although the engagement of the valuation expert was approved on 09/22/2026, the expert was not appointed and did not begin his work until shortly before the Sukkot holiday. Additional time is therefore required to complete the examinations and make his findings available to the Arrangement Administrator.

15. The valuation expert's assessment is essential to examining the reasonableness of the underlying assumptions of the arrangement plan and formulating a substantiated response to issues raised in discussions with the creditors and the Commissioner's representatives. The Arrangement Administrator is in contact with the valuation expert and, according to the information provided to him, relevant preliminary indications are expected to be received by the beginning of the week commencing October 11. Those indications may help advance discussions regarding the plan's components, but they do not eliminate the need for additional time to complete the valuation expert's work, examine his findings in order to formulate the revised plan, and submit those findings together with the plan so that they will be available to the creditors' meetings.

16. In addition, the framework that has been formulated requires the resolution of several material issues with the Company and its shareholders so as to address all matters requiring regulation under the revised plan. As of the date of filing this motion, a limited number of issues remain that require the formulation of workable solutions and the finalization of agreements concerning them. The requested extension is intended to allow these discussions to be concluded and the resulting solutions incorporated into the plan.

17. Once the final version of the plan has been formulated, the corporate approval procedures applicable to the Companies will have to be completed through their authorized corporate bodies in order to submit the plan for approval. These procedures are also expected to take several days and must be taken into account when setting the deadline for filing the revised plan.

18. The emerging plan also includes provisions concerning shareholder undertakings and an "owners' contribution." To finalize these provisions, consents and approvals must be obtained from the relevant shareholders and, as applicable, from interested parties and corporate officers, in accordance with the substance of the undertakings and the approval requirements applicable to them. Allowing time to complete these procedures is essential in order to present a plan in which the undertakings are supported by the necessary consents and approvals.

19. The Arrangement Administrator is working concurrently to advance the valuation expert's work, resolve the outstanding issues in the plan, and obtain the requisite consents and approvals. These actions are being undertaken with the aim of limiting the extension to the period requested and presenting a revised arrangement plan to this Honorable Court and the creditors within that period.

20. In light of the foregoing, it will not be possible to file a complete and well-founded arrangement plan by the date currently set for the expiration of the stay of proceedings, 10/11/2026. Accordingly, a nine-day extension is requested, which will allow the valuation expert to complete his work and permit his findings to be examined; allow responses to be formulated to the material issues that remain outstanding; and allow the requisite approval procedures to be completed and consents to be obtained. The extension of the stay of proceedings order for the same period is requested in order to preserve the existing procedural framework while the plan is finalized and filed.

21. Upon filing the revised arrangement plan by the requested deadline, the Arrangement Administrator will submit a further motion for an extension to permit the convening of the creditors' meetings and the submission of the plan to the Court for approval.

22. Accordingly, this Honorable Court is requested to extend the deadline for filing the revised arrangement plan by 9 days, from the currently prescribed deadline of 10/11/2026, to 10/20/2026, and correspondingly to extend the term of the stay of proceedings order, which is currently in effect through 10/11/2026, through 10/20/2026.

[signature]

**Yuval Bargil, Adv.**

**Counsel for the Arrangement Administrator**

Date and time of action: **10/08/2026 05:12 p.m.**
Case number: **87154-07-26**
Application type: **Application to the Court Registry**
Tracking reference number: **33465937**

**The filer must retain the tracking reference number in order to locate information concerning the filing.**
**To do so, on the Net HaMishpat website (after logging in), select "Filings by Reference Number" from the "Filings" menu.**

The document has been forwarded for review by the Court Registry.
It is recommended that the filer monitor the document's status to ensure that it has been accepted into the case file.

- If approved, the document will be filed in the case, and the legally effective filing date will be calculated according to the time the action was performed on the website, rather than the date of the Court Registry's approval. A confirmation will also be issued and displayed in the "Paper Case File" folder.

- If not approved, a notice to that effect will be sent to the filer.

TRANSPERFECT

I, Victoria Costa, hereby certify that I am competent to translate from Hebrew (IL) to English (US) and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the document entitled "Motion by the debt settlement administrator from 8.10.2026 - Progress report + request for extension" from Hebrew (IL) to English (US).

Victoria Costa___________ Victoria Costa (Oct 11, 2026 14:47:23 GMT+3)
[name]

Oct 11th, 2026__________
[Date]