# APPENDIX 3 TO THE DEBT ARRANGEMENT

## Power of Attorney
## (Hebrew and machine English translation)

# APPENDIX 3-A

## Power of Attorney
## (Hebrew)

# ייפוי כוח בלתי חוזר להצבעה במניות מנהל ההסדר

ניתן על ידי עו"ד גיל אורן, מנהל ההסדר, לטובת דירקטוריון פאפאייה גיימינג בע"מ (ח.פ. 515422095)

נערך ונחתם ביום [__] בחודש [__] [____]

---

| | |
|---|---|
| **החברה** | פאפאייה גיימינג בע"מ, ח.פ. 515422095 (להלן: "**החברה**") |
| **מנהל ההסדר** | עו"ד גיל אורן (להלן: "**מנהל ההסדר**") |
| **מיופה הכוח** | דירקטוריון החברה, או מי שימונה על ידו לעניין זה (להלן: "**הדירקטוריון**" או "**מיופה הכוח**") |
| **ההסדר** | הסדר חוב לפי חלק י' לחוק חדלות פירעון ושיקום כלכלי, התשע"ח-2018, המתנהל בבית המשפט המחוזי בתל אביב-יפו (להלן: "**ההסדר**") |

**הואיל** ובהתאם לסעיף 14 להסדר, במועד הכניסה לתוקף של ההסדר הקצתה החברה למנהל ההסדר מניות של החברה, לרבות, אך לא רק, מניות רגילות (Ordinary Shares), ומניות אחרות שתוקצינה למנהל ההסדר, בכל שתוקצינה, לאחר מועד חתימת ייפוי כוח זה מכוח הוראות (להלן: "**מניות מנהל ההסדר**");

**והואיל** ומניות מנהל ההסדר מוחזקות בידי מנהל ההסדר בנאמנות לטובת הנושים המותנים, כהגדרתם בהסדר;

**והואיל** ובהתאם להוראות ההסדר, מניות מנהל ההסדר אינן מקנות זכות הצבעה אלא לאחר מימושן;

**והואיל** ומנהל ההסדר מבקש להעניק לדירקטוריון ייפוי כוח להצביע במניות מנהל ההסדר בשמו ובמקומו, בכפוף לתנאים המפורטים להלן;

**אי לכך, הוסכם, הותנה והוצהר בין הצדדים כדלקמן:**

## 1. המבוא והנספחים

1.1 המבוא לייפוי כוח זה מהווה חלק בלתי נפרד הימנו. כותרות הסעיפים נועדו לנוחות בלבד ולא ישמשו לפרשנותו.

1.2 מונחים שלא הוגדרו בייפוי כוח זה תהא להם המשמעות שניתנה להם בהסדר.

## 2. מתן ייפוי הכוח

2.1 מנהל ההסדר מעניק בזאת לדירקטוריון, או למי שימונה על ידו לעניין זה, ייפוי כוח בלתי חוזר להשתתף ולהצביע בשמו ובמקומו, בהתאם לאופן ההצבעה הקבוע בייפוי כוח זה, בכל מניות מנהל ההסדר מכל סוג שהוא, בכל אסיפה כללית של בעלי מניות החברה - לרבות אסיפה כללית שנתית, אסיפה כללית מיוחדת ואסיפת סוג - וכן בכל אסיפה נדחית שלהן.

2.2 ייפוי כוח זה חל על מניות מנהל ההסדר כפי שתהיינה מעת לעת, לרבות מניות שתוקצינה למנהל ההסדר, בכל שתוקצינה, לאחר מועד חתימת ייפוי כוח זה מכוח הוראות ההסדר.

2.3 מיופה הכוח יהיה רשאי לחתום על כל מסמך ולבצע כל פעולה הנדרשים לשם מימוש זכות ההצבעה האמורה, לרבות חתימה על כתבי הצבעה והחלטות בכתב.

**3. אופן ההצבעה**

3.1 ההצבעה מכוח ייפוי כוח זה תיעשה פרו-ראטה (באופן יחסי) ליתר הקולות באסיפה הרלוונטית.

3.2 לעניין זה, מניות מנהל ההסדר תוצבענה באותו יחס שבו הוצבעו יתר המניות מאותו סוג באותה אסיפה - בעד, נגד או נמנע - כך שההצבעה מכוחן לא תשנה את התוצאה היחסית של ההצבעה באסיפה.

3.3 מיופה הכוח אינו רשאי להצביע במניות מנהל ההסדר באופן אחר מן האמור בסעיף 3 זה, ולא יהיה לו שיקול דעת באשר לאופן ההצבעה.

