# **Exhibit B**

Skillz Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re:<br><br>PAPAYA GAMING LTD., *et al.*,[1]<br><br>Debtors in a foreign proceeding. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 26-11217 (MFW)<br><br>(Jointly Administered)<br><br>Rel. Docs: 4, 39, 107, 108, 122, 123, 136, 137, 142, 143 |

**DRAFT ORDER**

AND NOW this 23d day of OCTOBER, 2026, upon consideration of the Motion of the Foreign Representative of Papaya Gaming, Ltd. and Papaya Gaming, Inc., for Recognition of their Israeli Proceedings as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding, the Objection thereto filed by Skillz Platform Inc. ("Skillz"), the testimony and exhibits admitted into evidence at the trial held on October 14-16, 2020, and for the reasons stated on the record at the hearing held this date, it is hereby

ORDERED that the proceeding filed in Israel by Papaya Gaming, Ltd., is hereby RECOGNIZED AS A FOREIGN MAIN PROCEEDING pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that the proceeding filed in Israel by Papaya Gaming, Inc., is hereby RECOGNIZED AS A FOREIGN NONMAIN PROCEEDING pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, any bank located in the United

States which holds funds of either Papaya Gaming, Ltd., or Papaya Gaming, Inc. (each, a "U.S. Bank"), shall immediately freeze the transfer of such funds out of those accounts (by wire, ACH, check, or otherwise) but shall continue to accept any deposits into those accounts (by wire, ACH, check, or otherwise); and it is further

ORDERED that, notwithstanding the foregoing, Papaya Gaming, Ltd. and Papaya Gaming, Inc. are authorized to make transfers out of their bank accounts located in the United States (the "U.S. Accounts"); provided that (i) before making any transfer, the Debtors shall have transferred into the U.S. Accounts funds from accounts located outside the United States in an amount no less than the aggregate amount of all transfers to be made; (ii) each transfer is listed on the Transfer Schedule described below or, if a need to issue a new transfer arises after the delivery of the Transfer Schedule, disclosed to counsel for Skillz and the office of the U.S. Trustee in writing more than five (5) business days in advance of making such transfer; and (iii) no Permitted Transfer shall be made, directly or indirectly, to or for the benefit of any insider (as defined in 11 U.S.C. § 101(31)) of either Debtor, any affiliate (as defined in 11 U.S.C. § 101(2)) of either Debtor, or any affiliate of any such insider (such transfers in accordance with the foregoing, "Permitted Transfers"); and it is further

ORDERED that no later than 5:00 p.m. (prevailing Eastern Time) October 27, 2026, before making any Permitted Transfer, and on or before the 20th calendar day of each month thereafter the Debtors shall provide this Court, the Office of the United States Trustee (on a confidential basis), the U.S. Banks, and counsel for Skillz (on a confidential and attorneys' eyes only basis), a schedule (the "Transfer Schedule") setting forth (i) the amount and currency of the proposed transfer; (ii) the U.S. Account from which the transfer will be made; (iii) the name, address, and jurisdiction of the ultimate recipient, and of any intermediary account, bank, or payment processor; (iv) the purpose of the transfer and the category of payment, along with copies of the supporting invoices or other documentation and evidence of the replacement funds transferred into the U.S. Accounts; (vi) the date the Debtors propose to make the transfer; and (vii) a written certification by the Foreign Representative under the penalty of perjury that the transfer is necessary for the Debtors' ordinary-course operations, and that all information in the Transfer Schedule is true and complete; and it is further

ORDERED that U.S. Banks shall be authorized to (i) allow disbursements from the U.S. Accounts (by wire, ACH, check, or otherwise) solely with respect to Permitted Transfers; and it is further

ORDERED that no other disbursement from the U.S. Accounts shall be authorized absent further Order of this Court;; and it is further

ORDERED that no later than 5:00 p.m. (prevailing Eastern Time) on the Friday of each week, the Debtors shall deliver to the Office of the United States Trustee (on a confidential basis) and counsel for Skillz then-current bank account statements for each of the U.S. Accounts together with all transfer data for the period from January 1, 2025 through the date of delivery of such information; provided that such information shall be kept by Skillz on an attorneys' eyes only basis, except for the aggregate combined amount of the balances of all U.S. Accounts on a weekly basis.

ORDERED that counsel of record for the Debtors in this case shall immediately serve a copy of this Order on all banks located in the United States which hold funds of either Papaya Gaming, Ltd., or Papaya Gaming, Inc.; and it is further

ORDERED that Mr. Oriel Bachar and counsel of record for the debtors in this case shall immediately take all other necessary actions to assure that no funds are transferred out of any bank account of either Papaya Gaming, Ltd., or Papaya Gaming, Inc., located in the United States, other than Permitted Transfers made in compliance with this Order; and it is further

ORDERED that this order shall not apply to any bank account of Papaya Gaming Ltd., or Papaya Gaming, Inc., located in Israel; and it is further

ORDERED that Mr. Oriel Bachar and counsel of record shall take all necessary actions to assure that payments from payment servicers doing business with Papaya Gaming, Inc., or Papaya Gaming, Ltd., in the United States continue to be deposited into those bank accounts; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, neither Papaya Gaming, Ltd., nor Papaya Gaming, Inc. (nor any of their representatives) shall make any changes to the Services Agreement dated February 4, 2023; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, Papaya Gaming, Ltd., shall not enter into any other agreements with any other party covering the services performed by Papaya Gaming, Inc., under that Services Agreement; and it is further

ORDERED that the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 39] shall terminate upon entry of this order.

BY THE COURT:

Mary F. Walrath

United States Bankruptcy Judge