**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PAPAYA GAMING LTD., *et al.*, | : | Case No. 26-11217 (MFW) |
| Debtors in a foreign proceeding.[1] | : | **Re: Docket Nos. 4, 107 & 178** |

**CERTIFICATION OF COUNSEL REGARDING COMPETING FORMS OF ORDER IMPLEMENTING THE COURT'S OCTOBER 23, 2026 RULING**

Skillz Platform Inc. ("**Skillz**"), a judgment creditor of the above-captioned Debtors, submits this statement (this "**Statement**") regarding the form of order implementing the Court's October 23, 2026 ruling on the *Verified Petition Under Chapter 15 for Recognition of the Israeli Proceeding as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding* [Docket No. 4]. In support of this Statement, Skillz respectfully states as follows:

## BACKGROUND

1. On October 23, 2026, the Court ruled that, until further order, any bank located in the United States holding funds of Papaya Gaming Ltd. ("**Papaya Ltd.**") or Papaya Gaming Inc. ("**Papaya US**" and, together with Papaya Ltd., the "**Debtors**") "shall immediately freeze the transfer of such funds out of those accounts." Oct. 23, 2026 Hr'g Tr. ("**Tr.**") 16–17. The Court based that relief on, among other things, the Debtors' transfer of more than $70 million out of the United States while the Skillz litigation was pending, without disclosure to the United States District Court for the Southern District of New York. Tr. 14–16.

2. At the status conference that followed, the Debtors asked to keep paying approximately $30 million per cycle from the U.S. accounts. Tr. 24–25. The Court responded:

[1] The Debtors in these Chapter 15 Cases, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649).

"If you can work out how to transfer funds into the US bank accounts, equivalent to what you want to transfer out I would make an exception in my order." Tr. 31–32. The Court then directed the parties to work out language on "how funds to replace any payments that go out can be transferred back into the US account." Tr. 34.

3. The parties met and conferred regarding proposed modifications to the Court's draft order (the "**Draft Order**") but were unable to reach agreement. The Debtors filed their form of order and included Skillz's draft order in their *Certification of Counsel Regarding Recognition Order* [Docket No. 178]. For the convenience of the Court and other interested parties, a blackline reflecting Skillz's proposed modifications to the Draft Order is attached hereto as **Exhibit A** and a blackline reflecting Debtors' proposed modifications to the Draft Order is attached hereto as **Exhibit B**.

4. Skillz's Proposed Order does one thing: it implements the exception the Court described. Money comes in from outside the United States first; only then can money go out, with reporting requirement so the Court and Skillz can confirm compliance. Otherwise, Skillz has tried to stay as close to the Court's draft order as possible and has not presumed to rewrite it beyond what the Court directed. Where the Debtors propose other changes that the Court finds consistent with its intent, Skillz has no objection. But the Debtors' markup goes much further: it removes the freeze and adds relief the Court never ordered.

[*Remainder of page intentionally left blank.*]

Dated: October 26, 2026
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
*/s/ Michael S. Neiburg*
Sean M. Beach (DE Bar No. 4070)
Michael S. Neiburg (DE Bar No. 5275)
Joshua Hall (DE Bar No. 7510)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: sbeach@ycst.com
mneiburg@ycst.com
jhall@ycst.com

-and-

Ray C. Schrock (*pro hac vice*)
Christopher Harris (*pro hac vice*)
Adam J. Goldberg (*pro hac vice*)
Michael Ardeljan (*pro hac vice*)
Tianjiao "T.J." Li (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
christopher.harris@lw.com
adam.goldberg@lw.com
michael.ardeljan@lw.com
tj.li@lw.com

Amy C. Quartarolo (*pro hac vice*)
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 485-1234
Email: amy.quartarolo@lw.com

-and-

Lazar P. Raynal (*pro hac vice*)
Michael A. Lombardo (*pro hac vice*)
**KING & SPALDING LLP**
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312)-995-6333
Email: lraynal@kslaw.com
mlombardo@kslaw.com
***Counsel for Skillz Platform Inc.***