**4. תוקף ייפוי הכוח ופקיעתו**

4.1 ייפוי כוח זה ייכנס לתוקף במועד הקצאת מניות מנהל ההסדר בהתאם להוראות ההסדר.

4.2 ייפוי כוח זה יפקע במועד מימוש מניות מנהל ההסדר, כולן או חלקן; מומשו מקצת המניות בלבד - יפקע ייפוי הכוח ביחס לחלק שמומש בלבד, ויוסיף לעמוד בתוקפו ביחס ליתרת מניות מנהל ההסדר שטרם מומשו.

4.3 ייפוי כוח זה יפקע אף עם ביטול ההסדר או הפסקת תוקפו, לפי המוקדם.

4.4 ייפוי כוח זה הינו בלתי חוזר, הואיל וזכויות צדדים שלישיים - ובכללם הנושים המותנים - תלויות בו, והוא מהווה חלק בלתי נפרד מן ההסדר.

**5. הגבלות וסייגים**

5.1 ייפוי כוח זה אינו מקנה לדירקטוריון או למיופה הכוח כל זכות אחרת במניות מנהל ההסדר, מלבד זכות ההצבעה כמפורט בסעיפים 2 ו-3 לעיל. מבלי לגרוע מכלליות האמור, אין בייפוי כוח זה כדי להקנות זכות כלשהי בבעלות במניות, בפירותיהן, בזכות לדיבידנד או בתמורה בגינן.

5.2 הדירקטוריון לא יהיה רשאי להעביר, להסב או להמחות את ייפוי הכוח לצד שלישי, אלא בהסכמת מנהל ההסדר מראש ובכתב.

5.3 אין בייפוי כוח זה כדי לגרוע מחובות הנאמנות של מנהל ההסדר כלפי הנושים המותנים, או מסמכויותיו על פי ההסדר ועל פי כל דין.

**6. דין ושיפוט**

6.1 על ייפוי כוח זה יחולו דיני מדינת ישראל, בלא תחולת כללי ברירת הדין שבהם.

6.2 סמכות השיפוט הייחודית והבלעדית בכל עניין הנוגע לייפוי כוח זה תהא נתונה לבית המשפט המחוזי בתל אביב-יפו.

**ולראיה באתי על החתום:**

| | |
|---|---|
| ___________________________<br>**עו"ד גיל אורן**<br>מנהל ההסדר<br>תאריך: [__.__.____] | ___________________________<br>**פאפאייה גיימינג בע"מ**<br>על ידי: [שם] [תפקיד]<br>בשם דירקטוריון החברה – לאישור וקבלה<br>תאריך: [__.__.____] |

**<u>אישור עדים</u>**

הננו מאשרים כי ביום [__.__.____] הופיע בפנינו עו"ד גיל אורן, מנהל ההסדר, וחתם על ייפוי כוח זה מרצונו החופשי, לאחר שהובהרה לו משמעותו.

| | |
|---|---|
| ___________________________<br>עד 1 – שם: [___________]<br>ת.ז.: [___________] | ___________________________<br>עד 2 – שם: [___________]<br>ת.ז.: [___________] |

# APPENDIX 3-B

## Power of Attorney
## (Machine English translation)

# Irrevocable Power of Attorney for Voting on Shares of the Arrangement Administrator

Granted by Attorney Gil Oren, the Arrangement Administrator, in favor of the Board of Directors of Papaya Gaming Ltd. (Corporate No. 515422095)

Drawn up and signed on [__] [__] [____]

---

| | |
|---|---|
| Papaya Gaming Ltd., Corp. No. 515422095 (hereinafter: **"the Company"**) | **The Company** |
| Attorney Gil Oren (hereinafter: **"the Arrangement Administrator"**) | **Arrangement Administrator** |
| The Company's Board of Directors, or any person appointed by it for this purpose (hereinafter: **"the Board"** or **"the Authorized Representative"**) | **Proxy** |
| A debt arrangement pursuant to Part X of the Insolvency and Economic Rehabilitation Law, 5778-2018, pending before the Tel Aviv-Jaffa District Court (hereinafter: **"the Arrangement"**) | **The Arrangement** |

**Whereas** and in accordance with Section 14 of the Arrangement, upon the Arrangement's entry into force, the Company allocated to the Arrangement Administrator shares of the Company, including, but not limited to, Ordinary Shares, and other shares to be allocated to the Arrangement Administrator, if any, after the date of execution of this Power of Attorney pursuant to the provisions thereof (hereinafter: **"Arrangement Administrator Shares"**);

**And whereas** the Arrangement Administrator's Shares are held by the Arrangement Administrator in trust for the benefit of the conditional creditors, as defined in the Arrangement;

**and whereas** and in accordance with the provisions of the Arrangement, the Arrangement Administrator's Shares do not confer voting rights until they are exercised;

**and whereas** and the Plan Administrator seeks to grant the Board of Directors a power of attorney to vote the Plan Administrator's shares in its name and on its behalf, subject to the terms set forth below;

**Accordingly, it is hereby agreed, conditioned, and declared between the parties as follows:**

## 1. Introduction and Appendices

1.1 The introduction to this Power of Attorney constitutes an integral part thereof. The section headings are for convenience only and shall not be used for its interpretation.