# **EXHIBIT A**

Blackline Reflecting Skillz's Proposed Modifications

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 15 |
| | ) | |
| PAPAYA GAMING LTD., *et al.*,[1] | ) | Case No. 26-11217 (MFW) |
| | ) | |
| Debtors in a foreign proceeding. | ) | (Jointly Administered) |
| | ) | |
| | ) | Rel. Docs: 4, **39,** 107, 108, 122, 123, 136, 137, 142, 143 |
| | ) | |
| | ) | |

**DRAFT ORDER**

AND NOW this 23d day of OCTOBER, 2026, upon consideration of the Motion of the Foreign Representative of Papaya Gaming, Ltd. and Papaya Gaming, Inc., for Recognition of their Israeli Proceedings as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding, the Objection thereto filed by Skillz Platform Inc. ("Skillz"), the testimony and exhibits admitted into evidence at the trial held on October 14-16, 2020, and for the reasons stated on the record at the hearing held this date, it is hereby

ORDERED that the proceeding filed in Israel by Papaya Gaming, Ltd., is hereby RECOGNIZED AS A FOREIGN MAIN PROCEEDING pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that the proceeding filed in Israel by Papaya Gaming, Inc., is hereby RECOGNIZED AS A FOREIGN NONMAIN PROCEEDING pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, any bank located in the United States which holds funds of either Papaya Gaming, Ltd., or Papaya Gaming, Inc. **(each, a "U.S. Bank")**, shall immediately freeze the transfer

of such funds out of those accounts (by wire, ACH, check, or otherwise) but shall continue to accept any deposits into those accounts (by wire, ACH, check, or otherwise); and it is further

**ORDERED that, notwithstanding the foregoing, Papaya Gaming, Ltd. and Papaya Gaming, Inc. are authorized to make transfers out of their bank accounts located in the United States (the "U.S. Accounts"); provided that (i) before making any transfer, the Debtors shall have transferred into the U.S. Accounts funds from accounts located outside the United States in an amount no less than the aggregate amount of all transfers to be made; (ii) each transfer is listed on the Transfer Schedule described below or, if a need to issue a new transfer arises after the delivery of the Transfer Schedule, disclosed to counsel for Skillz and the office of the U.S. Trustee in writing more than five (5) business days in advance of making such transfer; and (iii) no Permitted Transfer shall be made, directly or indirectly, to or for the benefit of any insider (as defined in 11 U.S.C. § 101(31)) of either Debtor, any affiliate (as defined in 11 U.S.C. § 101(2)) of either Debtor, or any affiliate of any such insider (such transfers in accordance with the foregoing, "Permitted Transfers"); and it is further**

**ORDERED that no later than 5:00 p.m. (prevailing Eastern Time) October 27, 2026, before making any Permitted Transfer, and on or before the 20th calendar day of each month thereafter the Debtors shall provide this Court, the Office of the United States Trustee (on a confidential basis), the U.S. Banks, and counsel for Skillz (on a confidential and attorneys' eyes only basis), a**

schedule (the "Transfer Schedule") setting forth (i) the amount and currency of the proposed transfer; (ii) the U.S. Account from which the transfer will be made; (iii) the name, address, and jurisdiction of the ultimate recipient, and of any intermediary account, bank, or payment processor; (iv) the purpose of the transfer and the category of payment, along with copies of the supporting invoices or other documentation and evidence of the replacement funds transferred into the U.S. Accounts; (vi) the date the Debtors propose to make the transfer; and (vii) a written certification by the Foreign Representative under the penalty of perjury that the transfer is necessary for the Debtors' ordinary-course operations, and that all information in the Transfer Schedule is true and complete; and it is further

ORDERED that U.S. Banks shall be authorized to (i) allow disbursements from the U.S. Accounts (by wire, ACH, check, or otherwise) solely with respect to Permitted Transfers; and it is further

ORDERED that no other disbursement from the U.S. Accounts shall be authorized absent further Order of this Court;; and it is further

ORDERED that no later than 5:00 p.m. (prevailing Eastern Time) on the Friday of each week, the Debtors shall deliver to the Office of the United States Trustee (on a confidential basis) and counsel for Skillz then-current bank account statements for each of the U.S. Accounts together with all transfer data for the period from January 1, 2025 through the date of delivery of such information; provided that such information shall be kept by