1.2 Terms not defined in this Power of Attorney shall have the meanings given to them in the Agreement.

## 2. Granting of the Power of Attorney

2.1 The Arrangement Administrator hereby grants to the Board of Directors, or to any person appointed by it for this purpose, an irrevocable power of attorney to participate and vote on its behalf and in its place, in accordance with the voting procedures set forth in this Power of Attorney, with respect to all shares of the Arrangement Administrator of any class, at any general meeting of the Company's shareholders—including an annual general meeting, special general meetings, and class meetings—as well as at any adjourned meetings thereof.

2.2 This Power of Attorney applies to the Arrangement Administrator's shares as they may exist from time to time, including shares allocated to the Arrangement Administrator, if any, after the date of execution of this Power of Attorney pursuant to the provisions of the Arrangement.

2.3 The Attorney-in-Fact shall be authorized to sign any document and take any action necessary to exercise the aforementioned voting rights, including signing voting ballots and written resolutions.

## 3. Manner of Voting

3.1 Voting under this power of attorney shall be on a pro rata basis relative to the total number of votes at the relevant meeting.

3.2 For this purpose, the shares held by the Arrangement Administrator shall be voted in the same proportion as the other shares of the same class were voted at that meeting—in favor, against, or abstaining—so that the vote cast pursuant to this Power of Attorney does not alter the relative outcome of the vote at the meeting.

3.3 The proxy holder may not vote the Arrangement Administrator's shares in any manner other than as set forth in this Section 3, and shall have no discretion as to how to vote.

## 4. Validity and Termination of the Power of Attorney

4.1 This Power of Attorney shall take effect on the date of allocation of the Arrangement Administrator's shares in accordance with the provisions of the Arrangement.

4.2 This power of attorney shall expire upon the exercise of all or part of the Arrangement Administrator's shares; if only a portion of the shares is exercised, the power of attorney shall expire only with respect to the portion that has been

exercised and shall remain in effect with respect to the remaining shares of the Arrangement Administrator that have not yet been exercised.

4.3 This power of attorney shall also expire upon the cancellation or termination of the arrangement, whichever occurs first.

4.4 This power of attorney is irrevocable, since the rights of third parties—including contingent creditors—depend upon it, and it constitutes an integral part of the Arrangement.

## 5. Restrictions and Limitations

5.1 This Power of Attorney does not confer upon the Board of Directors or the Attorney-in-Fact any other right in the shares of the Arrangement Administrator, other than the right to vote as set forth in Sections 2 and 3 above. Without limiting the generality of the foregoing, this Power of Attorney does not confer any right of ownership in the shares, their proceeds, the right to dividends, or the consideration therefor.

5.2 The Board of Directors shall not be entitled to transfer, assign, or delegate this power of attorney to a third party, except with the prior written consent of the Arrangement Administrator.

5.3 This power of attorney shall not derogate from the Arrangement Administrator's fiduciary duties toward the conditional creditors, or from its powers under the Arrangement and under any law.

## 6. Governing Law and Jurisdiction

6.1 This Power of Attorney shall be governed by the laws of the State of Israel, without regard to its conflict-of-laws rules.

6.2 The Tel Aviv-Jaffa District Court shall have exclusive jurisdiction over any matter relating to this Power of Attorney.

**In witness whereof, I have signed below:**

| | |
|---|---|
| _________________________<br>**Attorney Gil Oren**<br>Arrangement Administrator<br>Date: [__.__.____] | _________________________<br>**Papaya Gaming, Inc.**<br>By: [Name] [Title]<br>On behalf of the Company's Board of Directors – for approval and acceptance<br>Date: [__.__.____] |

**<u>Witnesses' Certification</u>**

We hereby certify that on [__.__.____], Attorney Gil Oren, the Arrangement Administrator, appeared before us and signed this power of attorney of his own free will, after its meaning was explained to him.

| | |
|---|---|
| ____________________________<br>Witness 1 – Name: [___________]<br>ID No.: [___________] | ____________________________<br>Witness 2 – Name: [___________]<br>ID No.: [___________] |