**Skillz on an attorneys' eyes only basis, except for the aggregate combined amount of the balances of all U.S. Accounts on a weekly basis.**

ORDERED that counsel of record for the Debtors in this case shall immediately serve a copy of this Order on all banks located in the United States which hold funds of either Papaya Gaming, Ltd., or Papaya Gaming, Inc.; and it is further

ORDERED that Mr. Oriel Bachar and counsel of record for the debtors in this case shall immediately take all other necessary actions to assure that no funds are transferred out of any bank account of either Papaya Gaming, Ltd., or Papaya Gaming, Inc., located in the United States**, other than Permitted Transfers made in compliance with this Order**; and it is further

ORDERED that this order shall not apply to any bank account of Papaya Gaming Ltd., or Papaya Gaming, Inc., located in Israel; and it is further

ORDERED that Mr. Oriel Bachar and counsel of record shall take all necessary actions to assure that payments from payment servicers doing business with Papaya Gaming, Inc., or Papaya Gaming, Ltd., in the United States continue to be deposited into those bank accounts; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, neither Papaya Gaming, Ltd., nor Papaya Gaming, Inc. (nor any of their representatives) shall make any changes to the Services Agreement dated February 4, 2023; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further Order of this Court, Papaya Gaming, Ltd., shall not enter into any other agreements with any other party covering the services performed by Papaya Gaming, Inc., under that Services Agreement~~.~~**; and it is further**

**ORDERED that the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 39] shall terminate upon entry of this order.**

BY THE COURT:

Mary F. Walrath

United States Bankruptcy Judge

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.10.1.2 Document comparison done on 10/25/2026 6:02:35 PM** | |
| **Style name:** L&W with Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 26-11217- Papaya 10.23 order(177079485.1).docx | |
| **Modified filename:** Skillz - Proposed Order LW 10.25.2026 Changes-v4.docx | |
| **Changes:** | |
| **Add** | 11 |
| ~~**Delete**~~ | 1 |
| ~~*Move From*~~ | 0 |
| *Move To* | 0 |
| **Table Insert** | 0 |
| ~~**Table Delete**~~ | 0 |
| *Table moves to* | 0 |
| ~~*Table moves from*~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 12 |

**EXHIBIT B**

Blackline Reflecting Debtors' Proposed Modifications

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ~~In Re:~~ | ) | ~~Chapter 15~~ |
| | ) | |
| ~~PAPAYA GAMING LTD., *et al.*,~~[1] | ) | ~~Case No. 26-11217 (MFW)~~ |
| | ) | |
| ~~Debtors in a foreign proceeding.~~ | ) | ~~(Jointly Administered)~~ |
| | ) | |
| | ) | ~~Rel. Docs: 4, 107, 108, 122, 123, 136, 137, 142, 143~~ |
| | ) | |
| | ) | |


| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 15** |
| | ) | |
| **PAPAYA GAMING LTD., *et al.*,**[1] | ) | **Case No. 26-11217 (MFW)** |
| | ) | |
| **Debtors in a foreign proceeding.** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Rel. Docs: 4, 107, 108, 122, 123, 136, 137, 142, 143** |
| | ) | |
| | ) | |


~~DRAFT~~ ORDER

AND NOW this ~~23d~~**26th** day of OCTOBER, 2026, upon consideration of the Motion of the Foreign Representative of Papaya Gaming~~,~~ Ltd. and Papaya Gaming~~,~~ Inc.~~,~~ **(the "Debtors")** for Recognition of their Israeli Proceedings as a Foreign Main Proceeding or, Alternatively, a Foreign Nonmain Proceeding~~,~~ **(the "Motion"),**[2] the Objection thereto filed by Skillz Platform Inc. ("Skillz"), the testimony and exhibits admitted into evidence at the trial held on October 14-16, ~~2020~~**2026**, and for the reasons stated on the record at the hearing held this date, it is hereby

ORDERED that the proceeding filed in Israel by Papaya Gaming~~,~~ Ltd.~~,~~ is hereby RECOGNIZED AS A FOREIGN MAIN PROCEEDING

pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that the proceeding filed in Israel by Papaya ~~Gaming,~~

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Gaming** Inc.~~,~~ is hereby RECOGNIZED AS A FOREIGN NONMAIN PROCEEDING

pursuant to 11 U.S.C. § 1517; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until ~~further Order of this Court~~**such time as this Court enters an order on any motion seeking recognition and enforcement of a debt arrangement approved in the proceeding filed in Israel by the Debtors**, any bank located in the United States which holds funds of either Papaya Gaming~~,~~ Ltd.~~,~~ or Papaya Gaming~~,~~ Inc.~~,~~ ~~shall immediately freeze the transfer of such funds out of those accounts~~ **(each, a "U.S. Bank" and the accounts in which such funds are held the "U.S. Accounts") shall be authorized and directed to: (i) allow disbursements from the U.S. Accounts** (by wire, ACH, check, or otherwise) ~~but shall~~ **solely with respect to (x) the categories of payments listed in Appendix A attached hereto and incorporated by reference herein and (y) in an aggregate amount, measured each calendar month, not to exceed 115% of the aggregate amounts specified therein for all payments during such calendar month (such disbursements, the "Ordinary Course Payments"), (ii) allow transfers from any U.S. Account to any other U.S. Account in the ordinary course of the Debtors' business, (iii) debit the U.S. Accounts for all undisputed bank and service fees, and (iv) maintain any existing reserve or collateral arrangements with the Debtors subject to any U.S. Bank's rights to change such reserve or collateral arrangements from time to time in accordance with the terms and conditions of the documents and agreements governing such banking arrangements with the Debtors; and it is further**

ORDERED that no other disbursement from the U.S. Accounts shall be authorized absent further order of this Court; provided further that any U.S. Bank that relies in good faith on this Order and instructions provided by the Debtors or their representatives in permitting any disbursement shall not be liable to any party for such action; and it is further

ORDERED that any U.S. Bank is authorized to continue to accept ~~any~~all incoming deposits into ~~those accounts~~the U.S. Accounts (by wire, ACH, check, or otherwise); and it is further

ORDERED that any U.S. Bank is authorized to rely on the representations of the Debtors without further inquiry as to which disbursements are authorized pursuant to this Order; and it is further

ORDERED that no U.S. Bank shall be deemed in violation of this Order, and no U.S. Bank shall have liability for relying on such representations by the Debtors, without any duty of further inquiry, or permitting any disbursement that is subject to this Order either (a) at the direction of the Debtors, (b) in the good faith belief that this Court has authorized such disbursement, or (c) as a result of an innocent mistake made despite implementation of reasonable item-handling procedures; and it is further

ORDERED that any existing agreements between or among the Debtors, a U.S. Bank, and other parties shall continue to govern the cash management system (including the merchant services and

deposit relationship) among the Debtors and such U.S. Bank, and all of the provisions of such agreements, including, without limitation, the termination, reserve provisions, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a U.S. Bank for legal fees or expenses incurred by such U.S. Bank on account of this proceeding) shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and each U.S. Bank may, subject to the terms of this Order, without further order of this Court, agree to and implement changes to the Debtors' cash management system and cash management procedures in the ordinary course of business, consistent with historical practices; and it is further

ORDERED that, within 5 business days following the end of each calendar week in which Ordinary Course Payments are made, the Debtors shall initiate a transfer from any one or more of their Israeli bank accounts into the applicable U.S. Accounts in an amount equal to the aggregate amount of such Ordinary Course Payments made during such preceding calendar week; and it is further

ORDERED that counsel of record for the Debtors in this case shall immediately serve a copy of this Order on all banks located in the United States which hold funds of either Papaya Gaming~~,~~ Ltd.~~,~~ or Papaya Gaming~~,~~ Inc.; and it is further

ORDERED that ~~Mr. Oriel Bachar~~the Foreign Representative and counsel of record

for the ~~debtors~~**Debtors** in this case shall immediately take all other necessary actions to assure that no funds are transferred out of any ~~bank account of either Papaya Gaming, Ltd., or Papaya Gaming, Inc., located in the United States~~**U.S. Account, except as set forth in this Order**; and it is further

ORDERED that this ~~order~~**Order** shall not apply to any bank account of Papaya Gaming Ltd.~~,~~ or Papaya Gaming~~,~~ Inc.~~,~~ located in **jurisdictions outside of the United States, including** Israel; and it is further

ORDERED that ~~Mr. Oriel Bachar~~**the Foreign Representative** and counsel of record shall take all necessary actions to assure that payments from payment servicers doing business with ~~Papaya Gaming, Inc., or Papaya Gaming, Ltd.,~~**the Debtors** in the United States continue to be deposited into ~~those bank accounts; and it is further~~**one or more of the**

**U.S. Accounts; and it is further**

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further ~~Order~~**order** of this Court, neither ~~Papaya Gaming, Ltd., nor Papaya Gaming, Inc.~~**of the Debtors** (nor any of their representatives) shall make any changes to the Services Agreement dated February 4, 2023; and it is further

ORDERED that pursuant to 11 U.S.C. §§ 1521 & 1522, until further ~~Order~~**order** of this Court, Papaya Gaming~~,~~ Ltd.~~,~~ shall not enter into any other agreements with any other party covering the services performed by Papaya Gaming~~,~~ Inc.~~,~~ under that Services Agreement~~.~~**; and it is further**

**ORDERED that, except as otherwise provided in this Order, all relief afforded to a foreign main proceeding pursuant to**

section 1520 of the Bankruptcy Code is granted to Papaya Gaming

Ltd. and the Foreign Representative, as applicable, including that sections 361 and 362 of the Bankruptcy Code shall apply with respect to the Papaya Gaming Ltd. and the property of the Papaya Gaming Ltd. that is within the territorial jurisdiction of the United States; and it is further

ORDERED that all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his authorized representatives and/or agents, are hereby enjoined pursuant to 1521(a), from, among other things:

1. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors, or any of their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors, or any of their assets or proceeds thereof;
2. the enforcement, against the Debtors, or any of their property, of any judgment obtained before the commencement of these Chapter 15 Cases;
3. any act to obtain possession of, exercise control over, or create, perfect, or enforce any lien against, any property of the Debtors;
4. any act to collect, assess, or recover a claim against the

Debtors, or any of their property that arose before the commencement of these Chapter 15 Cases;

5. the transfer, relinquishment, or disposal of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code); and

6. terminating or modifying an executory contract or unexpired lease at any time after the commencement of the Israeli Proceeding solely because a provision in such contract or lease is conditioned upon the commencement of the Israeli Proceeding or a case under the Bankruptcy Code, except as permitted under section 365(e)(2);

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; provided further that nothing herein shall: (i) prevent any entity from filing any claims against the Debtors in the Israeli Proceeding, (ii) prevent any entity from seeking relief from the Israeli Court in the Israeli Proceeding or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in this Order, (iii) affect or modify the rights of Papaya Customers to engage in any activities on the Papaya Platform, including to fund, use and withdraw cash from their accounts on the Papaya Platform, or (iv) affect or modify the rights of any entity in its capacity as an "Excluded Creditor" (as such term is defined in the Debt Arrangement); and it is further

**ORDERED that section 365(e) of the Bankruptcy Code shall hereby apply with respect to these Chapter 15 Cases and the Debtors' executory contracts and unexpired leases.**

BY THE COURT:

Mary F. Walrath

United States Bankruptcy Judge

| **Summary report: Litera Compare for Word 11.10.1.2 Document comparison done on 10/26/2026 8:36:56 AM** | |
|---|---|
| **Style name:** L&W with Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 26-11217- Papaya 10.23 order(177079485.1).docx | |
| **Modified filename:** Certification of Counsel Regarding Recognition Order - Exhibit A (Unredacted Papaya Order).docx | |
| **Changes:** | |
| **Add** | 80 |
| ~~**Delete**~~ | 43 |
| ~~*Move From*~~ | 0 |
| *Move To* | 0 |
| **Table Insert** | 0 |
| ~~**Table Delete**~~ | 1 |
| *Table moves to* | 0 |
| ~~*Table moves from*~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 124 |